# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| RALPH LYNN FERGUSON, JR. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:16-CV-272 |
| | § | |
| ERIC MARCINE DUNN, et al. | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING
### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The court referred this case by order to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management pursuant to General Order 05-07. The court has received and considered Judge Hawthorn's report and recommendation (Doc. No. 61), which recommends granting Defendant Eric Marcine Dunn and Steve Holloway's (the "DPS Defendants") "Motion to Dismiss" (Doc. No. 34) in part. The court has received the objections of both the DPS Defendants (Doc. No. 62) and Plaintiff Ralph Lynn Ferguson (Doc. No. 71). A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). After taking a *de novo* review of Judge Hawthorn's report, the court concludes that both objections are without merit. As a result, the court adopts the report and recommendation of Judge Hawthorn.

   I.   Ferguson's Objections

Because Ferguson is proceeding *pro se*, his pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. U.S.*, 312 F.3d 191, 194-95 (5th Cir. 2002). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*

*v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Notwithstanding the lesser pleading standards afforded to *pro se* parties, Ferguson's objections to the recommendation dismissing his claims against Holloway are difficult to decipher, as they fail to specifically identify the magistrate judge's findings to which he objects.

Liberally construing his objections, Ferguson appears to suggest that recordings of the conversation between Dunn and Holloway during Ferguson's detention exist, and those recordings demonstrate Holloway's personal involvement in the alleged deprivation of Ferguson's constitutional rights. Doc. No. 71, at 2. The mere assertion that such recordings exist, absent more, is insufficient to establish supervisory liability on behalf of Holloway for Dunn's actions. *See Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2010).

Ferguson next objects to Judge Hawthorn's recommendation dismissing Ferguson's state law claims. Ferguson argues that because he was "not engaged in the regulate-able [sic] activity of transportation," then the DPS Defendants "were quite simply not within the general scope of their employment" during Ferguson's detention and arrest. Doc. No. 71, at 4. Judge Hawthorn's report explained that Ferguson's state law claims are barred by § 101.106(f) of the Texas Civil Practice and Remedies Code, provided that the employees being sued were acting within the scope of their employment. *See* Doc. No. 60, at 12; *see also* TEX. CIV. PRAC. & REM. CODE § 101.106(f). DPS officers, such as Holloway and Dunn, are responsible for enforcing the provisions of the Texas Transportation Code, including Title 7, which covers all operators of motor vehicles, such as Ferguson at the time he was stopped and subsequently detained by Dunn. *See* TEX. TRANSP. CODE § 541.001(1). Accordingly, Ferguson's objections are without merit and the court concludes that Ferguson's state law claims against Dunn and Holloway should be dismissed.

Consistent with Judge Hawthorn's recommendation, however, Ferguson is permitted fourteen days from the date of receipt of this order to amend his complaint with respect to his federal law claims against Holloway to illustrate how Holloway's conduct constitutes a violation under § 1983. *See Prejean*, 543 F.3d at 274; *see also* FED. R. CIV. P. 15(a)(2).

II. <u>The DPS Defendants' Objections</u>

The DPS Defendants first argue that Judge Hawthorn's report erred by not subjecting Ferguson's pleadings to a heightened pleading standard. Doc. No. 62, at 2. Specifically, the DPS Defendants argue that because they asserted that both Dunn and Holloway are shielded from suit by qualified immunity, "the assertion of qualified immunity heightens the general pleading standard of Federal Rule of Civil Procedure 8(a)." *Id*. (citing *Schultea v. Wood*, 47 F.3d 1427, 1432-34 (5th Cir. 1995)). This is simply a mischaracterization of Fifth Circuit precedent regarding pleading standards in which a defendant asserts qualified immunity. *Schultea* states, in full, that "[w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court *may*, on the official's motion or on its own, require the plaintiff to reply to that defense in detail." 47 F.3d at 1433 (emphasis added). Contrary to the DPS Defendants' erroneous contention, this heightened pleading standard is wholly discretionary by the district court, and not a requirement in qualified immunity cases. *See* Doc. No. 34, at 6; Doc. No. 62, at 2; *contra Schultea*, 47 F.3d at 1433-34 ("the court may, *in its discretion*, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity.") (emphasis added).

