IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| RALPH LYNN FERGUSON, JR. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:16-CV-272 |
| | § | |
| ERIC MARCINE DUNN, et al. | § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING
<u>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>**

The court referred this case by order to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management pursuant to General Order 05-07. The court has received and considered Judge Hawthorn's report and recommendation (Doc. No. 60), which recommends granting Defendants Josh Beckman, Robert Hilton, Gwen Kelley, Judge Craig Mixson, Ashley Morrow, Linda Pitts, Courtney Ponthier, Judge Connie Smith, Brandon Thurman and Charles Willis' (collectively, the "County Defendants") second motion to dismiss (Doc. No. 25). The court has also received the objections of Plaintiff Ralph Lynn Ferguson (Doc. No. 72). A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). After undertaking a *de novo* review of Judge Hawthorn's report, the court concludes that Ferguson's objections are without merit. As a result, the court adopts the report and recommendation of Judge Hawthorn.

Because Ferguson is proceeding *pro se*, his pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. U.S.*, 312 F.3d 191, 194-95 (5th Cir. 2002). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*

*v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Notwithstanding the lesser pleading standards afforded to *pro se* parties, Ferguson's objections to Judge Hawthorn's report and recommendation are both difficult to decipher and largely conclusory. The court will address several of Ferguson's more fully articulated objections below.

### I. Judges Smith and Mixson

Liberally construing his objections, Ferguson appears to argue that Judge Smith had "ulterior motive(s)" for issuing Ferguson's arrest warrant. Doc. No. 72, at 3. Ferguson alludes to financial gain as Judge Smith's motive for issuing the warrant for Ferguson's arrest, stating that Judge Smith's motives were displayed "when she informed [Ferguson] when and where to pay her court's fine money for the charge against him . . . though [Ferguson] did not plead guilty or ask for the information." *Id*. Judges are entitled to immunity for their actions even where the judge is alleged to have acted maliciously, corruptly, or in bad faith. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Ferguson's other arguments focus on the propriety of Judges Smith and Mixson's actions as a Justice of the Peace and State District Court judge, respectively. Doc. No. 72, at 4-6. However, both judges' actions were a result of, and in connection with, their regular judicial functions. Thus, as recommended in Judge Hawthorn's report, both Judge Smith and Judge Mixson enjoy judicial immunity from suit.

### II. Ponthier and Hilton

Ferguson also argues that Ponthier and Hilton acted with "malice" in pursuing charges against Ferguson when "they knew no probable cause exist(ed)." Doc. No. 72, at 7. Ferguson also alleges that Ponthier and Hilton "refused to disclose (DPS Officer) Dunn's cruzer [sic] recording of the arrest[,] which was mitigating evidence they held in the case file even though

2

[Ferguson] specifically made this request for same in writing." *Id*. As explained in Judge Hawthorn's report, prosecutors such as Ponthier and Hilton are completely immune for the initiation and subsequent investigation involved in a criminal prosecution. *See Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016) (internal citations omitted). Ferguson does not explain why his allegations, even if they are to be believed, are sufficient to overcome the generous grant of immunity afforded prosecutors during the course of their investigations. Accordingly, the court concludes that Ferguson's objections are without merit.

Thus, after completing a *de novo* review of Judge Hawthorn's report and Ferguson's objections, the objections are overruled and the report and recommendation of the magistrate judge is **ADOPTED**. Ferguson shall be allowed fourteen (14) days from the receipt of this order to amend his complaint to address the deficiencies described in Judge Hawthorn's report regarding Ferguson's federal law claims against Beckman, Kelley, Morrow, Pitts, Thurman and Willis. Because Ferguson has pled his best case against Ponthier, Hilton, Judge Mixson and Judge Smith, Ferguson's federal law claims against those defendants are **DISMISSED WITH PREJUDICE**.

So **ORDERED** and **SIGNED** this **17** day of **July, 2017.**

_____
Ron Clark, United States District Judge