IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| RALPH LYNN FERGUSON, JR. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:16-CV-272 |
| | § | |
| ERIC MARCINE DUNN, et al. | § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING**
**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The court referred this case by order to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management pursuant to General Order 05-07. The court has received and considered Judge Hawthorn's report and recommendation (Doc. No. 63), which recommends granting *pro se* Defendants Parvin Butler, Angie Brown, and Pete Patrick's (the "Patrick Auto Defendants") second motions to dismiss. Doc. Nos. 47, 48, 49. The court has received the objections of Plaintiff Ralph Lynn Ferguson (Doc. No. 70). A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). After undertaking a *de novo* review of Judge Hawthorn's report, the court concludes that Ferguson's objections are without merit. As a result, the court adopts the report and recommendation of Judge Hawthorn.

Because both Ferguson and the Patrick Auto Defendants are proceeding *pro se*, their pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. U.S.*, 312 F.3d 191, 194-95 (5th Cir. 2002). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.

1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

Liberally construing Ferguson's objections, Ferguson appears to argue that because the Patrick Auto Defendants operate their business at least in part by towing cars involved in traffic stops, this "financial gain" constitutes "significant aid from" state officials sufficient to deem the Patrick Auto Defendants state actors. Doc. No. 70, at 2 (citing *Nguyen v. Ridling*, 4:11-CV-151, 2012 WL 3763793, at *4 (E.D. Tex. Aug. 29, 2012) (Bush, M.J.), *report and recommendation adopted*, 4:11-CV-151, 2012 WL 4322151 (E.D. Tex. Sept. 20, 2012) (internal quotations omitted)). In *Nguyen*, the court found the plaintiff's allegations did not simply allege the defendants were engaged to perform a state contract. Rather, the plaintiff alleged facts to "show 'a sufficiently close nexus between the State and *the challenged action* of the regulated entity.'" *Nguyen*, 2012 WL 3763793, at *5 (quoting *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550 (5th Cir.2005)) (emphasis in original).

Here, the Patrick Auto Defendants are merely a private auto towing business who occasionally receive referrals from state law enforcement officers. *See Nguyen*, 2012 WL 3763793, at *4-5. As explained by Judge Hawthorn in his report, a private contractor's mere engagement in performing public contracts, absent more, is insufficient to deem the contractor a state actor. *See* Doc. No. 63, at 7-8 (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982)). Ferguson's objections do not dispute this point, and even concedes that "towing cars and vehicles for the state at the state's behest is such a lucrative position to have . . . that the state offers this position on a rotation bases [sic] to appear unbiased." Doc. No. 70, at 3. Moreover, further distinguishing the present circumstances from those in *Nguyen*, the Patrick Auto Defendants were

not "charged by the State of Texas" to arrest and detain individuals suspected of traffic infractions. *See Nguyen*, 2012 WL 3763793, at *5.

Thus, by Ferguson's own admission, towing companies such as Patrick Auto Supply do not even receive consistent state engagement of their business. Because Ferguson has failed to demonstrate a sufficiently intertwined nature between the Patrick Auto Defendants and the state, he has failed to demonstrate that the Patrick Auto Defendants were acting under color of state law. As private actors, they are immune from suit under § 1983. *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004).

After completing a *de novo* review of Judge Hawthorn's report and Ferguson's objections, the objections are overruled and the report and recommendation of the magistrate judge is **ADOPTED**. Ferguson shall be allowed fourteen (14) days from the receipt of this order to amend his complaint to include facts or allegations demonstrating the Patrick Auto Defendants' violations under § 1983.

So **ORDERED** and **SIGNED** this **17** day of **July, 2017.**

_____
Ron Clark, United States District Judge