FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 1 0 2017

BY
DEPUTY_____

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  1:16cv272 |
| | § | |
| ERIC MARCINE DUNN, | § | JURY REQUESTED |
| CHARLES WILLIS, | § | |
| JOSH BECKMAN, | § | |
| BRANDON THURMAN, | § | |
| TIMOTHY WAYNE CORKERN, | § | |
| STEVE HOLLOWAY, | § | |
| PARVIN BUTLER, | § | |
| ANGIE BROWN, | § | |
| PETE PATRICK, | § | |
| GWEN KELLY, | § | |
| CONNIE SMITH, | § | |
| LINDA PITTS, | § | |
| ASHLEY MORROW, | § | |
| ROBERT SHANE HILTON, | § | |
| COURTNEY TRACY PONTHIER, | § | |
| CRAIG M. MIXSON and | § | |
| J. KEITH STANLEY. | § | |

## PLAINTIFF'S FIFTH AMENDED COMPLAINT

COMES NOW, Ralph Lynn Ferguson, Jr., Pro se, with his Fifth Amended Complaint, relating

back, complaining of Eric Marcie Dunn, individually, Charles Willis, individually, Josh Beckman,

individually, Brandon Thurman individually, Timothy Wayne Corkern, individually, Steve Holloway,

individually, Parvin Butler, individually and doing business as Patrick Auto Supply, Angie Brown

individually and doing business as Patrick Auto Supply, Pete Patrick, individually and doing business

as Patrick Auto Supply, Gwen Kelly, individually, Connie Smith, individually, Linda Pitts, individually,

Ashley Morrow, individually, Robert Shane Hilton, individually, Courtney Tracy Ponthier, individually,

Craig Mixson, individually, and J. Keith Stanley individually as well as professionally and for cause of

action would respectfully show the Court:

## TABLE OF CONTENTS

Table of Contents ............................................................................................2

Statutes of Authorities ................................................................................. 2

Exhibit List ................................................................................................. 3

Index of Constitutional Violations ...............................................................4

Index of State Statute Violations ................................................................4

Nature of Case .............................................................................................5

Jurisdiction ................................................................................................5

Venue .........................................................................................................5

Parties ........................................................................................................5

Factual Background .....................................................................................8

Federal Claims ...........................................................................................15

State Claims ..............................................................................................23

Compensation .......................................................................................... 36

Constitutional Challenge ...........................................................................36

Demand for Jury trial ............................................................................... 37

## STATUTES AND AUTHORITIES

Administrative Code Title 37 Part 1 Chapter 1 Subchapter A Rule §1.2 ......................... 8 and 9

Texas Penal Code Section 38.02 ...................................................................... 16

Transportation Code Section 545.3051 ...............................................................21

Edmondson v. Leesville Concrete Company 500 U.S. 614, 624 (1991) ...................................21

Occupations Code Title 14 Ch. 2308 Subch. C. Sec. 2308.103 ...............................................21

Texas Code of Criminal Procedure Article 15.17 ......................................................22

Texas Penal Code 38.04(b)(1)(B) ...................................................................23

Texas Penal Code Section 37.10(a)(1), (3) and (5) .........................................25, 26, 27 and 28

## EXHIBIT LIST

Plaintiff's exhibits attached to Plaintiff's Second Amended Complaint are incorporated herein by reference.

Plaintiff's Exhibit 5, Dunn's Criminal Complaint of Plaintiff dated August 5, 2014.

Plaintiff's Exhibit 6, "Trp Dunn Newton County, Ferguson, Ralph L. Jr., 8-5-14, Disc 1 of 2 and Disc 2 of 2" image copy of disc and copy of videos on enclosed USB.

Plaintiff's Exhibit 7, Six pictures; Willis, Beckman, Thurman and Corkern during arrest of Plaintiff.

Plaintiff's Exhibit 8, SWORN VOLUNTARY STATEMENT CHARLES WILLIS.

Plaintiff's Exhibit 9, SUPPLEMENTAL NARRATIVE JOSH BECKMAN.

Plaintiff's Exhibit 10, SUPPLEMENTAL NARRATIVE BRANDON THURMAN.

Plaintiff's Exhibit 11, SUPPLEMENTAL REPORT TIM CORKERN.

Plaintiff's Exhibit 13, All Purpose Bond signed under threat duress and coercion.

Plaintiff's Exhibit 14, RECEIPTS FROM TOWING CO.

Plaintiff's Exhibit 15, JAIL VIDEO NCSO PIR RESPONSE.

Plaintiff's Exhibit 16, Order of District Judge Mixson appointing Stanley as Counsel.

Plaintiff's Exhibit 17, Stanley's April 1, 2015, Telephone call to Ralph Ferguson.

Plaintiff's Exhibit 18, Transcript of Stanley's Motion to Withdraw hearing.

Plaintiff's Exhibit 19, NEWTON DISMISSAL OF CHARGES AGAINST PLAINTIFF.

The following exhibits attached to Plaintiff's Third Amended Complaint are incorporated herein by reference.

Plaintiff's Exhibit 22,   Affidavit of Ralph Lynn Ferguson, Jr.

Plaintiff's Exhibit 25,   Objection to Motion to Withdraw as Counsel.

Plaintiff's Exhibit 26,   Order Granting Stanley Withdrawal as Counsel in Plaintiff's case.

Plaintiff's Exhibit 27,   Magistrates Warning set bail at $10,000.00.

Plaintiff's Exhibit 28,   Plaintiff's Answer to Criminal Complaint.

Plaintiff's Exhibit 29,   Notice of Trial Setting.

Plaintiff's Exhibit 30,   Judge Connie Smith's Case Activity Notes.

## INDEX OF CONSTITUTIONAL VIOLATIONS

EXCESSIVE FORCE  ……………………………………………………… 15

UNLAWFUL ARREST  …………………………………………………… 16

UNLAWFUL SEARCH  …………………………………………………… 20

UNLAWFUL SEIZURE  …………………………………………………… 20

DUE PROCESS  …………………………………………………………22

EXCESSIVE BAIL  …………………………………………………………… 23

## INDEX OF STATE STATUTE VIOLATIONS

ASSAULT AND BATTERY …………………………………………………… 23

NEGLIGENCE PER SE THEFT …………………………………………… 24

FRAUD …………………………………………………………………… 24

NEGLIGENCE/FALSIFYING GOVERNMENT DOCUMENT ……………………… 25

GROSS NEGLIGENCE/FALSIFYING GOVERNMENT DOCUMENT ……………… 26

GROSS NEGLIGENCE/CONCEALING GOVERNMENT DOCUMENT ……………… 27

GROSS NEGLIGENCE ……………………………………………………… 28

CIVIL CONSPIRACY …………………………………………………… 29

MALICIOUS PROSECUTION …………………………………………… 30

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ……………………… 33

## I.  NATURE OF THE CAUSE

1.      This is a civil action under 42 U.S.C. §§ 1983 and the Fourth, Eighth and Fourteenth

Amendments to the United States Constitution, seeking damages against Defendants for committing

acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured

under the Constitution and laws of the United States and violations of law under Texas State

Constitution and Texas Statutes.

## II.  JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and the Fourth, Eighth and Fourteenth

Amendments to the United States Constitution.  The Court has jurisdiction of this action under 42

U.S.C. § 1983, and 28 U.S.C. § 1331.

## III.  VENUE

3.      Venue is proper in the United States District Court for the Eastern District of Texas, Beaumont

Division under 28 U.S.C. § 1391(b)(1) as well as § 1391(b)(2) because the defendants reside in this

judicial district and all of the events giving rise to the claims made in this complaint occurred in this

judicial district.

## IV.  PARTIES

4.      Plaintiff, Ralph Lynn Ferguson, Jr. (herein "Plaintiff" or "Ferguson"), is a resident of DeRidder,

Beauregard Parrish, Louisiana.

