FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

NOV 13 2017

BY
DEPUTY_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:16cv272 |
| | § | |
| ERIC MARCINE DUNN, et al | § | |
| Defendants. | § | Jury Requested |

**PLAINTIFF'S RESPONSE TO
DEFENDANT J. KEITH STANLEY'S THIRD MOTION TO DISMISS (Doc 129)**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, Ralph Lynn Ferguson, Jr., (hereafter "Plaintiff" or "Ferguson") in the above described and numbered cause, and files this his Plaintiff's Response to Defendant J. Keith Stanley's Third Motion to Dismiss(Doc. 129) and Notice and in support thereof, Plaintiff states the following:

**I.   Response to "FRAUD CLAIM" defense**

Plaintiff's Facts expressed, inferred, exhibited, disclosed and alluded to;

**1) Defendant made a material representation:** when 1) he said he was representing Plaintiff in the criminal charge against him aka Newton county Justice of the Peace Precinct 1 case #1140250. 2) said he would file a motion to dismiss in in that case. 3) he told Plaintiff in no uncertain terms that court dates are out of the reach of the defendant. All of which are evidenced by Plaintiff's Exhibit 17, Stanley's April 1, 2015, Telephone call to Ralph Ferguson. Attached to Plaintiff's Second Amended Complaint and incorporated by reference into Plaintiff's Fifth Amended Complaint.

**2) Defendant made a material representations were false:** Defendant 1) he did not file the

promised paper in Plaintiff's case. 2) did not file any papers in Plaintiff's case. 3) did not make an appearance in the case.

**3) Defendant knew at the time he made the material representations they were false:** Because 1) he never intended to file papers into the case. 2) he never did file any papers into the case. 3) he never made an appearance in the case. 4) at his motion to withdraw as Plaintiff's counsel he did so not in the court were that case was docketed but in another court and jurisdiction and at the hearing for that motion said in open court that he never represented Plaintiff in that case. See Plaintiff's Exhibit 18, Transcript of Stanley's Motion to Withdraw hearing. Attached to Plaintiff's Second Amended Complaint and incorporated by reference into Plaintiff's Fifth Amended Complaint.

**4) Defendant intended Plaintiff to act on the material representations that he knew was false at the time he made it:** Defendant wanted Plaintiff to act on the information that he was being represented by Defendant to stop his filing papers into the criminal case against him. This is evidenced by Newton county JP Precinct 1 Judge Smith's "Case Activity Notes" entry for "12-15-2014 TALKED WITH SHANE ABOUT MOTIONS THAT I KEEP GETTING FROM RALPH AND WAS TOLD TO QUIT WORRYING ABOUT IT .. HE HAS A COURT APPOINTED ATTORNEY AND TO WAIT UNTIL I HEAR FROM ATTORNEY .." See Plaintiff's Exhibit 30, Judge Connie Smith's Case Activity Notes. Attached to Plaintiff's Third Amended Complaint and incorporated by reference into Plaintiff's Fifth Amended Complaint.

**5) Plaintiff did rely upon Defendant's material representations that he knew was false at the time he made it:** Plaintiff believed Defendant would file papers in Plaintiff's criminal case and stopped his own filing of papers into that case and waited for Defendant to file papers and keep him posted as to the actions and a dismissal in the case. This is evidenced by Plaintiff not filing papers into

the case during this time. Plaintiff's copy of the case file was served on defendants in Plaintiff's Initial Disclosure.

**6) Plaintiff reliance on Defendant's material representations that he knew was false at the time he made it caused Plaintiff injury:** Plaintiff was damages financially and suffered mental anguish and standing in community by his name and address appearing in the local paper for evading arrest which has not been retracted. 1) Financially Plaintiff losses include purchasing legal self help material, cost of supplies and computer equipment including a printer, ink and paper, postage to send filings and gasoline for trips to the court. 2) Plaintiff's mental suffering includes mental anguish, emotional distress from finding out that he had been deceived by someone he trusted to do what would have been a simple job for him, that he was being paid to do albeit not paid by Plaintiff and experiencing the emotional distress that he would have to represent himself in a criminal matter.

