FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

NOV 1 3 2017

BY
DEPUTY_____

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  1:16cv272 |
| | § | |
| ERIC MARCINE DUNN, et al | § | |
| Defendants. | § | Jury Requested |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS DUNN & HOLLOWAY'S FOURTH MOTION TO DISMISS
& BRIEF IN SUPPORT DOCUMENT 130**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, Ralph Lynn Ferguson, Jr., (hereafter "Plaintiff" or "Ferguson") in the above described and numbered cause, and files this his Response to Defendants Dunn & Holloway's Fourth Motion to Dismiss & Brief in Support document 130 and in support thereof,  Plaintiff states the following:

**I.**

Plaintiff's claims flow from an unlawful arrest that occurred after a traffic stop for an alleged Transportation Code (herein "Trans. Code" or "Code") violation.  At the time of the traffic stop the initiator of the traffic stop DPS Trooper II Eric Dunn (herein "Defendant Dunn" or "Dunn") was given notice by Plaintiff that Plaintiff was not engaged in the regulatable activity of transportation.

Defendant's state "Plaintiff has now filed six complaints in this matter, several of which are referenced by and incorporated into Plaintiff's latest, the Fifth Amended Complaint."  In fact Plaintiff has only "incorporated by reference exhibits previously attached to previous amendments".

Defendants claim that Plaintiff's Third Amended complaint Doc. 108 at 9 contains "previous

admissions that he refused to provide a driver's license or otherwise identify himself to Dunn at any point during the traffic stop."  Plaintiff's Third Amended Complaint contains no such language and since Defendants are not using quotes from that document primarily because they do not exist their assertion that Plaintiff is attempting to conceal same are abusive in nature and designed to be misleading to the court.  The record in this respect clearly shows that Plaintiff merely ask Dunn to give Plaintiff a lawful reason to identify himself.

Defendants state "Defendant Holloway has previously been dismissed from this matter."  and reference Docs. 34, 78.  Document 78 "Order Overruling Objections and Adopting Report and Recommendation of United States Magistrate Judge" signed by Judge Clark should be sufficient to clear this matter.  Judge Clark wrote "Consistent with Judge Hawthorn's recommendation, however, Ferguson is permitted fourteen days from the date of receipt of this order to amend his complaint with respect to his federal law claims against Holloway to illustrate how Holloway's conduct constitutes a violation under § 1983."  Plaintiff has submitted Plaintiff's Second Amended Complaint Doc. 92 in a timely manner thereby keeping Plaintiff's claims against Holloway active.  Defendants statement that Plaintiff's claims against Holloway had been dismissed are frivolous.

Defendants assert "Defendants hereby reference, incorporate and reiterate their previous motions to dismiss for the purposes of judicial economy and efficiency."  Plaintiff admittedly does not make sense of this assertion by Defendants.  Defendants have filed four motions to dismiss Doc. 34 was responded to and ruled on, Doc. 110 and 122 were ruled as moot leaving Doc. 130 which Plaintiff is herewith responding to.  Plaintiff can only surmise that Defendants have made an error in calling up mooted documents.

Plaintiff's Fifth Amended Complaint part IV. Page 5 paragraph 5 states in part:  "Dunn has at all times relevant herein been employed as a trooper and acting under the color of law for the Texas

Department of Public Safety ..." to which Defendants are asserting "It is undisputed that at all relevant times Dunn and Holloway **were acting in the scope of their employment** as a State Troopers employed by the Texas Department of Public Safety (DPS)."   Defendants are frivolous at best or even abusive.

