**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

DEC - 4 2017

BY
DEPUTY_____

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  1:16cv272 |
| | § | |
| ERIC MARCINE DUNN, et al | § | |
| Defendants. | § | Jury Requested |

**PLAINTIFF'S SUR-REPLY TO**
**DEFENDANT TIMOTHY WAYNE CORKERN'S REPLY (Doc. 141)**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, Ralph Lynn Ferguson, Jr., (hereafter "Plaintiff" or "Ferguson") in the

above described and numbered cause, and files this his Sur-Reply to Defendant Timothy Wayne

Corkern's Reply to Plaintiff's Response (Doc. 140) to Defendant's 12(b)6) Motion to Dismiss (Doc.

125) Plaintiff's Fifth Amended Complaint (Doc. 123) and in support thereof,  Plaintiff states the

following:

1.

Defendant states **"Further, Tex. Penal Code §38.02(a) makes it unlawful to fail to identify**

**yourself to an officer.  Thus, Plaintiffs arguments are without merit."**  Defendant is apparently

actually editing out a portion of this statute which states ***"who has lawfully arrested the person"* *see***

***below***.  By intentionally leaving out this element of the charge found within the same sentence

Defendant is altering this statute to mislead the court into believing defendants have probable cause

when they do not.  This act of intentionally editing statute law to create something that does not exist is

unreasonable and abusive and should cause concern over all Defendant's pleadings.

Penal Code Sec. 38.02.  FAILURE TO IDENTIFY.  (a) A person commits an offense if he

intentionally refuses to give his name, residence address, or date of birth to a peace officer **who has lawfully arrested the person** and requested the information.

Penal Code 38.04 another charge on Dunn's Criminal Complaint of Plaintiff is not an arrestable charge nor do Dunn's facts stated in his Criminal Complaint show probable cause for such a charge and actually contradict the charge

Penal Code Sec. 38.04. EVADING ARREST OR DETENTION. (a) A person commits an offense if he **intentionally flees** from a person he knows is a peace officer or federal special investigator attempting **lawfully** to arrest or detain him.

2.

Defendant's refusal to accept statute law is not limited to the Penal Code as he has repeatedly either ignored Rule 1.2 or altered its clear language again to suit his defenses.

Texas Administrative Code Title 37 Part 1 Ch 1 Subchapter A Rule §1.2 Mission (herein "Admin. Code Rule 1.2") pertinent parts.
The mission of the Texas Department of Public Safety is:
(1) to **supervise** traffic on rural highways;
(2) to **supervise** and **regulate commercial** and "**for hire**" traffic;

Texas Administrative Code Title 37 Part 1 Ch 1 Subchapter B Rule §1.11 Basic Doctrines (herein "Admin. Code Rule 1.11") pertinent parts.
 (f) **It is the policy of the department to assume primary responsibility for** traffic supervision on the rural highways of this state, including **the _regulation_ of commercial traffic**.

The Vagueness doctrine in part states; In American constitutional law, a statute is void for vagueness and unenforceable if it is too vague for the average citizen to understand. There are several reasons a statute may be considered vague; in general, a statute might be called void for vagueness reasons when an average citizen cannot generally determine what persons are  *regulated,* what conduct is prohibited, or what punishment may be imposed. Criminal laws which do not state explicitly and definitely what conduct is punishable for example are void for vagueness. (emphasis added)

It should appear from the plain language of Admin. Code Rules 1.2 and 1.11 these rules are written to prevent the unnecessarily and often arbitrary interpretation by specifically stating exactly who are the _**"regulated".**_

Defendant would have this Court believe that subordinate statutes supersede dominant and

2

superior statutes and laws.  Defendant suggest **Texas Administrative Code §3.21. Requirement To Take Action**. _(a) General. Department of public safety traffic law enforcement officers, so far as practicable under the circumstances, will stop every violator of the traffic laws observed by them and take appropriate enforcement action against them._ This section is precisely that part of Admin. Code Rule 1.2 which deals with regulation.

The "traffic laws" are those laws authorized by Rule 1.2 and are clearly synonymous with regulate.  Like "sheets of cloth" which become curtains when placed in a window, the "regulatory" rules authorized by Admin. Code Rule 1.2(2) became the Trans. Code.  Plaintiff believes this is clear and does not need mentioning accept that as explained above Defendant has a knack for altering and editing statute law to suit his defenses.

Defendant states "There is no **expressed exclusion** for the non-commercial driving public; only all-encompassing general language that includes **all** traffic."  Defendant is being intentionally unreasonable and frivolous.   Admin. Code Rule 1.2 states exactly who it is to be supervised and who it is to be supervised and regulated.  As previously state the Admin. Code Rule 1.2 states exactly who it is to regulate and in so doing avoids vagueness and ambiguity.

