FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 3 0 2018

BY
DEPUTY_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr, § | | |
| Plaintiff § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:16cv272 | |
| § | | |
| ERIC MARCINE DUNN, et al § | | |
| Defendants. § | Jury Requested | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS DUNN AND HOLLOWAY'S OPPOSED MOTION FOR PROTECTIVE ORDER WITH BRIEF IN SUPPORT Doc. 154

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, Ralph Lynn Ferguson, Jr., (hereafter "Plaintiff" or "Ferguson") in the above described and numbered cause, and files this his Response to Defendants Dunn and Holloway's Opposed Motion for Protective Order with Brief in Support Doc. 154 and states the following:

**STATEMENT OF CASE**

This case stems from an arrest of Plaintiff for failure to identify, which is clearly not an arrestable offense, and the circumstances of that arrest and subsequent related acts and or omissions of acts by defendants following that arrest. The named defendants are claiming in their defense that though the arrest for failure to identify was unlawful they are still entitle to immunity because Plaintiff *could* have been arrested for violations under the provisions of the Texas Transportation Code however such a defense rest solely on defendants making the irrebuttable legal presumption with no substantive facts or evidence in support that Plaintiff was one engaged in commerce or acting in a for hire capacity on the open roads of Texas and therefor regulatable under the Transportation Code however Plaintiff was at all times relevant to the causes of this case in his private capacity and therefor not subject to government regulation and indeed defendants have stated no articulable probable cause to support their

claim that Plaintiff was engaged in transportation.

## HISTORY OF CASE

May 24, 2017, Order Governing Proceedings Doc. 64, set the grounds for discovery including discovery related to issues of qualified immunity.

This Court issued its Scheduling Order prior to making rulings concerning issues of immunity clearly allowing for discovery concerning issues of immunity.

Defendants Dunn and Holloway have an active motion to dismiss Doc. 130.

Defendants Dunn and Holloway have filed on January 17, 2018, a Motion for Judgment on the Pleadings Doc. 148 however Doc. 147 "FIRST AMENDED SCHEDULING ORDER" p. 6 clearly states that the original Scheduling Order's deadline for dispositive motions was retained as November 17, 2017, thus defendants Motion for Judgment on the Pleadings Doc. 148 is time barred.

## BRIEF IN SUPPORT

The standard for revue of discovery prior to decisions of immunity is Lion Boulos v. Wilson, 834 F. 2d 504 - Court of Appeals, 5th Circuit 1987.

Defendants motion for protective order violates "LOCAL RULE CV-26 Provisions Governing Discovery; Duty of Disclosure" because it over reaches the limitations of "Parties asserting the defense of qualified immunity may submit a motion to limit discovery to those materials necessary to decide the issue of qualified immunity." Plaintiff's present discovery is within the limits of discovery which would decide the issue of immunity.

Butler v. Hernandez, Dist. Court, SD Texas 2017 "The Fifth Circuit "has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." Backe v. LeBlanc, 691 F.3d 645, 648 (5th Cir. 2012). The Court must find that the plaintiff has pled "specific facts that both allow the

court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." Id. "[I]f the court remains `unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order `narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" Id. (citation omitted)."

Gorman v. State, Dist. Court, ND Mississippi 2017 "Qualified immunity should be ruled on at the earliest juncture in the litigation. A district court may defer its qualified immunity ruling only if "further factual development is necessary to ascertain the availability of [the qualified immunity] defense." See Randle v. Lockwood, No. 16-50393, 2016 WL 6652702, at *3 (5th Cir. Nov. 10, 2016) (quoting Hinojosa v. Livingston, 807 F.3d 657, 664 (5th Cir. 2015)). "

Hinojosa v. Livingston, 807 F. 3d 657 - Court of Appeals, 5th Circuit 2015 ""... the district court may defer its qualified immunity ruling and order limited discovery if "the court remains `unable to rule on the immunity defense without further clarification of the facts.'" Id. (quoting Lion Boulos v. Wilson, 834 F.2d 504, 507 (5th Cir. 1987)). " "When reviewing a well-pleaded complaint and a defendant's motion to dismiss on the basis of qualified immunity, a district court may defer its qualified immunity ruling and order limited discovery when "the court remains `unable to rule on the immunity defense without further clarification of the facts.'" Backe, 691 F.3d at 648 (quoting Lion Boulos, 834 F.2d at 507). In other words, a district court may elect the defer-and-discover approach "when the defendant's immunity claim turns at least partially on a factual question" that must be answered before a ruling can issue. Lion Boulos, 834 F.2d at 507.

**CONCLUSION**

The Court should deny defendants motion for protective order which will allow Plaintiff to gather facts which will defeat defendants claims of immunity. Defendants should be made to answer

3

Plaintiff's discovery within 10 days of the denial of their motion for protective order.

Respectfully submitted,

By: *Ralph Lynn Ferguson Jr*
Ralph Lynn Ferguson, Jr. Pro se
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
Phone:   337.462.2615
Fax:     337.462.0541

## CERTIFICATE OF SERVICE

I certify that on January 30, 2018, a copy Plaintiff's Response to Defendants Dunn and Holloway's Opposed Motion for Protective Order with Brief in Support Doc. 154 was served on all counsel of record and pro se defendants via USPS.

*Ralph Lynn Ferguson Jr*
Ralph Lynn Ferguson, Jr.