FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAR - 7 2018

BY
DEPUTY_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr,<br>Plaintiff | § § § | |
| | § | CIVIL ACTION NO. 1:16cv272 |
| v. | § § | |
| ERIC MARCINE DUNN ET AL<br>Defendants. | § § § | JURY REQUESTED |

### PLAINTIFF'S RESPONSE to DEFENDANTS DUNN AND HOLLOWAY'S OPPOSED MOTION FOR LEAVE TO FILE MOTION FOR JUDGMENT ON THE PLEADINGS WITH BRIEF IN SUPPORT DOC. 165

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, Ralph Lynn Ferguson, Jr., (herein "Plaintiff" or "Ferguson") in the above described and numbered cause, and files this his timely Plaintiff's Response to Defendants Dunn and Holloway's Opposed Motion for Leave to File Motion for Judgment on the Pleadings with Brief in Support Doc. 165 and Plaintiff's Reply to Defendants Dunn and Holloway's Response to Motion to Strike and Sanctions Doc. 166 filed jointly and incorporating said motion herein by reference in support thereof, Plaintiff states the following:

**STATEMENT OF CASE**

This case stems from a warrantless arrest on August 5, 2014, of Plaintiff for failure to identify, which is clearly not an arrestable offense, and the circumstances of that arrest and subsequent related acts and or omissions of acts by defendants following that arrest.

The named defendants are claiming in their defense that though the arrest for failure to identify was unlawful they are still entitle to immunity because Plaintiff *could* have been arrested for violations under the provisions of the Texas Transportation Code. However, such a defense for immunity rest

solely on defendants making the irrebuttable legal presumption with no substantive facts or evidence in support that Plaintiff was one engaged in commerce or acting in a for hire capacity on the open roads of Texas and therefor regulatable under the Transportation Code. However, Plaintiff was at all times relevant to the causes of this case in his private capacity and therefor not subject to government regulation and indeed defendants have stated no articulable probable cause to support their claim that Plaintiff was engaged in transportation.

Defendants have not met their prima facie burden of presenting facts or establishing evidence that exist to support their claim of a Transportation Code violation for Plaintiff to respond to.

Defendants claims of immunity through the Transportation Code have no foundational elements the Trans. Code applies in the first place, they are merely alleging Plaintiff violated elements of the Trans. Code.

The applicability of the Transportation Code is an element of the charge and it is because it is a malum prohibitum statute. The "driver license" and "seat belt" crimes are only crimes because of the Trans. Code therefor there has to be an allegation of an element that the Trans. Code applies and it has to have supporting evidence and without that according to DPS Mission Statement Rule 1.2 of the Administrative Code the allegations of defendants claims have to be nullified.

**HISTORY OF CASE**

Plaintiff has filed his Fifth Amended Complaint and defendants have filed 5 active motions to dismiss between them including Defendants Dunn and Holloway Motion to Dismiss Doc. 130 filed October 24, 2017.

On December 20, 2017, Defendants Dunn and Holloway noticed Court of appearance of new counsel Doc. 145.

On January 8, 2018, this Court issued its Amended Scheduling Order. Said Order states in part

"... at this time the undersigned denies the Defendants' general request to reset the deadline for ***dispositive motions***. " (emphasis added) thereby leaving intact the original Scheduling Order's dispositive motions filing deadline at November 17, 2017 . See Amended Scheduling Order Doc. 147 incorporated herein by reference.

Defendants Dunn and Holloway have filed their Opposed Motion for Protective Order with Brief in Support Doc. 154 obstensively in an effort to conceal facts which prove their acts outside of the scope of their official duties.

On January 17, 2018, Defendants Dunn and Holloway filed a Motion for Judgment on the Pleadings Doc. 148, another dispositive motion without leave of Court.

This case is presently in its discovery phase presumably by this Courts desire to obtain facts and evidence that will add the Court in determining the defendants immunity status.

**STANDARD OF REVIEW**

HomeLIFE IN THE GARDENS, LLC v. Landry, Dist. Court, ED Louisiana 2018 ""Federal Rule of Civil Procedure 6(b)(1) grants a district court discretion to allow untimely responses where the party failed to act because of excusable neglect." Rasco v. Potter, 265 Fed. App'x 279, 283 (5th Cir. 2008)" and "The same "excusable neglect" standard applies under both 60(b)(1) and Rule 6(b)(1). Compare Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC, 534 F.3d 469, 472 (5th Cir. 2008) (Rule 60(b)(1)), with Adams v. Travelers Indem. Co. of Conn., 465 F.3d at 161 n.8 (Rule 6(b)(1))."

Graham v. HRCHITECT, INC., Dist. Court, ED Texas 2017 "The Fifth Circuit has established four factors the Court should consider when determining whether good cause exists: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; (4) the availability of a continuance to cure the prejudice. Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541,"

Graham v. HRCHITECT, INC. Id. "A simple good cause analysis only applies where the party seeks an extension *before* the deadline passes. *See* Fed. R. Civ. P. 6(b)(1)(A)." and "**A party seeking an after-the-fact extension bears a heavier burden of demonstrating both "good cause" and "excusable neglect."** *See* Fed. R. Civ. P. 6(b)(1)(B)". Also, "Relevant factors used to determine "excusable neglect" include: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) **the reason for the delay, including whether it was within the movant's reasonable control**; and (4) whether the movant acted in good faith." (emphasis added)

Further, in Graham "The first factor, danger of prejudice to the non-movant, weighs against the Court granting the motion for leave. District courts in the Fifth Circuit have found prejudice in this context when finding excusable neglect would affect trial preparation. *Deaton v. Kroger Co.*, No. 4:13-CV-254, 2014 WL 3452486, at *2 (E.D. Tex. July 15, 2014); *see Rivero*, 2010 WL 1752532, at *1 (finding excusable neglect would prejudice plaintiff because it would "impact their preparation for trial in reliance on the scheduling order deadlines").

