FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAR - 7 2018

BY
DEPUTY_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. 1:16cv272 |
| v. | § | |
| | § | |
| ERIC MARCINE DUNN ET AL | § | |
| Defendants. | § | JURY REQUESTED |
| | § | |

## PLAINTIFF'S REPLY TO DEFENDANTS DUNN AND HOLLOWAY'S RESPONSE TO MOTION TO STRIKE AND SANCTIONS Doc. 166.

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, Ralph Lynn Ferguson, Jr., (herein "Plaintiff" or "Ferguson") in the above described and numbered cause, and files this his timely Plaintiff's Reply to Defendants Dunn and Holloway's Response to Motion to Strike and Sanctions Doc. 166 filed jointly with his Plaintiff's Response to Defendants Dunn and Holloway's Opposed Motion for Leave to File Motion for Judgment on the Pleadings with Brief in Support Doc. 165 incorporating said motion herein by reference and in support thereof, Plaintiff states the following:

**STATEMENT OF CASE**

This case stems from a warrantless arrest on August 5, 2014, of Plaintiff for failure to identify, which is clearly not an arrestable offense, and the circumstances of that arrest and subsequent related acts and or omissions of acts by defendants following that arrest.

The named defendants are claiming in their defense that though the arrest for failure to identify was unlawful they are still entitle to immunity because Plaintiff *could* have been arrested for violations under the provisions of the Texas Transportation Code. However, such a defense for immunity rest solely on defendants making the irrebuttable legal presumption with no substantive facts or evidence in

support that Plaintiff was one engaged in commerce or acting in a for hire capacity on the open roads of

Texas and therefor regulatable under the Transportation Code.   However, Plaintiff was at all times

relevant to the causes of this case in his private capacity and therefor not subject to government

regulation and indeed defendants have stated no articulable probable cause to support their claim that

Plaintiff was engaged in transportation.

**HISTORY OF CASE**

Plaintiff has filed his Fifth Amended Complaint and defendants have filed 5 active motions to

dismiss between them including Defendants Dunn and Holloway's Motion to Dismiss Doc. 130 filed

October 24, 2017.

On December 20, 2017, Defendants Dunn and Holloway noticed Court of appearance of new

counsel Doc. 145.

On January 8, 2018, this Court issued its Amended Scheduling Order.  Said Order states in part

"... at this time the undersigned denies the Defendants' general request to reset the deadline for

***dispositive motions***. " (emphasis added) Thereby leaving intact the original Scheduling Order's

dispositive motions filing deadline at November 17, 2017 .  See Amended Scheduling Order Doc. 147.

Defendants Dunn and Holloway have filed their Opposed Motion for Protective Order with

Brief in Support Doc. 154 obstensively in an effort to conceal facts which prove their acts outside of

the scope of their official duties.

On January 17, 2018, Defendants Dunn and Holloway filed a Motion for Judgment on the

Pleadings Doc. 148, another dispositive motion without leave of Court.

**STRIKE**

Defendants have stated not good cause nor excusable neglect.

Graham v. HRCHITECT, INC., Dist. Court, ED Texas 2017 "Additionally, a party must show

that it "could not have met the deadline despite its diligence." *S & W Enters.*, 315 F.3d at 536-38.

See also Plaintiff's Response to Defendants Dunn and Holloway's Opposed Motion for Leave to File Motion for Judgment on the Pleadings with Brief in Support Doc. 165, filed jointly with this reply and fully incorporated herein by reference.

## NOTICE AND OPPORTUNITY

Defendants Dunn and Holloway did not file a motion for leave of court before filing their Motion for Judgment on the Pleadings with Brief in Support Doc. 148.

Plaintiff has given defendants' counsel notice and opportunity to rescind their motion and defendants' counsel refused to do so requiring Plaintiff to respond to their time barred motion.

The totality of defendants' counsel Mr. Dennis' filing an untimely motion, ignoring Plaintiff's notice concerning that motion's timeliness thus requiring Plaintiff to take actions to protect himself from that motion and the fact that defendant's counsel did not serve Plaintiff according to his own Certificate of Service stating Plaintiff was served on December 17, 2017, when the envelope used for service bears the post marked of December 21, 2017, is troubling to Plaintiff and has all the appearances of ill intent.

## SANCTIONS

Defendants' motion was frivolous when it was filed without leave of court as ordered by this Court's Amended Scheduling Order Doc. 147. "Finally, this Court reminds the parties that all representations to the court, submitted to the court through pleadings, motions, and any other document, are bound by FED. R. CIV. P. 11(b)'s mandate. Therefore, all claims, defenses, and other legal arguments that are unwarranted by existing law, are, in fact, frivolous, and can be sanctioned by the courts." Sanchez v. Davila, Dist. Court, D. Puerto Rico 2009.

Amended Scheduling Order Doc. 147 concerning dispositive motions the Court stated in part

3

"However, no Defendant is prevented from filing a future motion for leave to file a particular dispositive motion." Defendants were clearly notice that leave to file was required by Court order.

Further, Plaintiff only ask for sanctions after giving notice to defendants counsel his Motion for Judgment on the Pleadings Doc. 148 was untimely, and allowing him opportunity to withdraw said motion and that notice was rebuffed. Plaintiff had no choice but to file his Emergency Plaintiff's Motion to Extend Time Pending Court's Ruling on Plaintiff's Motion to Strike Doc. 163.

Defendants violated FRCP 11(b)(1) in not making a reasonable inquiry into the timeliness of their Motion for Judgment on the Pleadings Doc. 148 as stated in defendants motion for leave Doc. 165 at page 3 counsel stated "... *he failed to check the scheduling order and even when Ferguson asked him to withdraw it due to it being late, he was into another project and failed to confirm his feeling that the motion was timely." thus causing* an unnecessary delay in Plaintiff's cause and increased Plaintiff's cost of litigation.

