FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 3 1 2018

BY
DEPUTY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:16cv272 |
| | § | |
| ERIC MARCINE DUNN, et al | § | |
| Defendants. | § | Jury Requested |

## PLAINTIFF'S SPECIFIC OBJECTIONS TO REPORT AND RECOMMENDATION GRANTING MOTIONS TO DISMISS IN PART DOCUMENT 169

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, Ralph Lynn Ferguson, Jr., (hereafter "Plaintiff" or "Ferguson") in the above described and numbered cause, and jointly files this his Plaintiff's Specific Objections to Report and Recommendation Granting Motions to Dismiss in Part Document 169 and his Plaintiff's Motion for Leave of Court to Exceed the Page Limitation and would show the Court the following:

### I. Background

**OBJECTIONS:**

In order to preserve the facts of Plaintiff's case the following corrections are necessary.

*"For approximately forty minutes after Dunn made his initial stop of Ferguson, Dunn attempted to persuade Ferguson to exit his vehicle."*

Dunn spent most of the 40 minutes unnecessarily waiting for backup and planing his forced "extraction" oriented arrest of Plaintiff after Plaintiff had specifically ask Dunn if Plaintiff was under arrest to which Dunn refused to give a straight answer to and because Plaintiff had merely invoking his rights.

*"Gwen Kelley, the "head jailer," accepted physical custody of Ferguson and locked him inside."*

Defendant Kelly locked Plaintiff away without commitment papers and after an unlawful arrest. *"On the same day, Judge Connie Smith signed an arrest warrant outside of Ferguson's presence "based on Dunn's criminal complaint."* After Dunn violated Art 15.17, Defendant Judge Connie Smith issued an arrest warrant lacking probable cause against Plaintiff in violation of Fourth Amendment.

*"On or about July 9, 2015, Stanley filed a motion to withdraw as Ferguson's attorney, and a hearing was held on the motion on July 17, 2015."* Defendant Stanley filed his motion to withdraw as counsel from an active Justice of the Peace Precinct 1 Court case into the 1st Judicial District Court which lacked jurisdiction to hear the motion however, Stanley was granted a withdrawal from his appointment in the Justice of the Peace Precinct 1 Court active case over Plaintiff's objections to that court's lack of jurisdiction.

*"Although it is not entirely clear in what capacity Stanley was appointed, Stanley said during the hearing that "he was not Plaintiff's counsel in [the misdemeanor case]," .... "* Magistrate Judge is ignoring Plaintiff's facts and Exhibit 16, Order of District Judge Mixson appointing Stanley as Counsel. Attached to Plaintiff's Second Amended Complaint and incorporated into Plaintiff's Fifth Amended Complaint which clearly proves that Stanley was appointed as and only as Plaintiff's counsel in the Justice of the Peace Court misdemeanor. Plaintiff never requested counsel in the pending felony and no counsel was appointed there. See also, Texas AG Opinion JM 977 Re: Appointment of counsel for indigent defendants under article 1.051(c), Texas Code of Criminal Procedure, and related questions (RQ-1379). Stating in the summary "Counsel need not be appointed to represent an indigent defendant charged with a class C misdemeanor *unless* "the court concludes that the interests of justice require such representation." (emphasis added) Stanley a defense attorney would have known of the Attorney General's Opinion. Plaintiff had not been indicted on any pending felony charges and was not entitled to court appointed counsel in the district court. Defendant District Attorney Ponthier was not acting

