IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

RALPH LYNN FERGUSON, JR.,

        Plaintiff,

vs.

ERIC MARCINE DUNN, et al.,

        Defendants.

NO. 1:16-CV-00272

## ORDER STRIKING MOTION FOR JUDGMENT ON THE PLEADINGS

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and referred to the undersigned United States Magistrate Judge for pretrial management. Four interrelated motions are pending before the court:

- Defendant Eric Marcine Dunn's "Motion for Judgment on the Pleadings" (Doc. No. 148);[1]
- Dunn's "Opposed Motion for Protective Order" (Doc. No. 154);
- *Pro se* Plaintiff Ralph Lynn Ferguson, Jr.'s "Motion to Strike [Motion for Judgment on the Pleadings] and Request for Sanctions" (Doc. No. 162); and
- Dunn's "Opposed Motion for Leave to File Motion for Judgment on the Pleadings." Doc. No. 165.

Because Dunn has failed to show good cause for filing his motion for judgment on the pleadings two months after the deadline for dispositive motions, the motion should be stricken.

### I. Background

In 2014, Ferguson was stopped by Dunn, a Texas Department of Public Safety (DPS) Trooper, for allegedly failing to wear a seatbelt properly while Ferguson was driving in Newton County, Texas. Doc. No. 123, at 5. Ferguson did not identify himself or produce his driver's

---

[1] All of Dunn's pending motions were submitted on behalf of Dunn and Defendant Steve Holloway. Because the claims against Holloway have been dismissed with prejudice (*see* Doc. No. 174, at 2–3), Holloway's name is omitted from the motions within this order for brevity.

license during the stop. *Id.* at 9. Dunn radioed for the aid of other officers, and eventually Dunn broke the window on Ferguson's vehicle and arrested Ferguson. *Id.* Ferguson's vehicle was searched, seized, and towed. *Id.* at 11. Ferguson was transported to the Newton County Jail, and he posted bond the following day. *Id.* The grand jury declined to indict Ferguson on a felony charge, and eventually the district attorney dismissed the only remaining charge (a misdemeanor). *Id.* at 15. In connection with these events, Ferguson brought various federal and state law claims against five DPS Troopers (including Dunn), one Newton City Police Officer, one court-appointed defense attorney, two jailers, two judges, one clerk of court, two district attorneys, and three employees of the tow truck company. *See generally* Doc. No. 1 (original complaint); *see also* Doc. No. 123 (operative complaint).

Ferguson amended his complaint five times, and the Defendants filed motions to dismiss each of Ferguson's amended complaints until the deadlines to amend pleadings and submit dispositive motions had passed. The original scheduling order required dispositive motions to be filed by November 17, 2017. Doc. No. 96, at 2. The Defendants motioned to reset the dispositive motion deadline (Doc. No. 142), but the court declined to do so at the time because the Defendants did not show good cause for doing so. Doc. No. 147, at 6. The court instructed that "no Defendant is prevented from filing a future motion for leave to file a particular dispositive motion." *Id.*

On January 17, 2018—two full months after the deadline to file dispositive motions had passed—Dunn filed his pending motion for judgment on the pleadings. Doc. No. 148. Dunn's motion was not accompanied by a motion for leave of court to file the dispositive motion, and he

only filed a motion for leave (Doc. No. 165) *after* Ferguson filed his motion to strike the motion for judgment on the pleadings and requested sanctions against Dunn. *See* Doc. No. 162.

On June 1, 2018, the court dismissed all of the claims against the various Defendants aside from two claims against Dunn. *See* Doc. No. 174, at 2–3. The only claims remaining in the suit are Ferguson's Fourth Amendment unlawful seizure and Fourth Amendment unlawful search claims against Dunn. *See id.* at 3.

## II. Legal Standard

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Even if good cause and excusable neglect are shown, whether or not to grant a motion under Rule 6(b) is within the discretion of the court. *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–98 (1990). Excusable neglect is an equitable concept that encompasses late filings due to mistake, inadvertence, and carelessness, but not to bad faith. *Friedman & Feiger, L.L.P. v. ULofts Lubbock, LLC*, No. 3:09-CV-1384-, 2009 WL 3378401, at *2 (N.D. Tex. Oct. 19, 2009).

The court may impose sanctions "if a party or its attorney . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(C). The permissive language of Rule 16(f) gives the court discretion whether or not to impose sanctions.

## III. Analysis

### 1. Dunn's neglect may be excusable, but he has not shown good cause

Dunn's counsel argues that the motion for judgment on the pleadings was mistakenly filed without an accompanying motion for leave due to an unintentional mistake. Doc. No. 165, at 3.

However, all of the explanations provided in the motion for leave relate to events that occurred *after* the original dispositive motion deadline of November 17, 2018. *See generally id.* at 3–4 (discussing discovery requests made on December 18, 2017, counsel being out of the office in late December of 2017, and a motion for a protective order due to a qualified immunity defense filed on January 19, 2018). Even if Dunn's neglect is excusable, Dunn has failed to articulate good cause for filing his motion for judgment on the pleadings two months after the deadline on November 17, 2018. Even if Dunn had filed his motion one day late on November 18, 2017, he would still need to describe why the motion was not filed by November 17, 2018 (*e.g.*, a delay due to the uncommon number of amended complaints and number of motions to dismiss that had to be filed, or some other explanation). Because Dunn has failed to articulate good cause for filing the motion late, the court declines to exercise its discretion to permit Dunn's untimely motion, and the motion for judgment on the pleadings is stricken.

    **2.**    **Sanctions will not be imposed**

Though the court cautions Dunn's counsel to diligently review the scheduling order to comply with case deadlines in the future, the court declines to exercise its discretion to impose sanctions on Dunn or his counsel at this time. Assistant Attorney General Seth Byron Dennis—Dunn's current attorney-in-charge who filed the late dispositive motion, motion for leave, and motion for protective order (*see* Doc. Nos. 148, 165, 154)—did not appear in the case until December 20, 2017. *See* Doc. No. 145. There is insufficient evidence that Mr. Dennis intentionally misled the court or failed in his duties so spectacularly that sanctions are warranted. Accordingly, Dunn's request for sanctions is denied.

It is, therefore, **ORDERED** that Ferguson's "Motion to Strike [Motion for Judgment on the Pleadings] and Request for Sanctions" (Doc. No. 162) is **GRANTED in part** and **DENIED in part**. Dunn's "Motion for Judgment on the Pleadings" (Doc. No. 148) is **STRICKEN**, but Ferguson's request for sanctions is **DENIED**.

It is further **ORDERED** that Dunn's "Opposed Motion for Protective Order" (Doc. No. 154) is **DENIED** as moot.

It is further **ORDERED** that Dunn's "Opposed Motion for Leave to File Motion for Judgment on the Pleadings" (Doc. No. 165) is **DENIED**.

It should be noted that this matter is set for a case management conference on Thursday, June 28, 2018. *See* Doc. No. 177. Following the conference, the undersigned will enter an amended scheduling order and consider a new deadline for dispositive motions given that Ferguson's remaining claims are substantially more focused.

SIGNED this 6th day of June, 2018.

_____
Zack Hawthorn
United States Magistrate Judge