In the United States District Court
for the Eastern District of Texas
Beaumont Division

| | |
|---|---|
| Ralph Lynn Ferguson, Jr.<br>    Plaintiff, | §<br>§<br>§ |
| v. | §   Civil Action No. 1:16-cv-272 |
| | § |
| Eric Marcine Dunn, *et al.*,<br>    Defendants. | §<br>§   Jury |

**Defendant Dunn's Response in Opposition to
Plaintiff's Motion to Compel with Brief in Support**

Defendant Eric Dunn asks the Court to deny the Ferguson's motion to compel.

**Statement of the Case**

Ferguson brings suit for alleged violations of his Constitutional rights pursuant to 42 U.S.C. § 1983. The Court previously dismissed all but two claims brought against Trooper Dunn [D.E. 169 & 174]. The only remaining claims against Trooper Dunn are the alleged search and seizure of Ferguson's car after his arrest [D.E. 169 & 174]. These allegations arise from a traffic stop and arrest of Ferguson on August 5, 2014, by Dunn, a trooper for the Texas Department of Public Safety [D.E. 169].

**Statement of the Issue and Standard of Review**

Whether Trooper Dunn should be compelled to answer the second set of interrogatories served upon him by Ferguson? The standard of review for a motion to compel discovery is abuse of discretion. *Barrett v. Independent Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980).

**Brief in Support**

A party may file a motion to compel if interrogatories are not answered or if the answers are evasive or incomplete. FED. R. CIV. PRO. 37(a)(3)(B)(iii). *See Pan-Islamic Trade Corp. v. Exxon*

*Corp.*, 632 F.2d 539, 552 (5th Cir. 1980). A party can discover any nonprivileged matter that is: (1) relevant to any party's claim or defense and; (2) proportional to the needs of the case. FED. R. CIV. PRO. 26(b)(1).

As stated previously, the Court has dismissed all but two claims brought against Trooper Dunn [D.E. 169 & 174]. The only remaining claims against Trooper Dunn are the alleged search and seizure of Ferguson's car after his arrest [D.E. 169 & 174].

Ferguson claims that Trooper Dunn seized his car in violation of the Fourth Amendment. However, as this Court previously stated, "the public caretaking exception to the warrant requirement allows police to impound [a vehicle after a driver's arrest] to protect the vehicle, its contents, and the surrounding roadways." *Trent v. Wade*, 776 F.3d 368, 387 n. 13 (5th Cir. 2015). Officers may impound vehicles in furtherance of public safety and community caretaking functions. *South Dakota v. Opperman*, 428 U.S. 364, 368 (1976).

Ferguson also claims that Trooper Dunn searched his vehicle in violation of the Fourth Amendment. However, peace officers may conduct an inventory search when they lawfully impound a vehicle if they follow standard procedure. *See Colorado v. Bertine*, 479 U.S. 367, 375 (1987); *See also Opperman*, 428 U.S. at 374.

Ferguson asks that the Court overrule Trooper Dunn's objection to Interrogatory No. 4, which reads as follows[1]:

**Interrogatory 4**: During the encounter your initiated against Plaintiff your Curiser recording recorded you saying " I am going to do what I can without him killing me." in reference to Plaintiff. Please explain your statement including why you made that statement, who you made the statement

---

[1] Plaintiff attached the responses as Exhibit 2 to his motion.

to, why you would think of such a thing to say and how you thought that Plaintiff would kill or attempt to kill you.

**Response**: Object as not relevant to the remaining claims.

Ferguson claims this interrogatory is relevant because it goes to state of mind and motive of the Trooper Dunn to search Ferguson's car. However, Trooper Dunn's motive and state of mind are not relevant to the remaining claims. Ferguson claims that Trooper Dunn searched his vehicle in violation of the Fourth Amendment. However, peace officers may conduct an inventory search when they lawfully impound a vehicle if they follow standard procedure. *See Colorado v. Bertine*, 479 U.S. 367, 375 (1987); *See also Opperman*, 428 U.S. at 374. *Bertine* does not factor in the officer's motive and/or state of mind with regards to an inventory search and therefore this interrogatory is not relevant.

