In the United States District Court
for the Eastern District of Texas
Beaumont Division

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr.<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 1:16-cv-272 |
| Eric Marcine Dunn, *et al.*,<br>　　Defendants. | §<br>§<br>§ | Jury |

## Defendant Dunn's Response in Opposition to
## Plaintiff's Motion to Compel Sufficiency with Brief in Support

Defendant Eric Dunn asks the Court to deny the Plaintiff's motion to compel sufficiency.

### Statement of the Case

Ferguson brings suit for alleged violations of his Constitutional rights pursuant to 42 U.S.C. § 1983. The Court previously dismissed all but two claims brought against Trooper Dunn [D.E. 169 & 174]. The only remaining claims against Trooper Dunn are the alleged search and seizure of Ferguson's car after his arrest [D.E. 169 & 174]. These allegations arise from a traffic stop and arrest of Ferguson on August 5, 2014, by Dunn, a trooper for the Texas Department of Public Safety [D.E. 169].

### Brief in Support

A party may file a motion to determine the sufficiency of answers or objections to requests for admissions. FED. R. CIV. PRO. 36(a)(6). Requests for admissions may be used to request that a party admit the truth of matters relating to: (1) facts, the application of law to facts, or opinions about either, and; (2) the genuineness of any described documents. FED. R. CIV. PRO. 36(a)(1). A party can discover any nonprivileged matter that is: (1) relevant to any party's claim or defense and; (2) proportional to the needs of the case. FED. R. CIV. PRO. 26(b)(1).

As stated previously, the Court has dismissed all but two claims brought against Trooper Dunn [D.E. 169 & 174]. The only remaining claims against Trooper Dunn are the alleged search and seizure of Ferguson's car after his arrest [D.E. 169 & 174].

Ferguson claims that Trooper Dunn seized his car in violation of the Fourth Amendment. However, as this Court previously stated, "the public caretaking exception to the warrant requirement allows police to impound [a vehicle after a driver's arrest] to protect the vehicle, its contents, and the surrounding roadways." *Trent v. Wade*, 776 F.3d 368, 387 n. 13 (5th Cir. 2015). Officers may impound vehicles in furtherance of public safety and community caretaking functions. *South Dakota v. Opperman*, 428 U.S. 364, 368 (1976).

Ferguson also claims that Trooper Dunn searched his vehicle in violation of the Fourth Amendment. However, peace officers may conduct an inventory search when they lawfully impound a vehicle if they follow standard procedure. *See Colorado v. Bertine*, 479 U.S. 367, 375 (1987); *See also Opperman*, 428 U.S. at 374.

Request for admissions 1-15, 17-24, 26-29, 31 and 33-36[1] are not relevant to the remaining claims. They do not address the seizure of Ferguson's vehicle pursuant to the caretaker function, nor do they address whether the inventory search performed by Trooper Dunn was done pursuant to standard procedure. In addition, they do not address Trooper Dunn's ascertion of qualified immunity in his motion for summary judgment. Ferguson argues that the requests go to Trooper Dunn's credibility as a witness, competence, state of mind and motive, none of which are relevant as to the impoundment of Ferguson's vehicle nor the inventory search performed pursuant to standard procedure.  The response to Request 13 is appropriate as he admitted to  request. Lastly, it should be noted, Request 34 is pure harassment and is meant to be demeaning to Trooper Dunn.

---

[1] Ferguson attached the responses to the second request for admissions to his motion.

Ferguson seeks reasonable expenses for Trooper Dunn's alleged refusal to comply with the discovery requests. [D.E. 188 ¶ 19]. The Court may award such expenses, unless the failure to properly answer was substantially justified. FED. R. CIV. PRO. 36(a)(6) & 37(a)(5)(A). An action is substantially justified if there is a genuine dispute or if reasonable people could differ on the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Trooper Dunn's objections and answers are substantially justified as there is a genuine dispute and reasonable people could differ on the appropriateness of the objections or answers.

## Conclusion

Ferguson's motion to compel sufficiency should be denied.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

SHANNA E. MOLINARE
Division Chief
Law Enforcement Defense Division

/s/SETH BYRON DENNIS
SETH BYRON DENNIS
Assistant Attorney General
Attorney-in-charge
State Bar No. 00790580

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080
Fax No. (512) 936-2109

**Attorneys for Defendant Dunn**

**Notice of Electronic Filing**

I, Seth Byron Dennis, Assistant General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendant Dunn's Response in Opposition to Plaintiff's Motion to Compel Sufficiency with Brief in Support** in accordance with the Electronic Case Files System of the Eastern District of Texas, on this the 7th day of September, 2018.

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General

**Certificate of Service**

I, Seth Byron Dennis, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Dunn's Response in Opposition to Plaintiff's Motion to Compel Sufficiency with Brief in Support** has been served by means of the Eastern District of Texas's CM/ECF filing system, in accordance with the Federal Rules of Civil Procedure on this the 7th day of September, 2018, addressed to all parties of record. It has also been sent by United States mail to:

Ralph Ferguson, Jr.
1192 Highway 27
DeRidder, LA
70634

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General