The Fifth Circuit, in circumstances analogous to those present here, has recently re-emphasized that the mere assertion of a qualified immunity defense does not subject a complaint to a heightened pleading standard:

> Valdez suggests that Anderson's claim is subject to a heightened pleading standard because Valdez's Rule 12(b)(6) motion to dismiss asserts a defense of qualified

3

> immunity. But, as Anderson correctly notes, Valdez misconstrues this court's precedent in *Schultea v. Wood*. We explained in *Schultea* that when, as here, a qualified immunity defense is asserted in an answer or motion to dismiss, 'the district court must'—as always—do no more than determine whether the plaintiff has 'filed a short and plain statement of his complaint, a statement that rests on more than conclusions alone.' In so doing, we expressly required the district court to apply 'Rule 8(a)(2)'s 'short and plain' standard' to the complaint. After applying this general pleading standard to the complaint, 'the court may then, in its discretion, insist that a plaintiff file a reply tailored to the defendant's answer or motion to dismiss pleading the defense of qualified immunity.' Even if the district court does so insist, *Schultea* requires it to apply the Rule 8(e)(1)'s standard to the reply, emphasizing that it is 'the only ... Rule that governs the content of ... replies.' *Schultea* further clarifies that the heightened pleading standard derived from Rule 9 does not apply to the complaint or to any reply merely because an answer or motion to dismiss asserts a defense of qualified immunity.

*Anderson v. Valdez*, 845 F.3d 580, 589-90 (5th Cir. 2016) (quoting *Schultea*, 47 F.3d at 1433-34). Affording Ferguson the lenience afforded all *pro se* parties, the court finds that Ferguson's complaint states his claims against Dunn with sufficient particularity, his allegations contain supporting facts and legal authority, and satisfies the Rule 8(a)(2) pleading standard.

In their second objection, the DPS Defendants argue that Judge Hawthorn's report improperly failed to consider the DPS Defendants' assertion of qualified immunity. Doc. No. 62, at 1-2. Under the doctrine of qualified immunity, government officials are immune from suit as long as their conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson*, 555 U.S. at 231. Although qualified immunity is "nominally an affirmative defense, the plaintiff has the burden to negate the defense *once properly raised*." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (emphasis added). The DPS Defendants do not illustrate in their motion to dismiss, however, *how* Dunn enjoys the defense of qualified immunity, choosing instead to spend two pages broadly reciting the law of qualified immunity without applying it to the facts of the present case in any substantive or persuasive manner. Doc. No. 62, at 4-5.

Next, the DPS Defendants argue that "independent probable cause existed to arrest" Ferguson for failing to show his driver's license when requested by Dunn. *Id*. at 5. After reviewing Ferguson's operative complaint, Judge Hawthorn held that Ferguson at no point conceded that he failed to produce his driver's license when requested by Dunn. Doc. No. 61, at 11. Despite this holding, the DPS Defendants' objections allege that during Ferguson's detention and arrest, Dunn demanded Ferguson produce his driver's license, and that Ferguson "admits that [sic] ignored Dunn's demand." *Id*. at 6. In support of their latter allegation, the DPS Defendants cite the following paragraph of Ferguson's operative complaint: "Dunn ask [sic] if he could see [Ferguson's] 'Driver's License.' [Ferguson] advised Dunn that [Ferguson] was not engaged in the regulatable activity of Transportation or Commerce." Doc. No. 23, at 10-11.[1] Setting aside the question of Ferguson's latter statement, this paragraph is utterly devoid of an "admission" that Ferguson "ignored Dunn's demand" to produce his driver's license. It is indeed possible that Ferguson refused to produce his license, but Ferguson makes no such concession in his operative complaint, which is all the court may consider at the 12(b)(6) stage. Contrary to the DPS Defendants' objection, Judge Hawthorn's report does not "parse Ferguson's pleadings to the point of absurdity." Doc. No. 62, at 6. Rather, Judge Hawthorn merely evaluated the facts contained in Ferguson's complaint without adding assumptions of his own. The court advises the DPS Defendants to do the same.