5.      Defendant, Eric Marcine Dunn (herein "Dunn"), is an individual residing in Texas. Dunn has at

all times relevant herein been employed as a trooper and acting under the color of law for the Texas

Department of Public Safety; Dunn may be served process by serving his attorney Christopher Lee

Lindsey, Assistant Attorney General , P.O. Box 12548, Austin, Texas 78711 .

6.      Defendant, Charles Willis (herein "Willis"), is an individual residing in Texas. Willis has at all

times relevant herein been employed as a deputy and acting under the color of law for the Newton County Sheriff's Office; Willis may be served with process by serving his attorney Larry J. Simmons at Germer PLLC, 2929 Allen Parkway, Suite 2900, Houston, Texas 77019.

7.      Defendant, Josh Beckman (herein "Beckman"), is an individual residing in Texas. Beckman has at all times relevant herein been employed as a deputy and acting under the color of law for the Newton County Sheriff's Office; Beckman may be served with process by serving his attorney Larry J. Simmons at Germer PLLC, 2929 Allen Parkway, Suite 2900, Houston, Texas 77019.

8.      Defendant, Brandon Thurman (herein "Thurman"), is an individual residing in Texas. Thurman has at all times relevant herein been employed as a deputy and acting under the color of law for the Newton County Sheriff's Office; Thurman may be served with process by serving his attorney Larry J. Simmons at Germer PLLC, 2929 Allen Parkway, Suite 2900, Houston, Texas 77019.

9.      Defendant, Timothy Wayne Corkern, (herein "Corkern"), is an individual residing in Texas. Corkern has at all times relevant herein been employed as an officer and acting under the color of law for the Newton Police Department; Corkern may be served with process by serving his attorney Frank D. Calvert , 2615 Calder Avenue, Suite 1070 , Beaumont, Texas 77702.

10.     Defendant, Steve Holloway, (herein "Holloway"), Holloway is an individual residing in Texas. Holloway has at all times relevant herein been employed as a trooper and acting under the color of law for the Texas Department of Public Safety and supervisor to Dunn; Holloway may be served process by serving his attorney Christopher Lee Lindsey, Assistant Attorney General , P.O. Box 12548, Austin, Texas 78711 .

11.     Defendant, Parvin Butler (herein "Butler"), is an individual residing in Texas. Butler has at all times relevant herein been employed as a Tow Truck Driver for Patrick Autos; he may be served with process at his place of employment, Patrick Autos, 807 North Margaret, Kirbyville, Texas 75956.

12.     Defendant, Angie Brown (herein "Brown"), is an individual residing in Texas. Brown has at all times relevant herein been employed as a Cashier for Patrick Autos; she may be served with process at her place of employment, Patrick Autos, 807 North Margaret, Kirbyville, Texas 75956.

13.     Defendant, Pete Patrick (herein "Patrick"), is an individual residing in Texas. Patrick has at all times relevant herein been the owner of Patrick Autos; he may be served with process at his place of business, Patrick Autos, 807 North Margaret, Kirbyville, Texas 75956.

14.     Defendant, Gwen Kelley (herein "Kelley"), is an individual residing in Texas. Kelley has at all times relevant herein been employed as a jailer and acting under the color of law for the Newton County Sheriff's Office; Kelley may be served with process by serving her attorney Larry J. Simmons at Germer PLLC, 2929 Allen Parkway, Suite 2900, Houston, Texas 77019.

15.     Defendant, Connie Smith (herein "Smith"), is an individual residing in Texas.  Smith has at all times relevant herein been an appointed or elected judicial officer acting under the color of law as Justice of the Peace, Precinct 1, Newton County; Smith may be served with process by serving her attorney Larry J. Simmons at Germer PLLC, 2929 Allen Parkway, Suite 2900, Houston, Texas 77019.

16.     Defendant, Linda Pitts (herein "Pitts"), is an individual residing in Texas. Pitts has at all times relevant herein been employed as Clerk of Court acting under the color of law as Clerk of the Court for the Justice of the Peace, Precinct 1 Newton County; Pitts may be served with process by serving her attorney Larry J. Simmons at Germer PLLC, 2929 Allen Parkway, Suite 2900, Houston, Texas 77019.

17.     Defendant Ashley Morrow (herein "Morrow"), is an individual believed to be residing in Texas. Morrow has at all times relevant herein been employed as a jailer and acting under the color of law for the Newton County Sheriff's Office; Morrow may be served with process by serving her attorney Larry J. Simmons at Germer PLLC, 2929 Allen Parkway, Suite 2900, Houston, Texas 77019.

18.     Defendant, Robert Shane Hilton (herein "Hilton"), is an individual residing in Texas. Hilton has

at all times relevant herein been employed as Assistant Criminal District Attorney acting under the color of law for the Newton County District Attorney's Office; Hilton may be served with process by serving his attorney Larry J. Simmons at Germer PLLC, 2929 Allen Parkway, Suite 2900, Houston, Texas 77019.

19.     Defendant, Courtney Tracy Ponthier (herein "Ponthier"), is an individual residing in Texas. Ponthier has at all times relevant herein been an elected executive officer acting under the color of law as Newton County District Attorney; Ponthier may be served with process by serving his attorney Larry J. Simmons at Germer PLLC, 2929 Allen Parkway, Suite 2900, Houston, Texas 77019.

20.     Defendant, Craig M. Mixson (herein "Mixson"), is an individual residing in Texas. Mixson has at all times relevant herein been an elected judicial officer acting under the color of law as Newton County First Judicial District Judge; Mixson may be served with process by serving his attorney Larry J. Simmons at Germer PLLC, 2929 Allen Parkway, Suite 2900, Houston, Texas 77019.

21.     Defendant, J. Keith Stanley Esq. (herein "Stanley"), is an individual residing in Texas. Stanley is an attorney licensed to practice in the state of Texas, is being sued personally and professionally; Stanley may be served with process by serving his attorneys James Allen Payne, Jr., Fairchild Price Thomas Haley LLP, P.O. Box 1719, Center, Texas 75935-1719.

## V. FACTUAL BACKGROUND

22.     On August 5, 2014, Plaintiff was traveling viatically in Newton County.

23.     On August 5, 2014, Dunn stopped Plaintiff's travel via his cruiser's emergency lights.

24.     Dunn's above mentioned stop of Plaintiff was for an alleged Trans. Code violation.

25.     During the above mentioned stop Plaintiff informed Dunn that Plaintiff was not engaged in Commerce or Transportation.

26.     Dunn's authority to pursue Trans. C. violations comes from Texas Administrative Code Title 37

Part 1 Chapter 1 Subchapter A Rule §1.2(2).

27.     Admin C. Rule §1.2(1) prohibited Dunn from exercising the Trans. Code which is the regulatory arm of the DPS on Plaintiff.

28.     Dunn's patrol cruiser recording equipment recorded the stop detention arrest of Plaintiff.  See Plaintiff's Exhibit 6, Trooper Dunn's cruiser recording aka "Trp Dunn Newton County, Ferguson, Ralph L. Jr., 8-5-14, Disc 1 of 2 and Disc 2 of 2".  Attached to Plaintiff's Second Amended Complaint and incorporated herein by reference.

29.     During the above mentioned stop Dunn ask Plaintiff to identify himself.  See Plaintiff's Exhibit 6, ibid.

30.     During the above mentioned stop Plaintiff ask Dunn if Plaintiff was under arrest to which Dunn replied negatively.  See Plaintiff's Exhibit 6, ibid.

31.     During the detention/arrest Dunn radioed for aid from other law enforcement.  See Plaintiff's Exhibit 6, ibid.

32.     The following law enforcement officials responded to Dunn's call for assistance.  Willis, Beckman, Thurman, Corkern and Terrance Hawthorne (herein "Hawthorne") acting under color of law as a Deputy of the Newton County Sheriff's Office.  See Plaintiff's Exhibit 6, ibid.  See also Plaintiff's Exhibit 8, Sworn Voluntary Statement CHARLES WILLIS and Plaintiff's Exhibit 9, Supplemental Narrative JOSH BECKMAN and Plaintiff's Exhibit 10, Supplemental Narrative BRANDON THURMAN and Plaintiff's Exhibit 11, Supplemental Report TIM CORKERN attached to Plaintiff's Second Amended Complaint and incorporated herein by reference.