In re Lipsky, 460 SW 3d 579 - Tex: Supreme Court 2015

Implicit in these decisions is the assumption that circumstantial evidence is not sufficiently "clear and specific" to satisfy the statutory burden. Other courts, focusing on the prima-facie-case language, have concluded that the statute permits the court to draw rational inferences from circumstantial evidence when determining whether the plaintiff has met its threshold factual burden. See Schimmel 588*588 v. McGregor, 438 S.W.3d 847, 855 (Tex. App.-Houston [1st Dist.] 2014, pet. denied); Combined Law Enforcement Ass'ns of Tex. v. Sheffield, No. 03-13-00105-CV, 2014 WL 411672, at *10 (Tex.App.-Austin Jan. 31, 2014, pet. filed) (mem.op.); Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd., 416 S.W.3d 71, 80 (Tex. App.-Houston [1st Dist.] 2013, pet. denied); In re Lipsky, 411 S.W.3d at 539.

The context establishes that the court was not attempting to define "clear and specific evidence" to exclude circumstantial evidence or to require only direct evidence to create a fact question. Such a definition would, of course, have been erroneous "[s]ince intent to defraud is not susceptible to direct proof [and] invariably must be proven by circumstantial evidence." Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432, 435 (Tex.1986). Similarly, the court in S. Cantu & Son did not define "clear and

specific evidence" to exclude circumstantial evidence but instead said that fraud could not be inferred from the "vague, indefinite, and inconclusive" testimony of interested witnesses.[7]

I. **Response to "CIVIL CONSPIRACY" defense**

Plaintiff's Facts expressed, inferred, exhibited, disclosed and alluded to;

**1) Defendants Stanley, Hilton and Ponthier conspired against Plaintiff:** Ponthier the Newton County District Attorney prosecuting Plaintiff should have know that the criminal charges against Plaintiff 1) lacked probable cause, 2) the complaint itself was prima facie evidence that Plaintiff was innocent. Evidenced by Dunn's Criminal Complaint of Plaintiff dated August 5, 2014. See Plaintiff's Exhibit 5, attached to Plaintiff's Second Amended Complaint and incorporated into Plaintiff's Fifth Amended Complaint. 3) Plaintiff was arrested for **Penal Code 38.02(a) Failure to Identify** a class C misdemeanor and is an ancillary charge and is not an arrestable offense. 4) Plaintiff was also charged with **Penal Code 38.04(b)(1)(B) Evading Arrest or Detention** a state jail felony and also an ancillary charge and is not an arrestable offense. Defendants have been mistakenly saying Plaintiff was arrested for this ancillary charge. 5) Dunn's criminal complaint clearly shows Plaintiff could not have done either of these crimes. 6) At Defendant Stanley's hearing for his Motion to Withdraw from Plaintiff's criminal case the transcript quotes Defendant Ponthier admitting that Stanley was appointed in the felony although Plaintiff had not request a court appointed attorney and Plaintiff had not yet been indicted on that charge, that "a felony charge was somewhat questionable", "Mr. Stanley agreed [to represent Plaintiff] and was appointed" and "to speak on your [Plaintiff's] behalf to see if it needed to be thrown out altogether or investigated further *or a plea offer needed to be made*." and "Mr. Stanley has been doing that all along, working with us to figure out a resolution ..."