**II.**

Defendants state "Plaintiff claims that Dunn had no right to detain him, because Plaintiff believes that his operation of a motor vehicle on Texas roads in not "regulatable activity of transportation nor ... commerce," and is thus not subject to the provisions of the Texas Transportation Code."   In reality Plaintiff "believes" no such thing and Plaintiff demands strict proof that he is "operating a motor vehicle on Texas roads" or that Plaintiff "believes that his operation of a motor vehicle on Texas roads in not "regulatable activity of transportation nor ... commerce,".   Defendants are merely being fanciful in altering the facts of the case to fit their weak defenses and submitting frivolous testimony via their motion to dismiss.   In fact Dunn in ignoring the lack of the primary element of the allegation of a Trans. Code violation which is that one must be engaged in commercial or for hire activity made an irrebuttable legal presumption with no substantive facts or evidence in support that Plaintiff was engaged in the regulatable activity of transportation.   Surely DPS employees know their own mission statement and are aware that the Trans. Code is the regulatory arm of the Department of Public Safety found in Texas Administrative Code Title 37 Part 1 Ch 1 Subchapter A Rule §1.2.2 (herein "Rule 1.2.2").   The Trans. Code is a code of limited enforcement which unlike the Penal Code specifically sets out within the code itself who is given authority to enforce the Code.   Furthermore, the DPS's Mission Statement Rule 1.2.2 in recognizing "commercial and for hire traffic" would of necessity have to recognize non-commercial traffic and it does in Rule 1.2.1.

The controlling law for the Trans. Code is Texas Administrative Code Title 37 Part 1 Ch 1

3

Subchapter A Rule §1.2 Mission (herein "Rule 1.2")

> The mission of the Texas Department of Public Safety is:
> (1) to supervise traffic on rural highways;
> (2) to supervise and regulate commercial and "for hire" traffic;
> (3) to preserve the peace, to investigate crimes, and to arrest criminals;
> (4) to administer regulatory programs in driver licensing, motor vehicle inspection, and safety responsibility; and
> (5) to execute programs supplementing and supporting the preceding activities.

The Texas Administrative Code continues to provide further evidence that the Coded is a code of limited enforcement and does not regulate the people in their private lives is Rule 1.11, in pertinent part:

> Title 37 Public Safety and Corrections Part 1 Texas Department of Public Safety Chapter 1 Organization and Administration Subchapter B Basic Doctrine Rule §1.11 Basic Doctrines (herein "Rule 1.11").
>
> (c) ***The department recognizes that government exists for the benefit of the governed-the people.*** Enforcement and regulatory actions against persons are carried out for the benefit of society as a whole. The department does not act to adjudicate or rectify injustices, inequities, or wrongs between individuals, but acts only to maintain order for the preservation and protection of society as a whole.
>
> (d) **It is a solemn obligation of members of the department to uphold the constitutions of the United States and the State of Texas** *as well as to enforce the statutory enactments.* **Constitutional provisions take precedence over statutory enactments. In the enforcement of the provisions of a statute, personnel of** ***the department of public safety will refrain from infringing upon any rights or privileges guaranteed by the constitutions.***
>
> (f) **It is the policy of the department to assume primary responsibility for** traffic supervision on the rural highways of this state, including **the *regulation* of commercial traffic**.

Certainly "supervision" would be along the lines of "Bridge Out Ahead" or "Caution Bridge Ices Before Road". While on the regulatory side would be the enforcement of commercial traffic carrying only weights within their weight range or regulating how many people can fit on a bus.

"Defendant concedes that Plaintiff was not lawfully subject to arrest for failure to identify under Texas Penal Code" and yet Plaintiff was arrested for that very thing.  Now Defendants are ignoring the lack of the primary element of the allegation of a Trans. Code violation which is that one must be engaged in commercial or for hire activity.  Instead Defendants are making an irrebuttable legal presumption with no substantive facts or evidence in support that Plaintiff is subject to the Trans. Code.  At no time did Plaintiff "refuse" to do anything to which he was lawfully responsible to do.  Plaintiff can not be said to "refuse" to do a thing to which Plaintiff is not liable to do.

Defendants state "At Timestamp 30:45, already with probable cause to arrest, Dunn warns Plaintiff that he will be arrested if he does not start complying."  And eventually Dunn does arrest Plaintiff and for a non-arrestable ancillary charge and Plaintiff complied when he was told he was under arrest albeit an unlawful arrest.