> **Regulate** from Black's Law Dictionary Sixth;  To fix, establish, or **control**; to adjust by rule, method, or established mode; **to direct by rule or restriction**; to subject to governing principles or laws. The power of Congress to regulate commerce is the power to enact all appropriate legislation for its protection or advancement; to adopt measures to promote its growth and insure its safety; to foster, protect, control, and restrain. Virginian Ry. Co. v. System Federation No. 40, Railway Employees Department of American Federation of Labor, C.C.A.Va., 84 F.2d 641, 650. It is also power to prescribe rule by which **commerce** is to be governed, and embraces prohibitory **regulations**. United States v. Darby, 312 U.S. 100, 657, 61 S.Ct. 451, 456, 85 L.Ed. 609. Regulate means to govern or direct according to rule or to bring under control of constituted authority, **to limit and prohibit**, to arrange in proper order, and to control that which already exists. Farmington River Co. v. Town Plan and Zoning Commission of Town of Farmington, 25 Conn.Sup. 125, 197 A.2d 653, 660. (emphasis added)

3

To **supervise** is to watch and direct and is in complete contrast to **regulate**.

Defendant is unreasonably assuming Plaintiff is guilty of one or more Trans. Code violations when no court has rendered such a decision nor has any defendant in this case introduced facts or evidence that Plaintiff is in that class of persons to which the Trans. Code applies.

3.

Plaintiff does take issue with "barricade" and "sheets of cloth" as they are material misrepresentations of facts designed to justify that which is not justifiable in the present case which is an unlawful arrest, use of excessive force in that unlawful arrest, and the seizure of Plaintiff's personal property.  Sheets of cloth placed in a window become curtains to suggesting otherwise is misleading.

> Barricade, noun, 1. a barrier set up by police to stop traffic on a street or road in order to catch a fugitive or inspect traffic etc.  2. a barrier (usually thrown up hastily) to impede the advance of an enemy .
> Barricade, verb, 1. render unsuitable for passage block the way; barricade the streets; stop the busy road  2. prevent access to by barricading .   3. block off with barricades

Plaintiff did not "barricade" but he did invoke, demand and protect his rights in the face of unreasonable law enforcement officers which if it appeared to them Plaintiff's rights were a "barricade" then that only establishes their acts as outside the scope of their duties.  It is not Plaintiff's responsibility that defendants do not know the law, are incompetent or willfully violating the law and or are unwilling to accept the law as given notice to them by Plaintiff.  There are no facts to support a statement that Plaintiff barricaded himself in his car.

> Thesaurus.com: curtain; noun, 1. a hanging piece of fabric used to shut out the light from a *window*, adorn a room, increase privacy, etc.

> https://www.thefreedictionary.com/curtain: n. 1. A piece of fabric or other material that hangs in a *window* or open space as a decoration, shade, screen, or divider.

4.

Defendant would have this court believe that law enforcement is not responsible for their own

acts because they were under the directives of another officer.  In the present case the officer giving the directives created falsehoods in his criminal compliant that have been recognized and admitted to see DPS defendants Motion to Dismiss Doc. 34 at 9.  If law enforcement is subject to falsehoods and not immune from making mistakes in fact and law then by extension law enforcement can not rely solely on a lead officer and like making plans for officer safety that planning ability must include whether the officer is acting outside the scope of his duties.

In the present case all law enforcement including Defendant knew or should have known that Plaintiff had not been placed under arrest while they were busy making their plans to extract Plaintiff from his car and planned for officer safety in the process.  Also, Plaintiff's curtains were not under surveillance during the planning stages of extracting the not yet arrested Plaintiff, clearly implying that there was no serious concern over what Plaintiff did or did not have in his car.   Defendant pointed a gun at Plaintiff while Plaintiff's hands were in plain sight.

5.

Defendant Corkern chose of his own free will to follow orders that were unlawful and acted with those unlawful orders rather than surmise the situation for himself which was that Plaintiff had not been placed under arrest and there was no probable cause to act other than to inform Plaintiff that he was under arrest or to inform Plaintiff he was free to leave.

Defendant is not specifically prevented by statute from seeking his own information merely because there is a lead officer and that information is not limited to officer safety.  When such a low level criminal act such as not properly wearing a seat belt and or not displaying a license upon demand is alleged both offenses found in the Trans. Code a code limited enforcement and is an arrestable offense then it must be paramount that the officer have the elements of those charges before making an arrest over what the people consider a trivial matter.  For the officer to limit his cognizant ability to

5

officer safety while ignoring the scope of their own duties is unreasonable and in the present case unlawful.