McZeal v. DEUTSCHE BANK NATIONAL TRUST COMPANY, Dist. Court, WD Texas 2016 "The United States Supreme Court explained the "excusable neglect" inquiry is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Such circumstances include "the risk of prejudice to the non-movant; the length of delay; **the reason for the delay, *including whether it was within the reasonable control of the movant*;** and whether the movant acted in good faith." Bynum v. Ussin, 410 F. App'x. 808, 810 (5th Cir. 2011)." (emphasis added)

**ARGUMENT**

Plaintiff is relying on the Amended Scheduling Order to prepare for trial using discovery as this

4

Court apparently intended to allow Plaintiff to establish further facts which deny defendants claims of immunity.

Defendants have stated no good cause or excusable neglect because at all times the reasons defendants rely on for leave were under their own control.

Defendants would not be seeking their motion for judgment on the pleadings if not for previous counsel's failure to include qualified immunity in their motion to dismiss Doc. 130, thus their measure is to correct an error of their own making at the expense and prejudice of Plaintiff. Defendants Motion for Leave Doc. 165 at page 3 is *"The previous motions to dismiss filed by Dunn and Holloway, while certainly adequate to warrant a dismissal of Ferguson's complaint against Dunn and Holloway, did not assert their entitlement to qualified immunity."*

Also, defendants assertion that the motion for judgment on the pleadings somehow was warranted because of their desire to seek protective orders is unreasonable as is their motion for protective orders which are in contrast to Local Rule CV26(a).

Motion for judgment on the pleadings is premature because discovery is still ongoing and defendants Dunn, Holloway, Mixson, Hilton, Ponthier an Smith are seeking protective orders in clear violation of Local Rule CV-26 Provisions Governing Discovery; Duty of Disclosure (a) which states: *No Excuses. Absent court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue.* ***Parties asserting the defense of qualified immunity may submit a motion to limit discovery to those materials necessary to decide the issue of qualified immunity.*** *(emphasis added)*

**BRIEF IN SUPPORT**

From Amended Scheduling Order Doc. 147 "It [is] not clear how the Defendants' argue good cause specifically supports their request to reset the dispositive motion deadline in the scheduling

5

order." Defendants have not stated good cause to amend the scheduling order to allow their motion for judgment on the pleadings.

Amended Scheduling Order Doc. 147 concerning dispositive motions the Court stated " Because the Plaintiff would potentially have to respond to dispositive motions that were not otherwise filed by the deadline, the Plaintiff is obviously prejudiced by allowing such a modification. " and "Any future request will also be analyzed for good cause. "

CARTMAN v. HUNT COUNTY TEXAS, Dist. Court, ND Texas 2015 "The burden of establishing excusable neglect is upon [the movant], even one proceeding pro se."). "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that **the movant make a sufficient showing of unusual or unique circumstances justifying such relief**." Pryor v. United States Serv., 769 F.2d 281, 286 (5th Cir. 1985)." (emphasis added)

Nguyen v. VERSACOM, LLC, Dist. Court, ND Texas 2016 "To modify the scheduling order, a *party must demonstrate good cause and obtain the judge's consent. Id.* **The good cause standard "require[s] the movant `to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.**'" Puig v. Citibank, N.A., 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003))." "**And the recent change of counsel does not entitle defendants to attempt to undo the strategic choices made by their prior counsel.**" (emphasis added)

A Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings is governed by the same standards as a Federal Rule of Civil Procedure 12(b)(6) motion — that is, the Court must determine upon a review of the pleadings whether the plaintiff has stated a valid claim for relief. See Brown v. CitiMortgage, Inc., 472 F.App'x 302, 303 (5th Cir. 2012) (per curiam) (citing St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to

[Rule] 12(c) is designed to dispose of cases *where the material facts are not in dispute* and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hebert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509-10 (1990)). (emphasis added) This Court in its wisdom has set the discovery period to run after the dispositive motions deadline. Defendants have not submitted to discovery which will produce facts relevant to Plaintiff's claims and defendants claims of immunity.

Black v. LeBlanc, Dist. Court, WD Louisiana 2017, quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). "The excusable neglect standard is a strict one," and "the party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable."

## CONCLUSION

Defendants are asking this Court to allow them to turn back the clock to allow corrections to their pending dispositive motion. Defendants have stated no good cause or excusable neglect. Plaintiff is using discovery to reveal facts relevant to his claims and interrupting this case's scheduling order is prejudicial to Plaintiff. Plaintiff ask this Court to deny defendants Dunn and Holloway's Motion for Leave to file their Motion for Judgment on the Pleadings.

Respectfully submitted,

By: *Ralph Lynn Ferguson, Jr.* /s/
Ralph Lynn Ferguson, Jr. Pro se
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
Phone: 337.462.2615
Fax: 337.462.0541

## CERTIFICATE OF SERVICE

    I certify that on March 7, 2018, a copy of PLAINTIFF'S RESPONSE to DEFENDANTS DUNN AND HOLLOWAY'S OPPOSED MOTION FOR LEAVE TO FILE MOTION FOR JUDGMENT ON THE PLEADINGS WITH BRIEF IN SUPPORT DOC. 165 was served on all counsel of record and pro se defendants via email.

/s/ Ralph Lynn Ferguson, Jr.
Ralph Lynn Ferguson, Jr.