Plaintiff did give notice and opportunity to defendants' counsel which was rebuffed thereby subjecting themselves and or counsel to FRCP 11(c)(1) Sanctions.

The fact that Defendants counsel is filing a motion which is time bared, filed the motion with a false certificate of service attempting to deny Plaintiff his authorized response time and the fact that Plaintiff did give notice to defendant counsel that the motion was time barred and that the certificate of service was not properly filed making the totality of defendants' motion abusive.

Defendants have already occupied Plaintiff's discovery phase unreasonably by their improper filing if their dispositive motion "Defendants Dunn and Holloway's Motion for Judgment on the Pleadings with Brief in Support" Doc. 148 without leave of court because it required Plaintiff to respond to a time barred dispositive motion as outlined in Amended Scheduling Order Doc. 147.

From Amended Scheduling Order Doc. 147 "Because the Plaintiff would potentially have to

respond to dispositive motions that were not otherwise filed by the deadline, the Plaintiff is obviously prejudiced by allowing such a modification." In the present case Plaintiff is prejudiced by responding to a motion that was time barred and yet filed without leave.

Plaintiff is because of defendants apparently frivolous filing, out the time to give unsuccessful notice and opportunity of the untimely filing which was rebuffed, the time and expense of filing an emergency motion to extend time Doc. 162 and the time and expense of preparing a motion for sanctions also Doc. 162 as well as the expense and time of a trip to the courthouse from 90 miles away to file his emergency motion to extend time. All of which have taken from Plaintiff's time to respond to inadequate discovery responses by numerous defendants. Defendants rebuff of Plaintiff's notice of untimely filing amounts to harassment and needlessly increasing Plaintiff's cost of litigation.

**TIMELINESS OF SERVICE**

Plaintiff appreciates Mr. Dennis' apology however, Mr. Dennis' latest filing is still not being sent to Plaintiff in a timely manner. Doc. 165/166 was filed on February 21. 2018, according to the Certificate of Service that paper was served on Plaintiff the same day however, the postmark on that standard mail envelope reads it was not mailed until February 28, 2018. See attached Plaintiff's Exhibit 1, copy of Certificate of Service for Defendants Dunn and Holloway's Opposed Motion for Leave to File Motion for Judgment on the Pleadings with Brief in Support and Response to Motion to Strike and Sanctions. See also, Plaintiff's Exhibit 2, Envelope for Defendants Dunn and Holloway's Opposed Motion for Leave to File Motion for Judgment on the Pleadings with Brief in Support and Response to Motion to Strike and Sanctions.

**PRIVATE LAW**

Plaintiff objects to defendants citing private law because of the exorbitant amount of money required to access such private law which is prejudicial to Plaintiff and would ask this Court to hold

defendants to citing public law to defend their position.

**CONCLUSION**

It is Plaintiff's hope that the Court recognizes the sever prejudice put on Plaintiff during this the

discovery phase of proceedings for future reference during Plaintiff's filings for any motion to compel

discovery should that become necessary for any defendants.

Defendants apparent indifference to this Court's Amended Scheduling Order by filing an

untimely and frivolous paper with the Court, rebuff of Plaintiff's notice concerning the untimely paper

thus costing Plaintiff unnecessary time and energy in both responding to the paper and being diverted

from responding to discovery matters while at the present time this case is in it's discovery phase.

Plaintiff should be compensated monetarily in accordance with FRCP 11.

Respectfully submitted,

By: _Ralph Lynn Ferguson Jr_
Ralph Lynn Ferguson, Jr. Pro se
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
Phone:   337.462.2615
Fax:       337.462.0541

**Plaintiff's Exhibit 1**

Certificate of Service for

Defendants Dunn and Holloway's Opposed Motion for

Leave to File Motion for Judgment on the Pleadings

with Brief in Support and Response to

Motion to Strike and Sanctions

## Certificate of Service

I, Seth Byron Dennis, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants Dunn and Holloway's Opposed Motion for Leave to File Motion for Judgment on the Pleadings with Brief in Support and Response to Motion to Strike and Sanctions** has been served by means of the Eastern District of Texas's CM/ECF filing system, in accordance with the Federal Rules of Civil Procedure on this the 21st day of February, 2018, addressed to all parties of record. It has also been sent by United States mail to:

Ralph Ferguson, Jr.
1192 Highway 27
DeRidder, LA
70634

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General

**Plaintiff's Exhibit 2**

ENVELOPE for

Defendants Dunn and Holloway's Opposed Motion for

Leave to File Motion for Judgment on the Pleadings

with Brief in Support and Response to

Motion to Strike and Sanctions



KEN PAXTON
ATTORNEY GENERAL OF TEXAS

Post Office Box 12548
Austin, Texas 78711-2548

*Return Service Requested*



OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR PRIVATE USE

neopost
02/28/2018
US POSTAGE $000.68⁰

FIRST-CLASS MAIL



ZIP 78701
041L12203080

RALPH FERGUSON JR
1192 HIGHWAY 27
DERIDDER LA 70634

70ES4S2466 R007

## CERTIFICATE OF SERVICE

I certify that on March 7, 2018, a copy of PLAINTIFF'S REPLY TO DEFENDANTS DUNN AND HOLLOWAY'S RESPONSE TO MOTION TO STRIKE AND SANCTIONS Doc. 166 was served on all counsel of record and pro se defendants via email.


Ralph Lynn Ferguson, Jr.