within the scope of her duties as prosecutor in arranging the appointment of Stanley. See Plaintiff's Plaintiff's Exhibit 18, Transcript of Stanley's Motion to Withdraw hearing attached to Plaintiff's Second Amended Complaint and incorporated into Plaintiff's Fifth Amended Complaint. Defendant Judge Mixson from Stanley's withdrawal hearing *"... you have not been indicted on this other charge, okay; and since there's not actually a pending charge, you're not entitled to counsel until you're indicted in my opinion. So, we did it as a courtesy to you ...".* Magistrate Judge is ignoring Plaintiff's Exhibit 17, Stanley's April 1, 2015, Telephone call to Ralph Ferguson, attached to Plaintiff's Second Amended Complaint are incorporated into Plaintiff's Fifth Amended Complaint. Proving that Stanley did tell Plaintiff he was representing Plaintiff in the JP Court misdemeanor. Stanley told Plaintiff he was Plaintiff's counsel in the JP Court misdemeanor, see exhibit 17 ibid. however, Stanley told the district court at his withdrawal hearing that he was not Plaintiff's counsel in the JP Court misdemeanor case. Since it is impossible for both of Stanley's statements to be true there can only be 3 options. Stanley perpetrated a fraud upon the district court which is most likely since Plaintiff has a signed order appointing Stanley as Plaintiff's counsel in the JP Court misdemeanor. Stanley perpetrated a fraud on Plaintiff which is most likely because Stanley did not file papers into the misdemeanor case. Stanley perpetrated a fraud upon the district court, defrauded Plaintiff concerning Plaintiff's rights and legal representation and conspired with Newton County Prosecutors Office to either obtain a plea bargain from Plaintiff over a criminal charge that did not express a crime in combination with protecting law enforcement from liability for an unlawful arrest.

*"Judge Mixson granted Stanley's motion to withdraw on July 17, 2015."* Thereby acting in complete lack of jurisdiction by signing an order withdrawing Stanley as Plaintiff's counsel in an active

3

case in another jurisdiction.

## II. Legal Standard

Haines v Kerner, 404 U.S. 519, Pro se litigants (Plaintiff is a pro se litigant) are held to less stringent pleading standards than BAR registered attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims.

Platsky v. C.I.A. 953 F.2d. 25. Court errs if court dismisses the pro se litigant (Plaintiff is a pro se litigant) without instruction of how pleadings are deficient and how to repair pleadings.

## III. Analysis

**OBJECTIONS:**

*"Tex. Code Crim. P. Art. 2.12(4) lists officers commissioned by the DPS Director as "peace officers."* Why would the DPS Director be "commissioning" "peace officers" if not due to the commercial nature of the Transportation Code? This point of "commissioning" only certain officers only further proves the Transportation Code applies to transportation which is commercial and for hire traffic. The Transportation Code does not apply to the people in their private affairs.

**S.B. No. 971**, March 14, 1995, "AN ACT relating to the adoption of a nonsubstantive revision of statutes relating to transportation, including conforming amendments, repeals, and penalties. BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:"

**Texas Constitution Art. 3 Sec. 35(a)** states in pertinent part "No bill, shall contain more than one subject."

**Texas Gov. Code Sec. 311.011, 311.016, and 312.002:**
Sec. 311.011. COMMON AND TECHNICAL USAGE OF WORDS. (a) Words and phrases shall be read in context and construed according to the rules of grammar and common usage. (b) Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.
Sec. 311.016. "MAY," "SHALL," "MUST," ETC. The following constructions apply unless the context in which the word or phrase appears necessarily requires a different construction or unless a different construction is expressly provided by statute:
Sec. 312.002. MEANING OF WORDS. (a) Except as provided by Subsection (b), words shall be given their ordinary meaning. (b) if a word is connected with and used with reference to a particular trade or

4

subject matter or is used as a word of art, the word shall have the meaning given by experts in the particular trade, subject matter, or art." (emphasis added)

From **Black's Law Dictionary 1990** defines the following terms:
**Transportation.** "The movement of goods or persons from one place to another, by a *carrier*."

**Carrier.** "Individual or organization engaged in *transporting passengers or goods for hire*." "Carrier" means any person *engaged in the transportation* of passengers or property by land, as a common, contract, or private carrier, or freight forwarder as those terms are used in the Interstate Commerce Act, as amended, and officers, agents and employees of such carriers. 18 U.S.C.A. § 831.

**Commerce.** "The *exchange of goods, productions, or property* of any kind; the buying, selling, and exchanging of articles. Anderson v. Humble Oil and Refining Co., 226 Ga. 252, 174 S.E.2d 415, 417. The *transportation* of persons and property by land, water and air. Union Pacific R. Co. v. State Tax Commissioner, 19 Utah 2d 236, 429 P.2d 983, 984.