Ferguson asks that the Court overrule Trooper Dunn's objection to Interrogatory No. 5, which reads as follows:

**Interrogatory 5**: Your Cruiser recording you saying "Not that I have found so far" to named defendant STEVE HOLLOWAY during a telephone call he made to you during the time that Plaintiff was restrained in our cruiser and you were going through either searching or inventorying Plaintiff's belongings in his car. Please explain specifically what thing or things you were referring to as "not having been found."?

**Response**: Object as not relevant to the remaining claims.

Ferguson claims this interrogatory is relevant because it goes to the actual events when Trooper Dunn is making an inventory. However, what he says during the inventory search is not relevant to whether he followed standard procedure, which is the issue with regards to an inventory search.

Ferguson claims that TrooperDunn's answer to Interrogatory No. 7 is incomplete and asks the Court to order him to answer. It reads as follows:

**Interrogatory 7**: If you are claiming that you did not search Plaintiff's car but was inventorying Plaintiff's car please explain what percentage of the things in Plaintiff's car your actually inventoried and where your inventoried and where you did not?

**Response**: I performed an inventory search to protect the contents of the vehicle and performed this search using standard procedure.

Ferguson claims Trooper Dunn did not answer the question. Defendant Dunn answered the question to the best of his ability. He should not be ordered to provide an answer that he cannot in fact provide.

Ferguson asks that the Court overrule Trooper Dunn's objection to Interrogatory No. 8, which reads as follows:

**Interrogatory 8**: Please explain how your statement "Not that I have found so far" fits within the perimeter of an inventory?

**Response**: Object as not relevant to the remaining claims.

Ferguson claims this interrogatory is relevant because it goes to the actual events when Trooper Dunn is making an inventory. However, what he says during the inventory search is not relevant to whether he followed standard procedure, which is the issue with regards to an inventory search.

Ferguson asks that the Court overrule Trooper Dunn's objection to Interrogatory No. 9, which reads as follows:

**Interrogatory 9**: Please explain with specificity what was your reasoning for requesting backup with the encounter you initiated against Plaintiff?

**Response**: Object as not relevant to the remaining claims.

Ferguson claims this interrogatory is relevant because it goes to state of mind and motive of the Trooper Dunn to search Ferguson's car. However, Trooper Dunn's motive and state of mind are not relevant to the remaining claims. *Bertine* does not factor in the officer's motive and state of mind with regards to an inventory search and therefore this interrogatory is not relevant.

Ferguson seeks reasonable expenses for Trooper Dunn's alleged refusal to comply with the discovery requests. [D.E. 187 ¶ 28]. The Court may award such expenses, unless the failure to properly answer was substantially justified. FED. R. CIV. PRO. 37(a)(5)(A). An action is substantially justified if there is a genuine dispute or if reasonable people could differ on the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Trooper Dunn's objections and answers are substantially justified as there is a genuine dispute and reasonable people could differ on the appropriateness of the objections or answers.

## Conclusion

Ferguson's motion to compel should be denied.      \

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

        SHANNA E. MOLINARE
Division Chief
Law Enforcement Defense Division

/s/SETH BYRON DENNIS
SETH BYRON DENNIS
Assistant Attorney General
Attorney-in-charge
State Bar No. 00790580

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
Fax No. (512) 936-2109

**Attorneys for Defendant Dunn**

**Notice of Electronic Filing**

I, Seth Byron Dennis, Assistant General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendant Dunn's Response in Opposition to Plaintiff's Motion to Compel with Brief in Support** in accordance with the Electronic Case Files System of the Eastern District of Texas, on this the 7th day of September, 2018.

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General

**Certificate of Service**

  I, Seth Byron Dennis, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Dunn's Response in Opposition to Plaintiff's Motion to Compel with Brief in Support** has been served by means of the Eastern District of Texas's CM/ECF filing system, in accordance with the Federal Rules of Civil Procedure on this the 7th day of September, 2018, addressed to all parties of record. It has also been sent by United States mail to:

Ralph Ferguson, Jr.
1192 Highway 27
DeRidder, LA
70634

                /s/ Seth Byron Dennis
                SETH BYRON DENNIS
                Assistant Attorney General