---

[1] In their objections, the DPS Defendants also rely on facts and allegations contained in Ferguson's original complaint in support of their argument that Ferguson refused to comply with Dunn's demand that he produce his driver's license. *See* Doc. No. 62, at 6 (citing Doc. No. 1, at 10-11, 13). When considering a Rule 12(b)(6) motion to dismiss with respect to the plaintiff's allegations, the court may not look outside the facts and allegations contained within the operative complaint. *See Wilson v. Birnberg*, 667 F.3d 591, 594 (5th Cir. 2012). Accordingly, the court may not consider the DPS Defendants' argument that Ferguson's "*original complaint* similarly makes clear that Dunn demanded [Ferguson's] driver's license, and that [Ferguson] refused to identify himself in any way," as such concessions, even if they are to be considered true, are outside the scope of what may be considered in a Rule 12(b)(6) motion to dismiss. Doc. No. 62, at 6 (emphasis added).

5

Finally, the DPS Defendants contend that Dunn is separately shielded from liability under the independent intermediary doctrine, and argue that Judge Hawthorn's report is "flatly wrong about the requirements of the independent intermediary doctrine," because the doctrine "does not broadly require 'all' (of) the facts 'surrounding' a plaintiff's arrest." Doc. No. 62, at 3-4. Rather, according to the DPS Defendants, the independent intermediary doctrine merely "requires the 'relevant' facts 'supporting' the arrest." *Id*. at 4 (citing *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010)). Here, again, the DPS Defendants misstate controlling law. *Cuadra* reads, in full, that:

> [I]f facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party. However, the chain of causation remains intact if it can be shown that the deliberations of that intermediary were *in some way* tainted by the actions of the defendant. The chain of causation is broken *only where all the facts are presented* to the grand jury, or other independent intermediary where the malicious motive of the law enforcement officials does not lead them to withhold any relevant information from the independent intermediary.

*Cuadra*, 626 F.3d at 813 (internal citations omitted) (emphasis added).

In their objections, the DPS Defendants argue that Dunn's recitation of facts in his probable cause affidavit is extremely thorough and in no way conflicts with Ferguson's own recitation of facts in support of his claims. Doc. No. 62, at 4. To this end, the DPS Defendants argue that this disclosure to Judge Smith, who issued the warrant for Ferguson's arrest, broke the chain of causation of any of Dunn's allegedly unlawful conduct under the independent intermediary doctrine. *Id*. at 5.

As previously stated, in reviewing a motion to dismiss, with few exceptions, the court is restricted to reviewing the plaintiff's operative complaint. Dunn's probable cause affidavit is not attached to Ferguson's operative complaint, and thus, cannot be considered in the motion to

dismiss determination. In any event, according to the operative complaint, Ferguson advised Judge Smith that his alleged failure to identify himself was not an "arrestable charge." Doc. No. 23, at 15. *See* TEX. PEN. CODE § 38.02(a). In their motion to dismiss, the DPS Defendants agree that Ferguson was not lawfully subject to arrest for this offense. Doc. No. 34, at 9. Yet, when Ferguson informed Judge Smith that he should not be arrested for failure to identify, Judge Smith "replied (that) she was going to take [Officer Dunn's] opinion on that." Doc. No. 23, at 15. Thus, according to the facts alleged in Ferguson's operative complaint, Judge Smith's decision was in some way tainted by Dunn's actions. *See Cuadra*, 626 F.3d at 813.

After completing its *de novo* review of Judge Hawthorn's report and the objections, both the DPS Defendants and Ferguson's objections are overruled and the report and recommendation of the magistrate judge is **ADOPTED**. Ferguson shall be allowed fourteen (14) days from the receipt of this order to amend his complaint to include facts or allegations demonstrating Holloway's violations under § 1983. Ferguson's § 1983 claims against Dunn are allowed to proceed. Ferguson's state law claims against both Holloway and Dunn, however, are **DISMISSED WITH PREJUDICE**. Finally, as a result of the court adopting Judge Hawthorn's report and recommendation, the DPS Defendants' "Motion to Vacate the Court's Order Governing Proceedings and Motion to Stay Discovery" (Doc. No. 65) is **DENIED AS MOOT**.

So **ORDERED** and **SIGNED** this **23** day of **June, 2017.**

_____
Ron Clark, United States District Judge