33.     While Dunn was at his patrol cruiser with Hawthorne, Beckman, Thurman and Corkern, Willis was positioned at Plaintiff's car.  See Plaintiff's Exhibit 6, ibid.

34.     Willis positioned beside Plaintiff's car informed Plaintiff he was not free to leave.  See Plaintiff's

Exhibit 6, ibid.

35.    During this time Dunn initiated contact and communicated with his supervisor Holloway.  See Plaintiff's Exhibit 6, ibid.

36.    During Dunn's communication with Holloway as a supervisor Dunn asked for Holloway's permission to arrest Plaintiff.  See Plaintiff's Exhibit 6, ibid.

37.    During the act of physically arresting Plaintiff, Dunn broke Plaintiff's car window glass and caused Plaintiff's left forearm to bleed.

38.    During the act of physically arresting Plaintiff, Dunn was assisted by Corkern who had a rifle pointed at Plaintiff.  See Plaintiff's Exhibit 6, ibid.  See also Plaintiff's Exhibit 7, Six pictures; Willis, Beckman, Thurman and Corkern during arrest of Plaintiff.  Attached to Plaintiff's Second Amended Complaint and incorporated herein by reference.

39.    During the act of physically arresting Plaintiff, Dunn was assisted by Beckman who had his pistol out of its holster and in his hand.  See Plaintiff's Exhibit 6, ibid and Plaintiff's Exhibit 7, ibid.

40.    During the act of physically arresting Plaintiff, Dunn was assisted by Willis who had his pistol out of its holster and in his hand.  See Plaintiff's Exhibit 6, ibid and Plaintiff's Exhibit 7, ibid.

41.    During the act of physically arresting Plaintiff, Dunn was assisted by Thurman who had his pistol out of its holster and in his hand.  See Plaintiff's Exhibit 6, ibid and Plaintiff's Exhibit 7, ibid.

42.    Dunn handcuffed Plaintiff behind his back and strapped Plaintiff into his patrol cruiser causing Plaintiff extreme physical pain.  See Plaintiff's Exhibit 6, ibid.

43.    During the above described encounter with Dunn and the other named law enforcement officers Plaintiff at no time made any threatening gesture or gestures either verbally of physically.  See Plaintiff's Exhibit 6, ibid.

44.     During the time that Plaintiff was bound with straps and handcuffs in Dunn's patrol cruiser Dunn searched Plaintiff's car.  See Plaintiff's Exhibit 6, ibid.

45.     During the above mentioned search of Plaintiff's car Holloway initiated contacted and communicated with Dunn via telephone.  See Plaintiff's Exhibit 6, ibid.

46.     During the communication Holloway initiated with Dunn during the search of Plaintiff's car Holloway inquired as to Dunn's search finding contraband.  See Plaintiff's Exhibit 6, ibid.

47.     After the above mentioned arrest of Plaintiff and search of Plaintiff's car by Dunn, Dunn gave Plaintiff's car to Butler a tow truck driver acting individually and as agent for PATRICK AUTO SUPPLY of Kirbyville, Texas owned by defendant Pete Patrick.  See Plaintiff's Exhibit 6, ibid.

48.     After the above mentioned arrest and search and after giving Plaintiff's car to Butler, Dunn took Plaintiff directly to the Newton County Jail Facility (herein "Jail").  See Plaintiff's Exhibit 6, ibid.

49.     In the Jail Dunn positioned Plaintiff in front of a video camera and ask Plaintiff if he was going to identify himself.

50.     On August 5, 2014, while in the Jail Plaintiff gave notice to Kelley that Dunn had not taken Plaintiff to a magistrate before bring him to the Jail.

51.     Kelley the head Jailer at the Newton County Jail accepted physical custody of Plaintiff from Dunn locking Plaintiff inside the jail facility.

52.     On August 5, 2014, Magistrate Smith signed an arrest warrant for the already arrested Plaintiff outside of Plaintiff's presence based on Dunn's criminal complaint.  See Plaintiff's Exhibit 5, Dunn's Criminal Complaint of Plaintiff dated August 5, 2014, attached to Plaintiff's Second Amended Complaint and incorporated herein by reference.

53.     On August 5, 2014, Judge Smith set Plaintiff's bail at $10,000.00.  See Plaintiff's Exhibit 27, Magistrates Warning set bail at $10,000.00, attached to Plaintiff's Third Amended Complaint and

incorporated herein by reference.

54.     On August 6, 2014, Plaintiff was made to pay $241.60 to Angie Brown acting individually and

as agent for Patrick's Auto owned by defendant Pete Patrick for alleged towing and storage fees before

same would release Plaintiff's car back to him.  See Plaintiff's Exhibit 14, Receipt from Towing Co.

attached to Plaintiff's Second Amended Complaint and incorporated herein by reference.

55.     Plaintiff was prosecuted for a criminal Failure to Identify class C misdemeanor charge in the

Justice of the Peace Court, Precinct 1, Newton County Texas, (herein "J.P. Court") case # C1140250,

based on Dunn's Criminal Complaint, see Plaintiff's Exhibit 5 ibid. by Robert Shane Hilton acting

under color of law as the Newton County Assistant Prosecutor.

56.     Hilton was at all times under the supervision of Ponthier acting under color of law as the

Newton County District Prosecutor.

57.     On September 12, 2014, Morrow responded to a Public Information Request by Plaintiff for a

copy of the Jail's security recordings covering the time that Plaintiff was incarcerated with a DVD disc.

See Plaintiff's Exhibit 15, Jail Video NCSO PIR Response, attached to Plaintiff's Second Amended

Complaint and incorporated herein by reference.

58.     On October 5, 2014, J.P. Court set trial for December 11, 2014, on J.P. case #C1140250.

59.     On November 19, 2014, Stanley was appointed as Plaintiff's defense counsel on J.P. case

#C1140250 class C misdemeanor Failure to Identify.  See Plaintiff's Exhibit 16, Order of District Judge

Mixson appointing Stanley as Counsel.  Attached to Plaintiff's Second Amended Complaint and

incorporated herein by reference.

60.     On December 15, 2014, Plaintiff was informed by Pitts while acting under color of law as the

Justice of the Peace Precinct 1 Court Clerk that his misdemeanor case file #C1140250 was not at her

office but had been removed to the Newton County District Prosecutor's Office.  See Plaintiff's Exhibit

22 Affidavit of Ralph Lynn Ferguson, Jr. attached to Plaintiff's Third Amended Complaint and incorporated herein by reference.

61.     On March 31, 2015, Plaintiff was at the Justice of the Peace Precinct 1 Court to view his case file however, Pitts informed Plaintiff that his criminal case file #C1140250 was not at her office and was in fact at the Newton County District Prosecutor's Office.  See Plaintiff's Exhibit 22, ibid.

62.     On April 1, 2015, Stanley who had been appointed Plaintiff's defense counsel on case #C1140250 on November 19, 2014, contacted Plaintiff.

63.     The April 1, 2015 contact by Stanley was Stanley's first contact with Plaintiff.  See Plaintiff's Exhibit 17, Stanley's April 1, 2015, Telephone call to Ralph Ferguson.  Attached to Plaintiff's Second Amended Complaint and incorporated herein by reference.

64.     On April 1, 2015, Stanley told Plaintiff he had been provided a copy of Plaintiff's criminal case file from the Newton County District Prosecutor.  See Plaintiff's Exhibit 17, ibid.

65.     On April 1, 2015, Stanley said he was not provided a copy of Dunn's cruiser recordings of Plaintiff's arrest.  See Plaintiff's Exhibit 17, ibid.