4

MS. TRACY: Your Honor, he also has a **felony evading charge pending**. So, he -- his court appointment was for both charges. He has a felony charge pending too.
MS. TRACY: Yes, sir. Our grand jury meets next Wednesday, the 22nd. Just to clarify Mr. Stanley was appointed as counsel originally on the misdemeanor --
MS. TRACY: **And there was a felony charge that was somewhat questionable.** We were waiting for more information on it. So, **in the meantime, Mr. Stanley agreed and was appointed** to handle both cases because we were hoping to be able to work everything out without ever needing to go to grand jury. **So, that was the purpose of having the same attorney for both cases so that we could resolve everything and have somebody to speak on your behalf to see if it needed to be thrown out altogether or investigated further _or a plea offer needed to be made_. And Mr. Stanley has been doing that all along, working with us to figure out a resolution to the case without it ever needing to go to grand jury.** So, at this point, these months later, it's now going to the grand jury; and they may or may not bill him. You have no idea.
MS. TRACY: **That's why originally he was appointed on the misdemeanor but is handling the felony too so we could try to work out a package resolution for everything.**

7) The charging instrument is prima facie evidence there was no crime. Stanley, Ponthier and Hilton the assistant prosecutor assigned Plaintiff's case, were not practicing law but were accomplishing an object far removed from justice or anything that would benefit Plaintiff.

    **2) Defendants Stanley, Hilton and Ponthier's objective to accomplish:** These Defendants objective was to remove Defendant Dunn the arresting officer from liability and any other persons involved in Plaintiff's unlawful arrest. Hilton and Ponthier would be protecting their own within the law enforcement ranks and Stanley could achieve higher social status and eventual financial gain from helping someone with their own social standing higher than that of Plaintiff. 1) Plaintiff's arrest lacked probable cause and was unlawful. 2) Plaintiff could have had a Texas TORT Claim on one or more government officials involved in the unlawful arrest.

    Three things could have prevented Plaintiff from seeking remedy for unlawful arrest and damages to his car and cost of towing and impounding of car as well as cost to borrow money from bonds man to get out of jail. 1) failure to give **notice** to governmental body of TORT claim potential

5

within 6 months from the time of the occurrence giving rise to the claim. 2) statute of limitation would have to run out on time to file constitutional violation for unlawful arrest which is 2 years from time of arrest. And 3) if Plaintiff were to make a plea bargain on the charges of failure to identify and evading arrest.

Plaintiff made a telephone call to Stanley's office when learning of his appointment yet Stanley refused to contact Plaintiff for over 4 months after he was appointed for the very reason that Plaintiff would inquire as to remedy about the damages he suffered over an arrest for a charge that was not an arestable offense which is exactly what Plaintiff did the first time he was able to talk to his court appointed attorney Stanley to which Stanley did not respond leaving Plaintiff to believe there were no time constraints to worry about.

This first contact from Stanley was 8 months after the arrest and thus after the statute of limitations had expired in the TORT claim Plaintiff could have had and was intended to be so.

Stanley told Plaintiff in the telephone conversation of April 1, 2015, in no uncertain terms that court dates are out of the reach of the defendant, could take 8 years, and was setting the stage for Plaintiff to wait until the statute of limitations had run on a constitutional violation claim which is 2 years.

Ponthier should have known the charging instrument she pursued Plaintiff with lacked probable cause and was in fact a prima facie showing Plaintiff's innocence and that the case was not only not winnable but would as a mater of law have to be dismissed if a motion were ever filed for that purpose. However, Ponthier says in the above mentioned Stanley's withdrawal hearing that her office and Stanley had been working "to figure out a resolution to the case without it ever needing to go to grand jury." For 8 months Stanley and Ponthier were trying to work out a resolution on a criminal charge that lacked the elements of a crime and only stated that the person charged could not have committed a

6

crime and Stanley told Plaintiff nothing of the deficiency of the criminal complaint.

Clearly there was on objective and that objective was to gain a plea bargain or run out the clock on any possible claims Plaintiff could have.

**3) Defendants Stanley, Hilton and Ponthier a meeting of the minds:** Ponthier stated in open court at Stanley's withdrawal hearing that Stanley had agreed to represent Plaintiff. Stanley was present when Ponthier said this and id not disagree.