Defendants statement "Throughout minute 41, Dunn engages in a discussion of how best to **tactically** approach **extracting** Plaintiff to minimize **danger** for all persons involved." only goes to show the unreasonableness of Defendants Dunn and his Supervisor Holloway who was kept informed of the situation Dunn was creating at his instruction.  The only person that was ever in danger is most obviously the Plaintiff and it must be noted here that Dunn is discussing "of how best to tactically approach extracting Plaintiff" even though Plaintiff has made no threating gestures and Plaintiff had not been arrested.  Plaintiff ask if he was under arrest repeatedly and was repeatably given a non-answer but was never informed that he was actually under lawful arrest.

Defendants would have the court believe that there is no such thing as excessive force if the arrest is legal which simply is not true.

The only threat that Dunn received from Plaintiff was in Plaintiff invoking his rights which only an unreasonable person would actually consider a threat however, Dunn must have considered

5

Plaintiff's rights a threat because he radioed for help with Plaintiff who was protecting his rights to be free from government intrusion, unreasonable and blatantly unlawful conduct by trooper Dunn.

At Timestamp 44:00 Dunn states he is arresting Plaintiff for failure to identify to which Plaintiff responds by asking "How far are you willing to go?"  This is considered a question in the English language to which Dunn replied not with words but with brute force.  Dunn did not reply 'I will break your window." or respond with any words at all.  Also, Dunn did not issue a lawful order to arrest Plaintiff because Failure to Identify Penal Code 38.02 is not an arrest-able offense.  Dunn was unreasonable in his arrest of Plaintiff who had not violated any laws.  Dunn did not offer Plaintiff time to respond to his unlawful demand.

Plaintiff having made no threatening gestures physically or verbally for 40 minutes and at times being surrounded by public servants displaying deadly weapons was actually arrested albeit for a non-arrestable ancillary charge and was not given the opportunity to comply with Dunn's unlawful order before Dunn shattered Plaintiff's car window which was unreasonable in light of the totality of the events.

Defendants should go back and count the seconds that expired between the time that Plaintiff was told he was under arrest for a charge he knew was not an arrestable offense and which he had already noticed Dunn that no such authority exist to arrest for that charge of failure to identify and explain how Plaintiff managed to "barricade" himself in his car during that time.

Dunn's arrest of Plaintiff was under the directives of Holloway his supervisor who he was in communications with as clearly stated in Plaintiff's Fifth Amended Complaint.  Holloway a supervisor should have been fully aware of the DPS Mission Statement which clearly says what traffic can be supervised and what traffic can be supervised and regulated.  Dunn was clearly taking his directives from Holloway an officer who was acting illegally and without lawful authority in instructing Dunn to

arrest Plaintiff for a non-arrestble ancillary charge making Dunn equally guilty in the eyes of the law for the act.

Texas Code of Criminal Procedure Article 15.17 clearly states that an accused person arrested without warrant shall be taken before a magistrate without unnecessary delay.  Dunn took Plaintiff directly to jail from the place of arrest.  Dunn violated Texas Code of Criminal Procedure Article 15.17 creating a procedural due process violation on Plaintiff.

Dunn was responsible for taking Plaintiff before a neutral and unbiased magistrate and he did not do this.  Dunn gave his "Affidavit and Complaint For Warrant Of Arrest And Detention" to J.P. Connie Smith (named defendant in this lawsuit) who rubber stamped Dunn's trumped up felony charge to punish Plaintiff for invoking his rights which lead to an unreasonably high bail that required Plaintiff to borrow money before being released form jail as stated in Plaintiff's Fifth Amended Complaint.