If Defendant is incapable of know what Plaintiff's rights are, the Court should not trust his decision on Plaintiff's degree of distress he placed on Plaintiff and ask the court to consider that anyone pointing a gun at another person may very well not be in mental or emotional tune with the majority of the population.

6.

Dunn's Criminal Complaint merely demonstrates that Dunn was unreasonable, incompetent for the job he was paid to do and that Plaintiff did not and could not have committed the accused Penal Code violations because the facts he states to substantiate those claims only contradict his claims. Also, Dunn states in that Criminal Complaint that Plaintiff did give him notice that Plaintiff was not engaged in commerce and Dunn does not counter that notice with the necessary articulate-able elements of a claim that Plaintiff was engaged in commerce or fire hire use of the roads.  Dunn was making the irrebuttable legal presumption without any evidence or facts in support that Plaintiff was violating one or more provision(s) of the Trans. Code which is a code of limited enforcement.

7.

Defendant fails to recognize that citizens have rights and that law enforcement has limitations. For Defendant to suggest that "Plaintiff fails to acknowledge that his failure to identify, answer the questions being asked, and get out of the vehicle, made it difficult for Dunn to evaluate the entire situation, including safety."  assumes that Dunn had probable cause to to pursue investigating activity of such a serious nature as to warrant protecting himself to the point of killing others albeit over an alleged Trans. Code violation of an improperly worn seat belt.

What Plaintiff "recognizes" is that he invoked his rights, demanded his rights and sought to

protect his rights in the face of law enforcement that do not know the law, care about the law, not care about the safety of the public they volunteered to serve.  Officer safety does not surpass probable cause.

Law enforcement had no probable cause to arrest Plaintiff and were only going on the hunch that with the innumerable quantity of laws on the books Plaintiff must be guilty of something.

Law enforcement defendants had no probable cause to arrest, seize or inspect Plaintiff or his property therefor the statement "... making it impossible for the officers to assess the potential danger of the situation relating to who, or what, was inside the back part of the van." completely and totally unreasonable.

The ultimate fact that Plaintiff did notice Dunn that he was not engaged in commerce or transportation. The ultimate fact that Rule 1.2 and 1.11 clearly demonstrate that Plaintiff may be in non-commercial privates use of the roads and therefor not regulatable establishes the conclusive presumption that at the time Plaintiff was arrested by Holloway, Dunn, Thurman, Beckman, Willis and Corkern no probable cause existed for them to do so.

Trooper Dunn who is so concerned for his safety that he has called for 6 units to back him up is now "politely and professionally explains the situation".  Plaintiff who has been harassed by law enforcement for 40 minutes for merely standing on his rights has now ask a simple question about being placed under arrest for a non-arrestable ancillary charge.  Plaintiff ask a rational question concerning what he knew to be an unlawful arrest.

What Dunn's cruiser video shows is what happens to law abiding citizens when they invoke, demand and protect their rights.

Plaintiff's concern over Corkern's rifle is in the audio file that was submitted with Plaintiff's initial disclosure to defendants and is not yet a part of the record.  Defendant is not a licensed physician and is not qualified to make such opinions as to Plaintiff's state of mind merely because of some

7

remarks that were made during a time of great emotional distress.

8.

Defendant states "Trooper Dunn's arrest of Plaintiff was based upon probable cause to believe Plaintiff failed to identify himself, and there was probable cause to arrest for numerous other violations of law." Dunn's belief was based on his incompetence and or the incompetence of his supervisor Holloway that failure to identify is an arrestable offense and even that was done after 40 minutes presumably spending most of that time making plans to extract Plaintiff from his car presumable to search that car rather than making a fair and impartial investigation into what Plaintiff was saying. Dunn was given notice that failure to identify is not an arrestable offense to which DPS defendants have in their pleadings capitulated and Dunn was given notice by Plaintiff that Plaintiff was not engaged in commerce eliminating the possibility of Dunn making the mistake that Plaintiff was engaged in that regulatable activity and eliminating any probable cause of "numerous other violations of law".

9.

Corkern did arrive on the scene after the initial emergency stop of Plaintiff by Dunn however as stated in Plaintiff's response to Defendants motion to dismiss Corkern apparently had an ulterior motive outside the scope of his duty based on his experiences with those "Republic of Texas type individuals" and was certainly outside his jurisdictional limits and was brought up to speed with the situation via the planning stage. Corkern did take actions of his own in that Dunn did not order Corkern to point the gun at Plaintiff which was excessive for the issues presented. In light of the obviously substantial number of law enforcement officers on the scene which did have regional jurisdiction there was no reasonable excuse for Corkern to remain and certainly no justifiable reason to arrest or be pointing a gun at Plaintiff. Defendant made his own arrest of Plaintiff when with intent gave Plaintiff the

unambiguous notice that if Plaintiff were to leave Defendant would not allow it even if it meant killing Plaintiff.