**Regulate.** "To fix, establish, or control; to adjust by rule, method, or established mode; to direct by rule or restriction; to subject to governing principles or laws. *The power of Congress to regulate commerce* is the power to enact all appropriate legislation for its protection or advancement; to adopt measures to promote its growth and insure its safety; to foster, protect, control, and restrain. Virginian Ry. Co. v. System Federation No. 40, Railway Employees Department of American Federation of Labor, C.C.A.Va., 84 F.2d 641, 650. *It is also power to prescribe rule by which commerce is to be governed, and embraces prohibitory regulations.* United States v. Darby, 312 U.S. 100, 657, 61 S.Ct. 451, 456, 85 L.Ed. 609. Regulate means to govern or direct according to rule or to bring under control of constituted authority, to limit and prohibit, to arrange in proper order, and to control that which already exists. Farmington River Co. v. Town Plan and Zoning Commission of Town of Farmington, 25 Conn. Sup. 125, 197 A.2d 653, 660. (emphasis added)

SB 971 is a one subject bill and created the one subject Transportation Code which is the authorized regulation of commerce and for hire traffic aka transportation.

*"**DPS officers routinely supervise traffic on rural highways, detain private citizens for traffic violations, and make arrests for traffic violations or other legal violations.**"* Magistrate Judge's statement appears to mix "supervise" and "regulate" as though they were one in the same. They are not the same. Supervise and regulate are so different they are recognized as such in 37 Tex. Admin. Code § 1.2.

> The mission of the Texas Department of Public Safety is:
> (1) to *supervise* traffic on rural highways;
> (2) to *supervise and regulate* commercial and "for hire" traffic;

5

(3) to preserve the peace, to investigate crimes, and to arrest criminals;
(4) to administer regulatory programs in driver licensing, motor vehicle inspection, and safety responsibility; and
(5) to execute programs supplementing and supporting the preceding activities.

Two distinct types of traffic. The DPS recognizes the commercial nature of the Transportation Code in Rule 1.2 and draws a noticeable distinction between the two types of traffic one is ***regulatable*** while the other is ***supervise-able*** only because the Transportation Code does not authorize any measure of regulation for anything other than ***transportation***, see (2) above. Quite simply put if the code could regulate all traffic it would not separate the traffic into (1) for supervise and (2) for supervise and regulate, that does not make any sense to write it this way and mean it another way unless it is purposefully and intentionally confusing which is when it would be unconstitutional because of vagueness and ambiguity.

Merely because a law is written that regulates a particular subject, is not proof that just anyone is personally subject to that law.

Shapiro v. Thompson, 394 US 618 - Supreme Court 1969 at 630
"This Court long ago recognized that the nature of our Federal Union and our constitutional concepts of personal liberty unite to require that all citizens be free to travel throughout the length and breadth of our land ***uninhibited by statutes, rules, or regulations*** which unreasonably burden or restrict this movement. That proposition was early stated by Chief Justice Taney in the Passenger Cases, 7 How. 283, 492 (1849):
"For all the great purposes for which the Federal government was formed, we are one people, with one common country. We are all citizens of the United States; and, as members of the same community, must have the right to pass and repass through every part of it without interruption, as freely as in our own States." (emphasis added)

The Transportation Code was first enacted in 1925 and has been recodified without substantive change since that time. If the Transportation Code was not authorized to "inhibited by statutes, rules, or regulations" the rights of the people then it certainly does not have it now. Any acts to enforce regulations upon the free movement of the people is wholly unconstitutional.

6

Johnson v. City of Austin, 674 SW 2d 894 - Tex: Court of Appeals, 3rd Dist. 1984, 674 SW 2d 894 - Tex: Court of Appeals, 3rd Dist. 1984
"A license is merely a permit or privilege to do what otherwise would be unlawful. The object of a license is to confer a right or power which does not exist without it. A license fee is the sum exacted for the privilege of carrying on a particular occupation or business.... Payne v. Massey, 145 Tex. 237, 196 S.W.2d 493, 495 (1946)."

White Top Cab Co. v. City of Houston, 440 SW 2d 732 - Tex: Court of Civil Appeals 1969 at 735:
"A license to drive an automobile is a mere privilege and does not constitute property or a property right. Gillaspie v. Dept. of Public Safety, 152 Tex. 459, 259 S.W.2d 177; Lowe v. Texas Dept. of Public Safety, Tex.Civ.App., 423 S.W.2d 952, writ ref., n. r. e.; Schwantz v. Texas Dept. of Public Safety, Tex.Civ.App., 415 S.W.2d 12, writ ref. In Ex Parte Sterling, 122 Tex. 108, 53 S.W.2d 294, at p. 296, the Court said:
"* * * Public highways and streets are constructed and maintained at the public expense. No person, therefore, can insist that he has, or may acquire, a vested right to use such streets and highways in carrying on a commercial business."