66.     On April 1, 2015, Stanley said he was not provided copies of Plaintiff's pleadings in case #C1140250.  See Plaintiff's Exhibit 17, ibid.

67.     On April 1, 2015, Stanley told Plaintiff he would file papers into case #C1140250.  See Plaintiff's Exhibit 17, ibid.

68.     On April 1, 2015, during Stanley's telephone call Plaintiff expressed dire concerns about having been arrested, having his car window broken, having to borrow money to get out of jail, having to pay to get his car from the towing company which seized Plaintiff's car as a result of the arrest, and the great inconvenience and stress of defending the charge against him.  See Plaintiff's Exhibit 17, ibid.

69.     On April 1, 2015, Stanley suggested that Plaintiff's criminal case could take many years.  See

Plaintiff's Exhibit 17, ibid.

70.     On April 1, 2015, Stanley was informed that Plaintiff's case file was not at the JP Court to which Stanley replied that was serious and he would check into it.  See Plaintiff's Exhibit 17, ibid.

71.     Between the dates of November 19, 2014 and July 17, 2015 Stanley filed no papers into Plaintiff's failure to identify case #C1140250.

72.     On or about July 9, 2015, Stanley filed a motion to withdraw as Plaintiff's counsel with the District Court Clerk.

73.     On July 17, 2015, at Stanley's motion to withdraw hearing before District Judge Mixson, Stanley said he was not Plaintiff's counsel in case #C1140250.  See Plaintiff's Exhibit 18, Transcript of Stanley's Motion to Withdraw hearing, attached to Plaintiff's Second Amended Complaint and incorporated herein by reference.

74.     At the July 17, 2015, motion to withdraw hearing Ponthier acting as the Newton County District Prosecutor stated Mr. Stanley agreed to represent Plaintiff.  See Plaintiff's Exhibit 18, ibid. page 12.

75.     At the July 17, 2015, motion to withdraw hearing Ponthier further stated Stanley was appointed to have somebody speak on Plaintiff's behalf to see if the misdemeanor failure to identify case and the pending felony evading charge "needed to be thrown out altogether or investigated further or a plea offer needed to be made."  See Plaintiff's Exhibit 18, ibid.

76.     At the July 17, 2015, motion to withdraw hearing Ponthier again stated "And there was a felony charge that was somewhat questionable. " See Plaintiff's Exhibit 18, ibid.

77.     On July 17, 2015, Judge Mixson granted Stanley's motion to withdraw as Plaintiff's counsel in case #C1140250, failure to identify class C misdemeanor in Judge Smith's Justice of the Peace Precinct 1 Court.  See Plaintiff's Exhibit 18, ibid.

78.     On July 23, 2015, Newton County Assistant District Prosecutor Hilton informed Plaintiff that

the Newton Grand Jury no billed the pending felony evading arrest charge against Plaintiff.

79.     On July 23, 2015, Justice of the Peace Court Precinct 1 granted State's Motion to Dismiss the

failure to identify class C misdemeanor.  See Plaintiff's Exhibit 19, Newton Dismissal of Charges

Against Plaintiff attached to Plaintiff's Second Amended Complaint and incorporated herein by

reference.

80.     Dunn lacked probable cause to arrest Plaintiff for failure to identify.

81.     Dunn lacked probable cause to charge Plaintiff for evading arrest.

82.     Dunn's criminal complaint on Plaintiff lacked probable cause for the crimes alleged.  See

Plaintiff's Exhibit 5, ibid.

## VI. FEDERAL CLAIMS

### A. COUNT ONE VIOLATION OF CIVIL RIGHTS/EXCESSIVE FORCE

83.     Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully

set forth here.

84.     Defendants violated Plaintiff's civil rights under 42 U.S.C. § 1983 and the Fourth Amendment

to the United States Constitution by subjecting Plaintiff to excessive force.

85.     Plaintiff was sitting in his car with the engine off and Dunn had not informed Plaintiff he is

under arrest.

86.     In the entirety of the 40 or so minutes encounter with Dunn, Plaintiff merely invoked and

sought to protect his rights.

87.     Plaintiff committed no unlawful acts nor threatened verbally nor made physical gestures that

could be interpreted as threats to law enforcement as evidenced by the statements of the officers

themselves.  See Plaintiff's Exhibit 8, Exhibit 9, Exhibit 10 and Exhibit 11, ibid.

88.     The excessive force can be seen on a video obtained from the patrol cruiser of Trooper Dunn

See Plaintiff's Exhibit 6, ibid.

89.     Defendants Willis, Beckman, Thurman and Corkern having no objective reason to use any force or threaten to use force nevertheless Plaintiff was made to and suffered dire mental distress due to Corkern standing a mere 8 feet from Plaintiff and pointing his rifle at Plaintiff as he sat in his car and at the same time the handling and brandishing of guns by Beckman, Thurman and Willis as they stood beside Plaintiff's car.

90.     The actions of these defendants left Plaintiff in fear of his life if he so much as moved.

91.     Willis, Thurman, Beckman and Corkern absent of probable cause and knowingly and intentionally using reckless behavior aimed at Plaintiff acted objectively unreasonably in light of the circumstances that presented themselves to these defendants acting under color of law.

92.     As a direct and proximate result of the actions of Corkern, Thurman, Beckman and Willis, Plaintiff suffered damages including emotional distress and mental anguish.

93.     Wherefore Plaintiff demands judgment for money damages against Defendants' Willis, Beckman, Thurman and Corkern's together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## B. COUNT TWO VIOLATION OF CIVIL RIGHTS/UNLAWFUL ARREST

94.     Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

95.     Dunn's arrest of Plaintiff for failure to identify lacked probable cause.

The elements for a charge under Sec. 38.02. FAILURE TO IDENTIFY. are;

1) that the person must be lawfully arrested and,

2) refuse to give their name or,

3) refuse to give residence address or,

4) refuse to give date of birth.

16

96.     According to this rule Dunn did not and could not have obligated Plaintiff to secondary

elements of failure to identify because Dunn did not obligate himself to the primary element of failure

to identify because he did not lawfully arrest Plaintiff.

97.     Dunn was under Holloway's direct supervision when his own act of arresting Plaintiff without

probable cause was a violation Plaintiff's constitutional rights.

98.     Dunn an oath bearing public servant owed Plaintiff a duty of care to not violate the laws of the

state or the federal constitution.

99.     Dunn breached that duty of care when he arrested Plaintiff without probable cause.

100.    Dunn requested assistance and waited to act until not only that assistance arrived but

participated in the verbal planning and physical accomplishment of Dunn's goal of an unlawful arrest of

Plaintiff which Dunn could not have accomplished accept for the assistance and participation of Willis,

Beckman, Thurman and Corkern.

101.    Willis an oath bearing public servant owed Plaintiff a duty of care to uphold the laws of the

state and federal constitution.

102.    Willis assisted and participated in Dunn's violation of Plaintiff's rights by telling Plaintiff he was

not free to leave and again when Dunn broke Plaintiff's window Willis stood behind Dunn with his gun

in his hand which was an excessive use of force that the circumstances did not warrant and was

intended to cause and did cause Plaintiff emotional distress and mental anguish.

103.    Beckman an oath bearing public servant owed Plaintiff a duty of care to uphold the laws of the

state and federal constitution.

104.    Beckman assisted and participated in Dunn's violation of Plaintiff's rights by verbally planning

with Dunn how Dunn would break Plaintiff's car window and again when Dunn broke Plaintiff's

window Beckman stood on the left side of Plaintiff's car behind Dunn as he prepared to break Plaintiff's

car window and with his gun in his hand which was an excessive use of force that the circumstances did not warrant and was intended to cause and did cause Plaintiff emotional distress and mental anguish.

105.    Corkern an oath bearing public servant owed Plaintiff a duty of care to uphold the laws of the state and federal constitution.