Ponthier at the above mentioned hearing said that Stanley had been working with her office all this time to figure out what to do an again Stanley did not disagree and later Stanley said;

> *"Judge, before we go off the record, I want to clarify for myself, his statement that I've not been working on the case, I extremely disagree with that. I have been working on the case. He disagrees with how I've been working on the case, but I want it clear on the record, just in response to what he said earlier, I vehemently disagree with that. That's part of the problem."*

Any meeting in relation to Plaintiff's criminal case by those who know the law and had read the criminal complaint as both Stanley and Ponthier and did not come to the conclusion that the charges should be dismissed as soon as possible meaning as soon as the defendant in that case said he wanted them dismiss to his court appointed attorney would have to infer that there was a reason for not ding so. And that reason can just as easily be inferred to be to protect that someone that had committed the act that was described in the criminal complaint against Plaintiff which was an unlawful arrest.

**4) Defendants Stanley, Hilton and Ponthier's overt unlawful act:** Deprived Plaintiff of his due process right to remedy through Texas TORT claims act by running out the clock on that claim.

The use of fraud on Plaintiff to make him believe that he was being represented by Stanley.

Defraud Plaintiff into believing he would have to accept a plea bargain.

**5) Plaintiff's damages:** Plaintiff suffered damages including loss of a state causes of action he

could have had against those who unlawfully arrest him, damaged his car, imposed car towing and impound storage fees on him, cost to borrow money from bondsman to get out of jail, mental anguish and emotional distress.

Holloway v. LAMAR COUNTY, Dist. Court, SD Mississippi 2015

Likewise, a civil conspiracy does not necessarily require proof of "fraud, malice, libel, slander, or defamation or any criminal offense." MISS. CODE ANN. § 11-46-5(2). The fourth element of a civil conspiracy — an unlawful overt act — may be based on a tort. See Aiken v. Rimkus Consulting Group, Inc., 333 F. App'x 806, 812 (5th Cir. 2009); Wells v. Shelter Gen. Ins. Co., 217 F. Supp. 2d 744, 755 (S.D. Miss. 2002). Therefore, a civil conspiracy's MTCA status depends on the plaintiff's allegations and the nature of the overt actions in furtherance of the conspiracy. See Delaney v. Miss. Dep't of Pub. Safety, No. 3:12-CV-229-TSL-MTP, 2013 U.S. Dist. LEXIS 9600, *17-*19 (S.D. Miss. Jan. 24, 2013); McBroom, 2010 U.S. Dist. LEXIS 107124 at *25. Defendants failed to discuss Plaintiff's allegations underlying the conspiracy claim.

### III. Response to "MALICIOUS PROSECUTION" defense

**1) Commencement:** August 5, 2014, Plaintiff charged with Penal Code 38.02(a) Failure to Identify a class C misdemeanor Newton County Justice of the Peace Court Precinct 1 case #1140250. See Plaintiff's Exhibit 5 ibid.

**2) Perpetuation:** Defendant a criminal defense attorney appointed to the case should have known the charging instrument used to prosecute Plaintiff lacked probable cause.

Defendant a criminal defense attorney should have known to dismiss the criminal charge as a matter of law.

Defendant a criminal defense attorney for 8 months filed no papers into Plaintiff's case.

Defendant a criminal defense attorney refused to tell Plaintiff the charge against him lacked probable cause and without probable cause the prosecution of the case was malicious.

Defendant a criminal defense attorney told Plaintiff that he knew of a case that had not gone to trial in 8 years to influence Plaintiff into believing that the charges against him would be ongoing for years. Thereby perpetuating, continuing and delaying the case.

Defendant a criminal defense attorney was appointed on November 19, 2014 and had the Trial date of December 11, 2014, postponed to give himself time to prepare and a new trial date was not set. Thereby perpetuating, continuing and delaying the case.

It can be inferred from Defendant's actions and lack of action that he was continuing the prosecution of Plaintiff until such time as Plaintiff accepted an unfavorable outcome.