Holloway knew what Dunn was doing before Dunn did because Dunn ask Holloway if he could do it.  From Plaintiff's Fifth Amended Complaint at 18 "Dunn telephoned Holloway prior to his arrest of Plaintiff advising Holloway of the situation and asking his permission.  As evidenced by Dunn's cruiser recording of the arrest which picked up Dunn's part of the conversation, including but not limited to; Dunn to Holloway; *"Let me bring you up to speed on something then I'm gonna ask your permission."* and *"I'm glad you said that because I had not thought of that.".*  This conversation lead to Dunn arresting Plaintiff fro the non-arrestable ancillary charge of failure to identify.  See Plaintiff's Exhibit 6, ibid.  At which time Holloway not only failed to supervise Dunn against arresting Plaintiff on a non-arrestable offense but actually advised Dunn on the arrest of Plaintiff.  Only time for adequate discovery will reveal what is for now exclusivity secret between these two public servants.  Holloway has a causal link with the unlawful arrest of Plaintiff which was a violation of Plaintiff's Fourth

Amendment guarantee to be free from arrest which lacked probable cause which is evidenced by Dunn's cruiser recording of Dunn and Holloway's two or more telephone conversations..

Though parts of Dunn's and Holloway's phone conversation are audible and certainly provide ample facts to support Plaintiff's claims against Holloway's involvement in Plaintiff's arrest some fact may remain exclusively with the Defendants until such time as adequate discovery has had time to transpire.

**CONCLUSION**

Plaintiff has in this response and other pleading stated sufficient facts supported by statute and case law to maintain his claims on defendants Eric Dunn and Steve Holloway and discovery will only strengthen Plaintiff's claims concerning Dunn and Holloway's telephone conversations and other things.

**WHEREFORE**, Plaintiff, Ralph Lynn Ferguson, Jr. respectfully requests that this court recognize Plaintiff's responses as adequate and sufficient to deny in its entirety Defendants Dunn & Holloway's Fourth Motion to Dismiss.

Respectfully submitted,


By: _Ralph Lynn Ferguson Jr._
Ralph Lynn Ferguson, Jr. Pro se
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
Phone:   337.462.2615
Fax:       337.462.0541

## CERTIFICATE OF SERVICE

      I certify that on November 13, 2017, a copy Plaintiff's Response to Defendants Dunn & Holloway's Fourth Motion to Dismiss & Brief in Support Document 130 was served on the following via USPS.

Larry James Simmons , Jr.
Germer, PLLC -Houston
2929 Allen Parkway
St. 2900
Houston, TX 77019

Sarah Crystal Dionne
(at the above address)

James Allen Payne, Jr.
Fairchild Price Thomas Haley – Center
P.O. Box 1719
Center, Texas 75935-1719

Christopher Lee Lindsey
Office of the Attorney General – Defense Div
300 W 15th Street
7th Floor
Austin, TX 78701

Pete Patrick
807 N. Margaret
Kirbyville, Texas 75956

Frank D. Calvert
2615 Calder Avenue, Suite 1070
Beaumont, Texas 77702

F Blair Clarke
(at above address)

And a complimentary copy of the style page and certificate of service page to the following.
Parvin Butler
P.O. Box 830
Newton, Texas 75966

Angie Brown
230 County Road 401
Kirbyville, Texas 75956


Ralph Lynn Ferguson, Jr.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

Ralph Lynn Ferguson, Jr,                    §
                                            §
v.                                          §          CIVIL ACTION NO.  1:16cv272
                                            §
ERIC MARCINE DUNN ET AL                     §
                                            §              JURY REQUESTED

## **ORDER**

On this date came on to be heard, DEFENDANTS DUNN & HOLLOWAY'S FOURTH

MOTION TO DISMISS.  After considering the motion, any response or any arguments of counsel or

pro se parties, and the evidence, the Court is of the opinion that DEFENDANTS DUNN &

HOLLOWAY'S FOURTH MOTION TO DISMISS should be **DENIED** in its entirety.

It is therefore, **ORDERED, ADJUDGED** and **DECREED** that DEFENDANTS DUNN &

HOLLOWAY'S FOURTH MOTION TO DISMISS be **DENIED**.