10.

Defendants seems to be suggesting that because Dunn's cruiser video does not show Plaintiff's in utter defeat with fear that he has no fear or distress that justifies such a claim however Plaintiff suggest that government employees paid to uphold the laws of the state should know those laws and those paid government employees do not have authority to act without probable cause to believe a crime has been committed in their presence.

Willis and Thurman as seen in Dunn's cruiser recording laughing after the unlawful arrest of Plaintiff does this suggest that other law enforcement were laughing only out of sight of the recorder where was their fear of the unknown boogie man behind the curtain.

Plaintiff's exhibits are submitted to substantiate Plaintiff's claims.  "The court takes all factual allegations contained in the complaint as true and resolves any ambiguities or doubts regarding sufficiency of the claim in favor of the Plaintiff."  Jefferson v. Lead Industrial Assoc. Inc., 106 F.3d 1245, 1250 (5th Cir. 1997).

11.

Plaintiff was under no obligation to identify himself because he had not been noticed he was under arrest nor was Plaintiff under any obligation to conform to any provisions of the Trans. Code because clearly written law authorizes such enforcement only on commercial and for hire traffic. Law enforcement Defendants acted without probable cause and without jurisdiction in the case of Corkern.  Corkern and others acts were unreasonable and excessive in light of the totality of the encounter which put Plaintiff in an unreasonably dangerous situation at the hands of government employees acting outside the scope of their duties.

9

**CONCLUSION**

Plaintiff has in this sur-reply and other pleading stated sufficient facts supported by statute and case law to maintain his claims on Defendant Corkern. And, until discovery is completed Plaintiff does not know the exact extent to which Defendant Corkern did the actual planning with Dunn and others. Any deficits in Plaintiff's pleadings may be remedied with amendment.

WHEREFORE, Plaintiff, Ralph Lynn Ferguson, Jr. respectfully requests that this court recognize Plaintiff's responses as adequate and sufficient to deny in its entirety Defendant Timothy Wayne Corkern's 12(b)6) Motion to Dismiss Plaintiff's Fifth Amended Complaint.

Respectfully submitted,

By: _Ralph Lynn Ferguson Jr._
Ralph Lynn Ferguson, Jr. Pro se
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
Phone:   337.462.2615
Fax:      337.462.0541

10

## CERTIFICATE OF SERVICE

I certify that on November 30, 2017, a copy Plaintiff's Sur-Reply to Defendant Timothy Wayne Corkern's Reply (Doc. 141) was served on the following via USPS.

Larry James Simmons , Jr.
Germer, PLLC -Houston
2929 Allen Parkway
St. 2900
Houston, TX 77019

Sarah Crystal Dionne
(at the above address)

James Allen Payne, Jr.
Fairchild Price Thomas Haley – Center
P.O. Box 1719
Center, Texas 75935-1719

Christopher Lee Lindsey
Office of the Attorney General – Defense Div
300 W 15th Street
7th Floor
Austin, TX 78701

Pete Patrick
807 N. Margaret
Kirbyville, Texas 75956

Frank D. Calvert
2615 Calder Avenue, Suite 1070
Beaumont, Texas 77702

F Blair Clarke
(at above address)

And a complimentary copy of the style page and certificate of service page to the following.
Parvin Butler
P.O. Box 830
Newton, Texas 75966

Angie Brown
230 County Road 401
Kirbyville, Texas 75956

*Ralph Lynn Ferguson*
Ralph Lynn Ferguson, Jr.



Ralph Lynn Ferguson, Jr.
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
phone 337.462.2615
fax 337.462.0541

November 30, 2017

Clerk of Court David A. O'Toole
United States District Court
300 Willow St. Suite 104
Beaumont, Texas 77701-2217

RE: Ferguson v. Dunn Cause 1:16cv272

Mr. O'Toole,

Enclosed are the original and one copy of Plaintiff's Sur-Reply to Defendant Timothy Wayne Corkern's
Reply (Doc. 141).

Please file the original among the papers in the  above referenced cause and file stamp the copies for
returning to me in the self addressed stamped envelope provided for that purpose.

If you have any questions I may be contacted at the above address.

Thank you in advance for your assistance in this matter.

Sincerely,

Ralph Lynn Ferguson, Jr.

Ralph Lynn Ferguson
1192 Hwy 27
DeRidder, Louisiana 70634

CERTIFIED MAIL

7015 0640 0003 5793 6178

U.S. POSTAGE
PAID
DERIDDER, LA
70634
NOV 30, 17
AMOUNT
$7.71
1000    77701    R2304M115197-22

Clerk of Court David A. O'Toole
United States District Court
300 Willow St. Suite 104
Beaumont, Texas 77701-2217