## A. DPS Trooper Eric Dunn

### 1. Fourth Amendment Unlawful Arrest Claim

*Tex. Transp. Code § 543.001 ("Any peace officer may arrest without warrant a person found committing a violation of this subtitle.").* Proof provided from the Tex. Transp. Code itself that the code recognizes its own limited enforcement by requiring only "peace officers" to arrest under that title.

Plaintiff was under no obligation to display any sort of license to Dunn because there is no proof that Plaintiff was or is engaged in commercial activity including transportation. No nexus connecting Plaintiff with the Transportation Code has been provided, no elements, no facts, no evidence.

*See Marcopoulos v. State, 538 S.W.3d 596, 599–600 (Tex. Crim. App. 2017) ("Probable cause exists where the facts and circumstances known to law enforcement officers are 'sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.'");*

Dunn was not a *"man of reasonable caution"* because a reasonable man would not have written a criminal complaint for arrest of a non-arrestable ancillary charge and trumped up a second charge.

7

Dunn's criminal complaint contained two separate non-arrestable ancillary charges and not one arrestable criminal act was alleged yet Plaintiff was arrested. There is arguably no <u>*reasonable man*</u> who would arrest another human being for an allegation of a seat belt improperly worn even if that person were engaged in transportation because that type of arrest is wholly unreasonable and completely tyrannical.

Plaintiff has made no "concession" that he "**<u>REFUSED</u>**" to cooperate with any of Dunn's lawful orders and indeed Plaintiff did not resist when Dunn was unreasonable and unlawful as is obvious buy Dunn's cruiser recording – Plaintiff would have been murdered by defendant Corkern had he made any moves that would have scared law enforcement or merely even been of a refusing nature.

There has been no judicial proceedings which have determined based on facts and evidence allowing Plaintiff opportunity to respond, that Plaintiff was or is engaged in any regulatable activity.

Plaintiff objects to Magistrate Judge recommending dismissal of this claim against defendant Dunn.

### a. Qualified Immunity

Plaintiff objects to qualified immunity because it is contrary to constitutional law Article Fourteen Equal Protection Clause also even if qualified immunity were to exist it would only protect acts within the scope of the official's duties which do not include arrest without probable cause.

### 2. Fourth Amendment Unlawful Seizure of Vehicle Claim

Plaintiff objects in part that the Magistrate Judge does not recognize the seizure of Plaintiff's car was a result of an unlawful arrested because he is applying the Transportation Code to Plaintiff in violation of statute Rule 1.2 which clearly states that the regulatory scheme only applies to those in commerce or use the road for hire.

### 3. Fourth Amendment Unlawful Search of Vehicle Claim

Plaintiff agrees that the claim should continue however Plaintiff objects that the wording does not include that the reason for the unlawful search was based on an unlawful arrest.

### 4. Fourteenth Amendment Due Process Claim

Plaintiff objects to Magistrate Judge's recommendation.

Art. 15.17. DUTIES OF ARRESTING OFFICER AND MAGISTRATE. in pertinent part "... **_shall_** without unnecessary delay, ..." Dunn drove past Justice of the Peace Judge Smith's Office on his way to taking Plaintiff directly to jail. Dunn has offered no reason for the "unnecessary delay". There has been no judicial proceedings to determine what Dunn's necessary delay was in not taking Plaintiff before a magistrate prior to incarceration as required by Art 15.17. The seriousness of a warrant-less arrest is expressed in the wording of Article 15.17 "... **_shall_** without unnecessary delay, ...".

Plaintiff's claim is based on statute law Tex. Code Crim. P. Art. 15.17. and U.S. CONST. amend. XIV § 1. Magistrate Judge is calling upon case law that substantively changes statute law and the constitution's due process requirement. "... **_shall_** without unnecessary delay" is a clear and important requirement for warrant-less arrest. Any case law that allows the taking of a warrant-less arrested person directly to jail is making a substantive change of the intent of the law which reads "... **_shall_** without unnecessary delay" to "officer discretion" which is unconstitutional.

### 5. Eighth Amendment Excessive Bail Claim

Plaintiff objects to Magistrate Judge's recommendation.