106.    Corkern assisted and participated in Dunn's violation of Plaintiff's rights by verbally planning with Dunn how Dunn would break Plaintiff's car window and again when Dunn broke Plaintiff's window Corkern stood on the right side of Plaintiff's car with a rifle pointed at Plaintiff from less than 8 feet away which was an excessive use of force that the circumstances did not warrant and was intended to cause and did cause Plaintiff emotional distress and mental anguish.

107.    Thurman an oath bearing public servant owed Plaintiff a duty of care to uphold the laws of the state and federal constitution.

108.    Thurman assisted and participated in Dunn's violation of Plaintiff's rights by verbally planning with Dunn how Dunn would break Plaintiff's car window and again when Dunn broke Plaintiff's window Thurman stood on the right side of Plaintiff's car behind Corkern with his gun in his hand which was an excessive use of force that the circumstances did not warrant and was intended to cause and did cause Plaintiff emotional distress and mental anguish.

109.    Dunn's cruiser recording captured the entire incident, see Plaintiff's Exhibit 6, ibid.

110.    Dunn telephoned Holloway prior to his arrest of Plaintiff advising Holloway of the situation and asking his permission.  As evidenced by Dunn's cruiser recording of the arrest which picked up Dunn's part of the conversation, including but not limited to; Dunn to Holloway; *"Let me bring you up to speed on something then I'm gonna ask your permission."* and *"I'm glad you said that because I had not thought of that.".*  See Plaintiff's Exhibit 6, ibid.  At which time Holloway failed to supervise Dunn

against arresting Plaintiff on a non-arrestable offense.

111.    Holloway's failure to supervise Dunn against the arrest which lacked probable cause, created a violation of Plaintiff's right to be free from unwarranted arrest which lacked probable cause.

112.    Holloway's telephone call to Dunn as he searched Plaintiff's car and Dunn's response to Holloway, **"Not that I've found so far."** (See Plaintiff's Exhibit 6, ibid.) is certainly a reference to some sort of contraband Holloway was expecting to hear about and clearly a display of indifference by Holloway as to Plaintiff's constitutional rights.

113.    Holloway as Dunn's supervisor was made aware of the facts and circumstances prior to the arrest of Plaintiff enough to infer that a substantial risk of serious harm exist toward Plaintiff and Holloway's deliberate indifference was made obvious by his questions concerning what Dunn was finding in his search of Plaintiff's car.

114.    Discovery will certainly enhance further evidence of Plaintiff's claims.

115.    Kelley the head jailer at the Newton county Jail Facility and an oath bearing public servant owed Plaintiff a duty of care to uphold the laws of the state and federal constitution.

116.    Kelley assisted and participated in Dunn's unlawful arrest of Plaintiff by accepting custody of Plaintiff from Dunn and locking Plaintiff away behind bars in the jail.  Kelley's own conduct of locking Plaintiff behind bars without commitment papers based on probable cause was a breach of her duty owed to Plaintiff via her oath of office, causing Plaintiff emotional distress and mental anguish.

117.    Dunn would not have been able to accomplish his unlawful arrest without the participation of Kelley giving him a place to lock Plaintiff away.

118.    As a proximate result of the actions of Dunn, Kelley, Corkern, Thurman, Beckman, Willis and Holloway Plaintiff suffered damages including money damages, emotional distress and mental anguish.

119.   Wherefore Plaintiff demands judgment for money damages against Defendants Dunn, Kelley, Corkern, Thurman, Beckman, Willis and Holloway together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## C. COUNT THREE VIOLATION OF CIVIL RIGHTS/UNLAWFUL SEARCH

120.   Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

121.   Dunn sought Holloway's permission to act.  Dunn acted on Holloway's permission and arrested Plaintiff albeit lacking probable cause to arrest.

122.   Holloway's overt interest in Dunn's search of Plaintiff's car is evidenced by Dunn's answer to Holloway stating , **"Not that I've found so far."** (see paragraph 112 herein), infers that Holloway had ulterior motives for Plaintiff's warrant-less arrest which included a warrant-less search of Plaintiff's car.

123.   Dunn after making a warrant-less arrest lacking probable cause of Plaintiff did search Plaintiff's car which is an extension of his home while he is away from home and did so lacking articulable suspicion, probable cause or a warrant or consent in violation of Plaintiff's federally protected Constitutional rights.

124.   As a proximate result of the actions of Dunn and Holloway Plaintiff suffered damages including emotional distress and mental anguish.

125.   Wherefore Plaintiff demands judgment for money damages against Defendants Holloway and Dunn together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## D. COUNT FOUR VIOLATION OF CIVIL RIGHTS/UNLAWFUL SEIZURE

126.   Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

127.    Dunn an oath bearing government employee owed Plaintiff a citizen a duty of care not to violate the laws of the state or federal constitution.  Dunn initiated the violation of Plaintiff's rights when he breached that duty arresting Plaintiff and seizing Plaintiff's car without probable cause.

128.    Dunn's seizure of Plaintiff's car was unlawful because it was based on the unlawful arrest of Plaintiff lacking probable cause.

129.    Butler a third party is liable for knowingly participating in the breach of duty Dunn owed Plaintiff and assisted and participated in Dunn's breach of duty owed Plaintiff when he acting individually and as an agent of Patrick Auto who acting under color of law took Plaintiff's property without Plaintiff's consent.

130.    Brown a third party is liable for knowingly participating in the breach of duty Dunn owed Plaintiff and assisted and participated in Dunn's breach of duty owed Plaintiff when she acting individually and as  an agent of Patrick Auto who acting under color of law kept Plaintiff's property without Plaintiff's consent and making a demand of money before releasing Plaintiff's car to him.

131.    Patrick a third party is liable for knowingly participating in the breach of duty Dunn owed Plaintiff and assisted and participated in Dunn's breach of duty owed Plaintiff when he the owner of Patrick Auto and permit holder under the Occupations Code (see below) seized and kept control without consent of Plaintiff's property until he gained a money profit from the act.

132.    Patrick Defendants were state actors when taking Plaintiff's car without the consent of its owner and created a deprivation of Plaintiff's 4th Amendment rights to be free from seizure of personal property without probable cause which could not have occurred but for the existence of governmental context found in Trans. Code Section 545.3051, and with the approval of Dunn a state actor.  See Edmondson v. Leesville Concrete Company 500 U.S. 614, 624 (1991)  Finding that, private party becomes a state actor if he or she uses a state procedure requiring some state intervention.  The state

procedure of Patrick is found in the Occupations Code Title 14 Ch. 2308 Subch. C. Sec. 2308.103

Which are tow truck permit requirements and Trans. Code Section 545.3051 which states Patrick in a

non-consent tow is acting under color of law if and when he is called upon via the rotation list by law

enforcement thus the required state intervention is fulfilled.

133.    Butler, Brown and Patrick acting under color of law owed Plaintiff a duty of care and breached

that duty of care when accepting and keeping Plaintiff's car without the consent of Plaintiff.

134.    As a proximate result of the actions of Dunn, Butler, Brown and Patrick Plaintiff suffered

damages including money damages, emotional distress and mental anguish.

135.    Wherefore Plaintiff demands judgment for money damages against Defendants Dunn,

Butler, Brown and Patrick's together with such other and further relief as the Court may deem

reasonable and just under the circumstances.

**E. COUNT FIVE VIOLATION OF CIVIL RIGHTS/DUE PROCESS**

136.    Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully

set forth here.

137.    Texas Code of Criminal Procedure Article 15.17 clearly states that an accused person

arrested without warrant shall be taken before a magistrate without unnecessary delay.

138.    Dunn took Plaintiff directly to jail from the place of arrest.

139.    Dunn violated Texas Code of Criminal Procedure Article 15.17 creating a procedural

due process violation on Plaintiff.

140.    Kelley aided Dunn in violating Plaintiff's procedural due process rights by locking

Plaintiff in jail without commitment papers.

141.    As a proximate result of the actions of Dunn and Kelley Plaintiff suffered damages

including emotional distress and mental anguish.