**3) Charges dismissed** against Plaintiff on July 22, 2015. See Plaintiff's Exhibit 19, Newton Dismissal of Charges Against Plaintiff attached to Plaintiff's Second Amended Complaint and incorporated by reference into Plaintiff's Fifth Amended Complaint.

**4) Plaintiff's innocence** appears prima facie on the face of the charging instrument.

**5) Absence of probable** cause appears on the face of the charging instrument.

**6) Malice in filing the charge** is inferred form the fact that the charge lacked probable cause.

**7) Plaintiff was damaged** financially Plaintiff's losses include purchasing legal self help material, cost of supplies and computer equipment including a printer, ink and paper, postage to send filings and gasoline for trips to the court. Plaintiff suffered mental anguish, emotional distress from the malicious prosecution and standing in community by his name and address appearing in the local paper for evading arrest which has not been retracted.

IV.  **Response to "INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS" defense**

Though Plaintiff called the office of Defendant Stanley upon learning of his appointment to Plaintiff's case and gave his secretary Plaintiff's contact information Stanley intentionally avoided making contact with Plaintiff for over 4 months. Stanley intentionally mislead Plaintiff into believing

9

he would file papers into Plaintiff's case which he never filed. Stanley intentionally delayed Plaintiff's criminal case for months. Stanley's intentional avoidance, misleading conduct and delay was extreme and outrageous. Stanley's conduct was the proximate cause of Plaintiff's emotional distress and the distress was sever.

## CONCLUSION

Plaintiff has in this response and other pleading stated sufficient facts supported by statute and case law to maintain his claims on Defendant Stanley. Any deficits in Plaintiff's pleadings may be remedied with amendment.

**WHEREFORE**, Plaintiff, Ralph Lynn Ferguson, Jr. respectfully requests that this court recognize Plaintiff's responses as adequate and sufficient to deny in its entirety Defendant J. Keith Stanley's Third Motion to Dismiss.

Respectfully submitted,

By: *Ralph Lynn Ferguson Jr*
Ralph Lynn Ferguson, Jr. Pro se
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
Phone:  337.462.2615
Fax:      337.462.0541

## CERTIFICATE OF SERVICE

I certify that on November 13, 2017, a copy Plaintiff's Response to Defendant J. Keith Stanley's Third Motion to Dismiss (Doc. 129) was served on the following via USPS.

Larry James Simmons , Jr.
Germer, PLLC -Houston
2929 Allen Parkway
St. 2900
Houston, TX 77019

Sarah Crystal Dionne
(at the above address)

James Allen Payne, Jr.
Fairchild Price Thomas Haley – Center
P.O. Box 1719
Center, Texas 75935-1719

Christopher Lee Lindsey
Office of the Attorney General – Defense Div
300 W 15th Street
7th Floor
Austin, TX 78701

Pete Patrick
807 N. Margaret
Kirbyville, Texas 75956

Frank D. Calvert
2615 Calder Avenue, Suite 1070
Beaumont, Texas 77702

F Blair Clarke
(at above address)

And a complimentary copy of the style page and certificate of service page to the following.
Parvin Butler
P.O. Box 830
Newton, Texas 75966

Angie Brown
230 County Road 401
Kirbyville, Texas 75956

*Ralph Lynn Ferguson Jr* (signature)
Ralph Lynn Ferguson, Jr.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:16cv272 |
| | § | |
| ERIC MARCINE DUNN ET AL | § | |
| | § | JURY REQUESTED |

## ORDER

On this date came on to be heard, **DEFENDANT J. KEITH STANLEY'S THIRD MOTION TO DISMISS**. After considering the motion, any response or any arguments of counsel or pro se parties, and the evidence, the Court is of the opinion that DEFENDANT J. KEITH STANLEY'S THIRD MOTION TO DISMISS should be **DENIED** in its entirety.

It is therefore, **ORDERED, ADJUDGED** and **DECREED** that DEFENDANT J. KEITH STANLEY'S THIRD MOTION TO DISMISS be **DENIED**.