Dunn a career law enforcement official would know that a felony would carry with it a higher bond than a class c misdemeanor. The felony Dunn charged Plaintiff with lacked probable cause and was made as a punishment requiring Plaintiff post a monetary bond rather than the personal recognizances bond for the class c misdemeanor because Plaintiff invoked his rights instead of capitulating to Dunn's unreasonable restrictions on Plaintiff's liberties on August 5, 2014.

Plaintiff disagrees with Magistrate Judge troopers and police officers do set bail amounts by the allegations they charge when those allegations are without probable cause.

Plaintiff objects because he has raised facts issues which support this claim.

### B. DPS Trooper and Supervisor Steve Holloway
### 1. Fourth Amendment Unlawful Arrest Claim

Magistrate Judge is in error stating that Dunn's arrest of Plaintiff was based on probable cause. Plaintiff has plead facts concerning Dunn's telephone call to Holloway prior to Plaintiff's arrest sufficient to authorize discovery of that and other communications of Dunn and Holloway. Plaintiff objects to Magistrate Judge's recommendations because Dunn's arrest of Plaintiff was unlawful and there is no proof that Plaintiff was engaged in commerce and subject to any provisions of the Transportation Code which would alter that unlawful arrest.

Plaintiff objects to Magistrate Judge's recommendation.

### 2. Fourth Amendment Unlawful Search of Vehicle Claim

*"Notably, Ferguson has not alleged any facts that show Holloway was personally involved or overtly participated in the search aside from the phone call."* The phone calls between Dunn and Holloway is the personal involvement and Plaintiff has not been provided his right to discovery to further this fact. Plaintiff is with the belief that most people would and the courts must consider giving verbal permission to arrest and then following up that verbal permission with a phone call to find out how the arrest went as definitive form of "PERSONAL INVOLVEMENT".

Plaintiff objects to Magistrate Judge's recommendation that Plaintiff has not stated a claim against Holloway for an unlawful search for which relief can be granted.

### C. Newton Police Department Officer Timothy Corkern
### 1. Fourth Amendment Unlawful Arrest Claim

Plaintiff objects to Magistrate Judge's recommendations because Dunn's arrest of Plaintiff was

10

unlawful as above explained.

## 2. Fourth Amendment Excessive Force Claim

In a civilized society law enforcement does not point a rifle at someone who is merely invoking their rights as Plaintiff did and is evident by Dunn's cruiser recording. It is a shock to the consciousness of a civilized people that a government official would stray so far from his official duties to point a rifle at an innocent person who had merely invoked their right to ask questions of another government official who had used their emergency flashing lights to stop and them and tell them they were wearing their seat belt improperly. As is obvious from Dunn's cruiser recording Plaintiff was never non-compliant with lawful orders from Dunn. Magistrate Judge's recommendation uses case law which does not take into account that Plaintiff has the Constitutional Guarantee of Life, Liberty and the pursuit of Happiness. Corkern is not authorized to remove from Plaintiff his constitutional rights. Plaintiff object to this Magistrate Judge's recommendation.

### a. Qualified Immunity

Plaintiff objects to qualified immunity because it is contrary to constitutional law Article Fourteen Equal Protection Clause also even if qualified immunity were to exist it would only protect acts within the scope of the official's duties.

## 3. Intentional Infliction of Emotional Distress Claim

Plaintiff objects to Magistrate Judge's recommendation.

### a. Official Immunity

Plaintiff objects to official immunity because it is contrary to constitutional law Article Fourteen Equal Protection Clause also official immunity claims only protect acts within the scope of the official's duties.

## 4. Assault Claim

11

Corkern's assault was unnecessary and unreasonable. As previously stated Plaintiff was under no duty to perform unlawful request of officers and Plaintiff was merely invoking his rights which law enforcement are required to uphold as a part of their oath of office. Plaintiff objects to Magistrate Judge's recommendation.

### a. Official Immunity

Plaintiff objects to official immunity because it is contrary to constitutional law Article Fourteen Equal Protection Clause also official immunity claims only protect acts within the scope of the official's duties. Plaintiff objects to Magistrate Judge's recommendation.