142.   Wherefore Plaintiff demands judgment for money damages against Defendants Dunn and Kelley together with such other and further relief as the Court may deem reasonable and just under the circumstances.

**F. COUNT SIX VIOLATION OF CIVIL RIGHTS/EXCESSIVE BAIL**

143.   Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

144.   On August 5, 2014, Dunn's Criminal Complaint which lacked probable cause included the intentionally false accusation of the felony charge of, EVADING ARREST OR DETENTION "SJF" PC 38.04(b)(1)(B).  This intentional false statement by Dunn designed to punish Plaintiff for invoking his rights caused Plaintiff's bail to be set at $10,000.00 (Ten thousand dollars).  Plaintiff had the burden of borrowing money and paying fees and such at great expense to get out of jail and which was excessive in light of the fatally defective complaint and the unlawful arrest of Plaintiff.  See Plaintiff's Exhibit 27, ibid.

145.   As a proximate result of the actions of Dunn, Plaintiff suffered damages including money damages, emotional distress and mental anguish.

146.   Wherefore Plaintiff demands judgment for money damages against Defendant Dunn together with such other and further relief as the Court may deem reasonable and just under the circumstances.

### VII. STATE CLAIMS

**G. COUNT SEVEN ASSAULT AND BATTERY**

147.   Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

148.    Corkern committed an assault when he intentionally threatened Plaintiff with imminent bodily injury by pointing a gun at Plaintiff.

149.    As a proximate result of the actions of Corkern, Plaintiff suffered damages including emotional distress and mental anguish.

150.    Wherefore Plaintiff demands judgment for money damages against Defendant Corkern together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## H. COUNT EIGHT NEGLIGENCE PER SE THEFT

151.    Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

152.    Plaintiff is the owner of a Volkswagen car which Butler on August 5, 2014, without consent of Plaintiff and acing individually and as agent for Patrick Auto took the car with the intent of depriving Plaintiff of the car until such time as Plaintiff made monetary compensation to Patrick Auto.

153.    Brown acting individually and as agent for Patrick Auto on August 6, 2014, demanded of Plaintiff a sum certain of money before restoring Plaintiff's car to him.

154.    Patrick owner of Patrick Auto gained a monetary enrichment from the taking of Plaintiff's car without consent.

155.    As a proximate result of the actions of Butler, Brown and Patrick, Plaintiff suffered damages including money damages, emotional distress and mental anguish.

156.    Wherefore Plaintiff demands judgment for money damages against Defendants Butler, Brown and Patrick, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## I. COUNT NINE FRAUD

24

157.    Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

158.    Stanley made the representation to Plaintiff that he would represent Plaintiff in the Failure to Identify case at the Justice of the Peace Court, Precinct 1, case No. C1140250, by filing papers into that case and preparing for trial.

159.    This representation by Stanley was material to Plaintiff's defense of that criminal case.

160.    Plaintiff relied upon the representation for his well being.

161.    During Stanley's motion to withdraw as Plaintiff's counsel hearing Stanley said in open court that he was not representing Plaintiff in the above mentioned failure to identity case.

162.    Stanley filed no papers into Plaintiff's case.

163.    Stanley made the representation with the intent that Plaintiff would rely on it and Plaintiff was justified in relying on the representation.

164.    As a proximate result of the actions of Stanley, Plaintiff suffered damages including money damages, emotional distress and mental anguish.

165.    Wherefore Plaintiff demands judgment for money damages against Defendant Stanley together with such other and further relief as the Court may deem reasonable and just under the circumstances.

**J. COUNT TEN NEGLIGENCE/FALSIFYING GOVERNMENT DOCUMENT**

166.    Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

167.    Morrow an oath bearing public servant owed Plaintiff a duty of care to not violate the laws of the state or the federal constitution and Morrow breached that duty of care when she violated Penal Code Sec. 37.10 Tampering With Governmental Record.

168.    Morrow's September 12, 2014, Public Information Request response had parts of Plaintiff edited out of the recording.  See Plaintiff's Exhibit 15, ibid.

169.    It is unreasonable for Morrow to respond without the recording of Plaintiff's interactions with others, nor the questioning of Plaintiff by Dunn while in that jail.

170.    Morrow's response in making parts of the recordings unavailable to Plaintiff was a knowledgeable act of concealment, falsification and or destruction of a government record which included Plaintiff's evidence of an exculpatory nature and in violation of Penal Code Section 37.10 Tampering with a governmental Record Sections (a) (1), (3) and or (5).

171.    As a proximate result of the actions of Morrow, Plaintiff suffered damages including emotional distress and mental anguish.

172.    Wherefore Plaintiff demands judgment for money damages against Defendant Morrow together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## K. COUNT ELEVEN GROSS NEGLIGENCE/FALSIFYING GOVERNMENT DOCUMENT

173.    Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

174.    Smith an oath bearing public servant owed Plaintiff an extra duty of care to not violate the laws of the state or the federal constitution and Smith breached that heightened duty of care when she violated Penal Code Sec. 37.10(a)(1)Tampering With Governmental Record. A person commits an offense if he: knowingly makes a false entry in, a governmental record.

175.    Smith made the false entry on an arrest warrant for Plaintiff that probable cause exist to arrest Plaintiff when in fact no probable cause existed.  See Plaintiff's Exhibit 5, ibid.

176.    As a magistrate who issues warrants of arrest Smith should have known when probable cause

exist to issue an arrest warrant.

177.    Smith's false declaration was made knowingly.

178.    As a proximate result of the actions of Smith, Plaintiff suffered damages including money

damages, emotional distress and mental anguish.

179.    Wherefore Plaintiff demands judgment for money damages against Defendant Smith

together with such other and further relief as the Court may deem reasonable and just under the

circumstances.

**L. COUNT TWELVE GROSS NEGLIGENCE/CONCEALING GOVERNMENT DOCUMENT**

180.    Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully

set forth here.

181.    Prior to March 31, 2015, Pitts had told Plaintiff that his case file was not at the J.P. Court Clerk's

Office but that the file had removed to the Prosecutors Office and on this day Plaintiff saw for himself

that the case file was in fact not at the Clerk's Office.

182.    Plaintiff ask Hilton to see his case file however Hilton said the case file was not public.

183.    Plaintiff ask Ponthier to see his case file however Ponthier told Plaintiff that case file was not

public.

184.    Smith an oath bearing public servant owed Plaintiff an extra duty of care to not violate the laws

of the state or the federal constitution and Smith breached that heightened duty of care when she

violated Penal Code 37.10(a)(3), when she intentionally concealed Plaintiff's criminal case file from

him on or about March 31, 2015, but not limited to that date.

185.    Pitts an oath bearing public servant owed Plaintiff an extra duty of care to not violate the laws

of the state or the federal constitution and Pitts breached that heightened duty of care when she violated

Penal Code 37.10(a)(3), when she intentionally concealed Plaintiff's criminal case file from him on or

about March 31, 2015, but not limited to that date.

186.   Hilton an oath bearing public servant owed Plaintiff an extra duty of care to not violate the laws of the state or the federal constitution and Hilton breached that heightened duty of care when she violated Penal Code 37.10(a)(3), when he intentionally concealed Plaintiff's criminal case file from him on or about March 31, 2015, but not limited to that date.

187.   Ponthier an oath bearing public servant owed Plaintiff an extra duty of care to not violate the laws of the state or the federal constitution and Ponthier breached that heightened duty of care when she violated Penal Code 37.10(a)(3), when she intentionally concealed Plaintiff's criminal case file from him on or about March 31, 2015, but not limited to that date.

188.   Penal Code Sec. 37.10. TAMPERING WITH GOVERNMENTAL RECORD. (a) "A person commits an offense if he: (3) intentionally destroys, ***conceals***, ***removes***, or otherwise impairs the verity, legibility, or ***availability*** of a governmental record" (emphasis added) and Penal Code 36.01(2)(A) defines governmental record as "anything belonging to, received by, or kept by government for information, including a court record"

189.   As a proximate result of the actions of Pitts, Smith, Hilton and Ponthier, Plaintiff suffered damages including emotional distress and mental anguish.