## D. Newton County Sheriff's Office Deputies Charles Willis, Josh Beckman, and Brandon Thurman

### 1. Fourth Amendment Unlawful Arrest Claim

Plaintiff objects to Magistrate Judge's recommendation that this claim should be dismissed because Magistrate Judge is in error. The arrest of Plaintiff was unlawful.

### 2. Fourth Amendment Excessive Force Claim

Plaintiff objects. Defendants have no authority nor is it within the scope of their duties to show aggression and hostility towards a law abiding citizen which would interfere with his constitutional rights to life liberty and the pursuit of happiness.

### 3. Intentional Infliction of Emotional Distress Claim

Plaintiff objects. The use of the TTCA as a defense is in error because the TTCA does not cover acts of governmental entities who act outside the scope of their duties. An arrest which lacks probable cause is outside the scope of duties of law enforcement.

## E. Patrick Auto Defendants Parvin Butler, Angie Brown, and Pete Patrick

### 1. Fourth Amendment Unlawful Seizure Claim

Plaintiff objects to Magistrate Judge's recommendation. Magistrate Judge is ignoring Plaintiff's

12

statute law that Patrick, Brown and Butler were state actors and who aided and abetted Dunn's unlawful seizure of Plaintiff's car. See Plaintiff's Fifth Amended Complaint para. 132. Conspiracy is not necessary to become state actors under color of law.

Plaintiff's arrest was unlawful was based on a non-arrestable ancillary charge. Defendant's Dunn et al are claiming immunity because they claim they could have arrested Plaintiff under a Transportation Code violation which Plaintiff adamantly denies and demands strict proof there of. However, since Plaintiff's arrest by Dunn itself was unlawful whether Dunn et al can be held liable civilly has yet to be determined however, Butler, Brown and Patrick are not blessed with immunity by case law and their acts in relation to the unlawful arrest of Plaintiff in seizing his car are a violation of Plaintiff rights because he did not consent to the taking of his car by them.

## 2. State Law Theft Claim

Plaintiff objects to Magistrate Judge's recommendation. Patrick's appropriated Plaintiff's car under a non-consent tow. That non-consent was premised on an arrest which lacked probable cause and was therefor unlawful.

## F. Judge Craig Mixson and Judge Connie Smith

Generally, judges are immune from suit for judicial acts within or in excess of their jurisdiction even if those acts have been done maliciously or corruptly; the only exception being for acts done in the clear absence of all jurisdiction. **Gregory v. Thompson, 500 F2d 59 (C.A. Ariz. 1974)**

Probable cause must be established by testimony made under oath by a law enforcement officer appearing before a magistrate. The testimony can be oral or written, and it cannot contain any "knowingly" or "intentionally" false statements, or statements made in "reckless disregard for the truth" **(Franks v. Delaware, 438U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 [1978]).** Inaccuracies due to negligence or innocent omission do not jeopardize a warrant's validity.

The Court in **Yates v. Village of Hoffman Estates, Illinois, 209 F. Supp. 757 (N.D. Ill. 1962)** held that "not every action by a judge is in the exercise of his judicial function. ... it is not a judicial function for a judge to commit an intentional tort even though the tort occurs in the courthouse. When a judge acts as a trespasser of the law, when a judge does not follow the law, the judge loses subject-matter jurisdiction and the judges' orders are void, of no legal force or effect."

In **Stump v. Sparkman, 435 US 349 - Supreme Court 1978**, the decision was that the district judge lacked authority to approve the petition before him and should have denied it on its merits. However, because he had jurisdiction to hear the petition his granting of it although in err was not outside his judicial duties and retained his judicial immunity.

### 1. Non-Judicial Action

Plaintiff objects to Magistrate Judge's recommendation.

Judge Smith was acting outside the scope of her official duties because she is not authorized by the Fourth Amendment to issue warrants except upon probable cause. Judge Smith offered Plaintiff a phone number at the presumptive arraignment to arrange Plaintiff making a payment to her court because that is what Judge Smith was interested in aka the collecting a fee on the charges and not on issuing an arrest warrant based on probable cause. Judge Smith's acts were fraudulent because she acted under color of law to deceive Plaintiff for personal gain which would be the fine money she would receive as the judge of the court hearing the charge against Plaintiff. Judge Smith had an oath to the statutes of the state and the Constitution which she violated.

Judge Smith's act in issuing a warrant lacking probable cause was not a judicial function. Article Four "... no Warrants shall issue, but upon probable cause, ..."