190.   Wherefore Plaintiff demands judgment for money damages against Defendants Pitts, Smith, Hilton and Ponthier together with such other and further relief as the Court may deem reasonable and just under the circumstances.

**M. COUNT THIRTEEN GROSS NEGLIGENCE**

191.   Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

192.    Mixson an oath bearing public servant owed Plaintiff an extra duty of care to not violate the laws of the state or the federal constitution.

193.    Mixson breached that heightened duty of care when granted Stanley his motion to withdraw as Plaintiff's counsel though the withdrawal was for withdrawing from another court case in another jurisdiction.

194.    Mixson lacked all jurisdiction to grant Stanley's withdrawal in another court's jurisdiction.  See Plaintiff's Exhibit 25, Objection to Motion to Withdraw as Counsel and Plaintiff's Exhibit 26, Order Granting Stanley Withdrawal as Counsel in Plaintiff's case both attached to Plaintiff's Third Amended Complaint and incorporated herein by reference.

195.    As a proximate result of the actions of Mixson, Plaintiff suffered damages including emotional distress and mental anguish.

196.    Wherefore Plaintiff demands judgment for money damages against Defendant Mixson together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## N. COUNT FOURTEEN CIVIL CONSPIRACY

197.    Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

198.    Stanley, Hilton and Ponthier conspired to use malicious prosecution to obtain a plea bargain from Plaintiff in order to free Dunn and others from the liability of a TORT Claim and civil lawsuit for unlawful arrest.

199.    Hilton and Ponthier pursued a criminal charge against Plaintiff which lacked probable cause.

200.    The complaint against Plaintiff was prima facie evidence that Plaintiff could not have committed the allegations stated in it.

201.    Ponthier's own words regarding Stanley "And there was a felony charge that was somewhat questionable." and ". ...we were hoping to be able to work everything out without ever needing to go to grand jury." See Plaintiff's Exhibit 18, ibid.

202.    Ponthier at Stanley's motion to withdraw hearing; "Mr. Stanley agreed and was appointed to handle both cases... " See Plaintiff's Exhibit 18, ibid.

203.    Plaintiff never requested court appointed counsel in the pending felony.

204.    Ponthier, Hilton and Stanley were manipulating Plaintiff to obtain a plea bargain.

205.    The Grand Jury eventually no billed Plaintiff because there was no probable cause.

206.    Stanley did not disclose to Plaintiff that he had been appointed to the pending felony which was another ancillary non-arrestable offense.

207.    Stanley as Plaintiff's attorney did not disclose to Plaintiff that the charges against him lacked probable cause.

208.    Stanley as Plaintiff's attorney did not disclose to Plaintiff that for the prosecutor to pursue criminal charges which lacked probable cause was a malicious prosecution.

209.    Stanley intentionally delayed Plaintiff's criminal case.

210.    Stanley's delay of Plaintiff criminal case was intended to run out the statute of limitations on those liable for Plaintiff's damages resulting from the August 5, 2014, arrest of Plaintiff.

211.    As a proximate result of the actions of Stanley, Hilton and Ponthier Plaintiff suffered damages including money damages, emotional distress and mental anguish.

212.    Wherefore Plaintiff demands judgment for money damages against Defendants Stanley, Hilton and Ponthier together with such other and further relief as the Court may deem reasonable and just under the circumstances.

**O. COUNT FIFTEEN MALICIOUS PROSECUTION**

213.    Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

214.    Ponthier the Newton County Prosecuting Attorney continued a malicious prosecution of Plaintiff in the Justice of the Peace Court Case file #C1140250.  See Plaintiff's Exhibit 28, Plaintiff's Answer to Criminal Complaint and Plaintiff's Exhibit 29, Notice of Trial Setting, attached to Plaintiff's Third Amended Complaint and incorporated herein by reference.

215.    Hilton the Newton County Assistant Prosecutor was assigned Plaintiff's case and continued a malicious prosecution of Plaintiff in the Justice of the Peace Court Case file #C1140250.  See Plaintiff's Exhibit 28 and Plaintiff's Exhibit 29, ibid.

216.    The Criminal Complaint and Affidavit of Dunn (see Plaintiff's Exhibit 5 ibid.) was the basis for Ponthier and Hilton in their prosecution of Plaintiff though the Complaint lacked any semblance of probable cause and was fatally deficient on its face thereby denying Ponthier and Hilton any reasonable grounds to support a criminal prosecution.

217.    Ponthier played an active role in Plaintiff's Originate Criminal case as is evident by the transcript of Stanley's Motion to Withdraw as Plaintiff's counsel hearing (see Plaintiff's Exhibit 18, ibid.)  Ponthier discussed the original case and the pending felony and whether more investigations were needed and how the Prosecutor's Office was actively working with the court appointed counsel Stanley in an effort to gain a plea bargain.

218.    Hilton played an active role in Plaintiff's original Case file #C1140250 in arranging and offering dates and times set for trial and postponement of trial as seen by "Judge Connie Smith's Activity Notes" showing multiple notations where Hilton was participating in setting court dates and advising Smith.   See Plaintiff's Exhibit 30, "Judge Connie Smith's Activity

Notes" attached to Plaintiff's Third Amended Complaint and incorporated herein by reference.

219.    Morrow played an active role in the malicious prosecution against Plaintiff in making evidence of an exculpatory nature in the form of jail video recordings unavailable to Plaintiff when it was her duty to provide same.

220.    Pitts, Smith, Hilton and Ponthier played an active role in the malicious prosecution of Plaintiff when they collectively removed Plaintiff's case file from  its duly authorized location of original jurisdiction of the Justice of the Peace Precinct 1 Court Clerk's Office.  The discovery phase is still early in this case and discoverable evidence will substantiated this claim.

221.    Stanley played an active role in and continued the malicious prosecution of Plaintiff by delaying the action.

222.    Stanley as Plaintiff's appointed counsel told Plaintiff he would be representing Plaintiff in the case and said he would file a motion to dismiss in the case however, Stanley filed no papers in case.

223.    Stanley did not inform Plaintiff that the charges against Plaintiff lacked probable cause and that to pursue such charges was malicious in nature.  See Plaintiff's Exhibit 18 ibid. and Exhibit 17 ibid.

224.    The criminal complaint in Newton county Precinct 1 Justice to the Peace Court case #C1140250 was dismissed on July 23, 2015.  See Plaintiff's Exhibit 19, ibid.

225.    Ponthier and Hilton did act outside the functional limits of their duly appointed positions and acted unreasonable in pursuing criminal charges on Plaintiff base on Dunn's Criminal Complaint which lacked elements of any offense upon which to classify a crime thereby denying classification of the crime which must be based on the elements of the offense as revealed in the charging papers.

226.    As a direct and proximate result Plaintiff suffered money damages, emotional distress and mental anguish.

227.    Wherefore Plaintiff moves this court for a judgment for damages for malicious prosecution

against Defendants Ponthier, Hilton Morrow, Pitts, Smith and Stanley and such other and further relief this court deems reasonable and just under the circumstances.

**P. COUNT SIXTEEN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

228.   Plaintiff repeats and restates the allegations contained in the paragraphs above as if more fully set forth here.

229.   Thurman acted recklessly in aiding Dunn's unlawful arrest of Plaintiff.

230.   Thurman's acts included unholstering his pistol and keeping it in hand.

231.   Thurman's act of unholstering and holding his pistol was a threatening act aimed at Plaintiff which could have caused Plaintiff physical injury or death and was extreme because Plaintiff had violated no laws nor threatened such.

232.   Thurman's acts were the cause of Plaintiff's emotional distress and the distress was sever.

233.   Beckman acted recklessly in aiding Dunn's unlawful arrest of Plaintiff.

234.   Beckman's acts included unholstering his pistol and keeping it in hand.

235.   Beckman's act of unholstering and holding his pistol was a threatening act aimed at Plaintiff which could have caused Plaintiff physical injury or death and was extreme because Plaintiff had violated no laws nor threatened such.