### 2. Absence of All Jurisdiction

Plaintiff objects to Magistrate Judge's recommendation.

In the present case defendant Judge Mixson did not have jurisdiction to hear Stanley's motion to withdraw and according to Stump v. Sparkman should have "dismiss it for lack of jurisdiction". Judge Mixson acted wholly and completely without jurisdiction in ruling on Stanley's motion to withdraw as counsel in a case in another court's jurisdiction. Judge Mixson recognized as much during the preceding with his statement: *"I don't think the J.P. has a problem with me saying they can't get along,*

*I'm going to withdraw him from both cases. Can I do that? I think I can."*

Judge Mixson was made aware that Stanley was only appointed in the misdemeanor although this fact is irrelevant because Judge Mixson had no jurisdiction to remove Stanley as Plaintiff's counsel in an active proceeding in another court's jurisdiction. Judge Mixson lacked all and complete jurisdiction to act on matters in another court.

### 3. Alternative Dismissal Under the Texas Tort Claims Act

Plaintiff objects to Magistrate Judge's recommendation.

Texas Tort Claims Act is vague an ambiguous. Texas Tort Claims Act only protects government entities who have acted within the scope of their duties. The hearing of and ruling on motions from cases in different jurisdictions is not within the scope of duties

### G. Newton County Criminal District Attorney Courtney Ponthier and Assistant District Attorney Robert Hilton

Plaintiff objects to Magistrate Judge's recommendation.

CODE OF CRIMINAL PROCEDURE Art. 2.01. DUTIES OF DISTRICT ATTORNEYS. It **shall** be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done."

TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT
"Rule 3.09 Special Responsibilities of a Prosecutor The prosecutor in a criminal case shall:
(a) refrain from prosecuting or threatening to prosecute a charge that the prosecutor knows is not supported by probable cause;
IV. NON-CLIENT RELATIONSHIPS Comment: 2. Using or threatening to use the criminal process solely to coerce a party in a private matter improperly suggests that the criminal process can be manipulated by private interests for personal gain. However, giving any notice required by law or applicable rules of practice or procedure as a prerequisite to instituting criminal charges does not violate this Rule, unless the underlying criminal charges were made **without probable cause**."

Plaintiff objects to Magistrate Judge's recommendation. Plaintiff's Exhibit 5, Dunn's Criminal Complaint of Plaintiff dated August 5, 2014, clearly shows that the charging instrument did not support probable cause and in fact stated facts that Plaintiff could not have committed the crime alleged.

15

>Malley v. Briggs, 475 US 335 - Supreme Court 1986

"Accordingly, we hold that the same standard of objective reasonableness that we applied in the context of a suppression hearing in Leon, supra, defines the qualified immunity accorded an officer whose request for a warrant allegedly caused an unconstitutional arrest.[7] Only where the warrant 345*345 application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable, Leon, supra, at 923, will the shield of immunity be lost."

Ponthier and Hilton far more that the rank and file law enforcement would certainly know what probable cause is and whether a complaint expresses criminal conduct.

### 4. Alternative Dismissal Under the Texas Tort Claims Act

Plaintiff objects to Magistrate Judge's recommendation.

Ponthier's and Hilton's acts in prosecuting Plaintiff were outside the scope of their duties as prosecutors and the Texas Tort Claims act does not cover government employees acting outside the scope of their duties.

### H. Newton County Head Jailer Gwen Kelley

Plaintiff objects to Magistrate Judge's recommendation. Plaintiff's arrest was unlawful.

Magistrate Judge has erred in stating "protected by the intermediary rule" applies because when defendant Kelley locked Plaintiff the jail she did not have papers from any "independent intermediary".

### 1. Fourth Amendment Unlawful Arrest Claim

Plaintiff objects to Magistrate Judge's recommendation. Plaintiff's arrest was unlawful was based on a non-arrestable ancillary charge. Defendant's Dunn et al are claiming immunity because they claim they could have arrested Plaintiff under a Transportation Code violation which Plaintiff adamantly denies and demands strict proof there of. However since Plaintiff's arrest itself was unlawful whether Dunn et al can be held liable civilly has yet to be determined however, Kelley's locking Plaintiff in a jail on false charges makes her liable to Plaintiff.