236.   Beckman's acts caused of Plaintiff's emotional distress and the distress was sever.

237.   Corkern acted recklessly in aiding Dunn's unlawful arrest of Plaintiff.

238.   Corkern's acts included pointing a rifle at Plaintiff from just a few feet away.

239.   Corkern's act of pointing a rifle was a threatening act aimed at Plaintiff which could have caused Plaintiff physical injury or death and was extreme because Plaintiff had violated no laws nor threatened such.

240.   Corkern caused Plaintiff's distress which was sever.

241.   Willis acted recklessly in aiding Dunn's unlawful arrest of Plaintiff.

242.   Willis' acts included unholstering his pistol and keeping it in hand.

243.   Willis' act of unholstering and holding his pistol was a threatening act aimed at Plaintiff

which could have caused Plaintiff physical injury or death and was extreme because Plaintiff

had violated no laws nor threatened such.

244.   Willis' acts were the cause of Plaintiff's emotional distress and the distress was sever.

245.   The recklessness of Willis, Thurman, Beckman and Corkern in aiding Dunn's unlawful arrest of

Plaintiff was outrageous and dangerous to the point that traffic along the state highway around them

had to be stopped in both directions during that time.

246.   Kelley acted intentionally in aiding Dunn's unlawful arrest of Plaintiff.

247.   Kelley locked Plaintiff in jail though she had no commitment papers to do so.

248.   Kelley acted intentionally in threatening Plaintiff with not being released on bail if

Plaintiff did not sign a paper he was unable to read for lack of glasses nor would he be provided

a copy of the paper.  See Plaintiff's Exhibit 13, All Purpose Bond signed under threat duress and

coercion attached to Plaintiff's Second Amended Complaint and incorporated herein by

reference.

249.   Kelley's conduct was extreme.

250.   Kelley's conduct was the cause of Plaintiff's distress and the distress was sever.

251.   Smith acting recklessly issued a warrant for Plaintiff which lacked probable cause.

252.   Smith's act caused Plaintiff an innocent person to be locked away in jail was extreme.

253.   Smith's act of causing Plaintiff's bail on a charge that lacked probable cause to be set so

high as to require him to go into debt was extreme.

254.    Smith's acts caused Plaintiff's emotional distress and the distress was sever.

255.    Pitts acted recklessly in moving or allowing to be moved Plaintiff's court record from its authorized location.

256.    Pitts' act involving a public record was extreme and outrageous.

257.    Pitts' act caused Plaintiff emotional distress and the distress was sever.

258.    Morrow acted intentionally in editing out Plaintiff from the jail video which became her response to Plaintiff's Public Information Request.

259.    Morrow's conduct as the NCSO Public Information Officer was extreme and outrageous.

260.    Morrow's act was the proximate cause of Plaintiff's emotional distress which was sever.

261.    Hilton acting under the supervision of Ponthier and Ponthier acted intentionally outside the scope of their duty in prosecuting Plaintiff over a class C misdemeanor and threatening to prosecute a felony both of which lacked probable cause.

262.    Hilton and Ponthier both learned counsel should have known the charges they used lacked probable cause making their conduct of pursuing and threatening to pursue charges against Plaintiff extreme and outrageous.

263.    As a result of Hilton and Ponthier's conduct Plaintiff suffered emotional distress and the distress was sever.

264.    Stanley intentionally avoided making contact with Plaintiff after being appointed Plaintiff's counsel for several months.

265.    Stanley intentionally mislead Plaintiff into believing he would file papers into Plaintiff's case which he never filed.

266.   Stanley intentionally delayed Plaintiff's case.

267.   Stanley's intentional avoidance, misleading conduct and delay was extreme and outrageous.

268.   Stanley's conduct was the proximate cause of Plaintiff's emotional distress and the distress was sever.

269.   Mixson acted recklessly when granting Stanley's motion to withdraw in a case that was outside his own jurisdiction.

270.   Mixson's act of ruling on case matters outside his own jurisdiction are extreme and outrageous.

271.   Mixson's conduct was the cause of Plaintiff's emotional distress and the distress was sever.

272.   As a proximate result of the actions of  Willis, Thurman, Beckman, Corkern, Kelley, Smith, Pitts, Morrow, Hilton, Ponthier, Stanley and Mixson Plaintiff suffered damages including money damages, emotional distress and mental anguish.

273.   Wherefore Plaintiff demands judgment for money damages against Defendants Willis, Thurman, Beckman, Corkern, Kelley, Smith, Pitts, Morrow, Hilton, Ponthier, Stanley and Mixson together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## VIII. COMPENSATION

274.   As a result of Defendants actions Plaintiff seeks remedy through the courts and request compensation for his time spent in prosecuting this case pro se.

## IX. CONSTITUTIONAL CHALLENGE

275.   Plaintiff raises this his Constitutional Challenge to Attorney Fees in 42 U.S.C. § 1988(b),  and any and all such Attorney Fees whether by statue or court order.  Not only does an award of attorney fees cover work product of the attorney whereas Pro se litigants as a none written rule are not entitled to compensation for their work, it is also true that attorney fees cover non-work product expenses making attorney fees either by statute or court order favoritism for litigants represented by covering

more of the "true cost" of litigation.  Attorney fees are un-Constitutional in that they give unjust

advantage to one party over another.

WHEREFORE, Plaintiff, Ralph Lynn Ferguson, Jr. respectfully requests that Defendants Eric

Marcine Dunn, Charles Willis, Josh Beckman, Brandon Thurman, Timothy Wayne Corkern, Steve

Holloway, Parvin Butler, Angie Brown, Pete Patrick, Gwen Kelley, Connie Smith, Linda Pitts, Ashley

Morrow, Robert Shane Hilton, Courtney Tracy Ponthier, Craig M. Mixson and J. Keith Stanley be cited

to appear and answer, and that on final hearing, Plaintiff have:

1. Damages in an amount within the jurisdictional limits of this court;

2. Pre- and post judgment interest on that amount at the legal rate;

3. Exemplary damages;

4. Just compensation for time spent as Pro se in prosecuting this cause;

5. attorney fees - should any be incurred;

6. Costs of suit; and

7. Any other relief that the court finds proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Rules of Civil Procedure, the Plaintiff demands trial by jury in

this action of all issues so triable.

Date: October 6, 2017

Respectfully submitted,
By: Ralph Lynn Ferguson Jr
Ralph Lynn Ferguson, Jr. Pro se
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
Phone:   337.462.2615
Fax:       337.462.0541

CERTIFICATE OF SERVICE

      I certify that on October 10, 2017, a copy Plaintiff's Fifth Amended Complaint was served on the following via USPS.

Larry James Simmons , Jr.        CMRRR
Germer, PLLC -Houston
2929 Allen Parkway
St. 2900
Houston, TX 77019

Sarah Crystal Dionne        Standard mail
(at the above address)

James Allen Payne, Jr.        CMRR
Fairchild Price Thomas Haley – Center
P.O. Box 1719
Center, Texas 75935-1719

Christopher Lee Lindsey        CMRR
Office of the Attorney General – Defense Div
300 W 15th Street
7th Floor
Austin, TX 78701

Pete Patrick        CMRRR
807 N. Margaret
Kirbyville, Texas 75956

Frank D. Calvert        CMRRR
2615 Calder Avenue, Suite 1070
Beaumont, Texas 77702

F Blair Clarke        Standard mail
(at above address)

And a complimentary copy of the style page and certificate of service page to the following.

Parvin Butler        Standard mail
P.O. Box 830
Newton, Texas 75966

Angie Brown        Standard mail
230 County Road 401
Kirbyville, Texas 75956Beaumont, Texas 77702

Ralph Lynn Ferguson, Jr.