### 2. Fourteenth Amendment Due Process Claim

16

Plaintiff objects to Magistrate Judge's recommendation. Commitment papers are those papers required to commit persons to jail therefor commitment papers are required before commitment.

### 3. Intentional Infliction of Emotional Distress Claim

Plaintiff objects to Magistrate Judge's recommendation.

### I. Newton County Jailer Ashley Morrow
### 1. Sovereign Immunity Under the Texas Tort Claims Act

Plaintiff objects to Magistrate Judge's recommendation. Magistrate Judge is ignoring clear violations of statute law.

### J. Justice of the Peace Clerk of Court Linda Pitts
### 1. Sovereign Immunity Under the Texas Tort Claims Act

Plaintiff objects to Magistrate Judge's recommendation. Magistrate Judge is ignoring clear violations of statute law.

### K. Attorney J. Keith Stanley
### 1. Fraud Claim

Plaintiff objects to Magistrate Judge's recommendation.

Magistrate Judge is acting arbitrary, capricious, unreasonable and discriminatory in not recognizing Plaintiff's clearly expressed statute violations of Defendant Attorney Stanley.

### 2. Malicious Prosecution Claim

Plaintiff objects to Magistrate Judge's recommendation.

Magistrate Judge is acting arbitrary, capricious, unreasonable and discriminatory in not recognizing Plaintiff's clearly expressed statute violations of Defendant Attorney Stanley.

### 3. Civil Conspiracy Claim

Plaintiff objects to Magistrate Judge's recommendation.

Magistrate Judge is acting arbitrary, capricious, unreasonable and discriminatory in not

recognizing Plaintiff's clearly expressed statute violations of Defendant Attorney Stanley.

### 4. Intentional Infliction of Emotional Distress Claim

Plaintiff objects to Magistrate Judge's recommendation.

Magistrate Judge is acting arbitrary, capricious, unreasonable and discriminatory in not recognizing Plaintiff's clearly expressed statute violations of Defendant Attorney Stanley.

### IV. Recommendation

Plaintiff objects to Magistrate Judge's recommendations because they presume that Plaintiff is one subject to the Transportation Code without any evidence or facts in support. Plaintiff's claims are based on statute and constitutional law not case law.

## CONCLUSION

Defendants DPS Trooper Eric Dunn, DPS Trooper and Supervisor Steve Holloway, Newton Police Department Officer Timothy Corkern, Newton County Sheriff's Office Deputies Charles Willis, Josh Beckman, and Brandon Thurman, Judge Craig Mixson and Judge Connie Smith, Newton County Criminal District Attorney Courtney Ponthier and Assistant District Attorney Robert Hilton, Newton County Head Jailer Gwen Kelley, Newton County Jailer Ashley Morrow, and Justice of the Peace Clerk of Court Linda Pitts have and or had oaths of office to statute law and constitutional law. Defendants' violations of their oaths injured Plaintiff.

Plaintiff came to this court with claims of violations of clearly established statute and constitutional violations. Those violations have been met not with statute law or constitutional law but with case law which does nothing less than substantively change the meaning and intent of those statutes and constitutional laws they address.

Magistrate Judge appears to be saying not that the statues and constitution were not violated but that case law trumps statute and constitutional law. Plaintiff adamantly objects to Magistrate Judge's

recommendations that Plaintiff's remedies are not found in statute and constitutional laws.

Magistrate Judge does not appear to be using the same degree of analytical scrutiny over defendants claims that Plaintiff is subject to the Transportation Code as he is over Plaintiff's claims concerning defendants violations not of case law but of statute law and constitutional law.

The abuses of law enforcement and the use of case law which is substantively different than statute and constitutional law haw created a class of readers non-violent in their nature who have discovered what is written in statute law and constitutional law is not what is written in case law.

Respectfully submitted,

By: *Ralph Lynn Ferguson Jr* (signature)
Ralph Lynn Ferguson, Jr. Pro se
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
Phone: 337.462.2615
Fax: 337.462.0541

## CERTIFICATE OF SERVICE

I certify that on May 31, 2018, a copy of Plaintiff's Specific Objections to Report and Recommendation Granting Motions to Dismiss in Part Document 169 was served on all counsel of record and pro se defendants via email.

*Ralph Lynn Ferguson Jr.*
Ralph Lynn Ferguson, Jr.