IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| RALPH LYNN FERGUSON, JR., <br><br> Plaintiff, <br><br> vs. <br><br> ERIC MARCINE DUNN, et al., <br><br> Defendants. | NO. 1:16-CV-00272-MAC |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (DOC. NO. 187) AND MOTION TO DETERMINE SUFFICIENCY OF RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS (DOC. NO. 188)**

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and referred to the undersigned United States Magistrate Judge for pretrial management. Pending before the court is the Plaintiff, Ralph Lynn Ferguson, Jr.'s ("Ferguson") "Motion to Compel Defendant Dunn to Respond to Plaintiff's Second Set of Interrogatories" (Doc. No. 187) and "Plaintiff's Motion to Determine the Sufficiency of Defendant Dunn's Responses to Plaintiff's Second Request for Admissions" (Doc. No. 188). The Defendant, Eric Dunn, ("Dunn") has filed responses to both motions (Doc. No. 190).

I.   Proper Scope of Discovery

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* FED. R. CIV. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence

to be discoverable. *Id.* The court must limit the extent of discovery if it determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1). *See* FED. R. CIV. P. 26(b)(2)(C)(iii). Local Rule CV-26 (d) provides guidance to counsel for evaluating when a particular piece of information is relevant to the claim or defense of any party as follows:

(1) It includes information that would not support the disclosing parties' contentions;

(2) It includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties;

(3) It is information that is likely to have an influence on or affect the outcome of a claim or defense;

(4) It is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and

(5) It is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense.

An interrogatory may relate to any matter that may be inquired into under Rule 26(b). FED. R. CIV. P. 33(a)(2). Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. FED. R. CIV. P. (b)(3). The grounds for objecting to an interrogatory must be stated with specificity. *Id.*

A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either. FED. R. CIV. P. 36(a)(1). The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial. FED. R. CIV. P. 36(a)(5).

A party may move for an order compelling discovery in the court where the action is

pending.  FED. R. CIV. P. 37(a)(1),(2).  A party seeking discovery may move for an order compelling an answer if the party fails to answer an interrogatory submitted under Rule 33.  FED. R. CIV. P. 37(3)(B)(iii).  The requesting party may also move to determine the sufficiency of an answer or objection to a request for admission.  FED. R. CIV. P. 36(a)(6).  Unless the court finds an objection justified, it must order that an answer be served.  *Id.*  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.  *Id.*

II.     Issues Remaining in this Lawsuit

After several rounds of numerous motions to dismiss, Ferguson has two remaining § 1983 claims against Trooper Dunn in this lawsuit: (1) a Fourth Amendment claim for an unlawful search of his vehicle; and (2) a Fourth Amendment claim for an unlawful seizure of his vehicle.  (Doc. No. 174.)

Every person acting under color of law that subjects any citizen of the United States to the deprivation of any rights secured by the Constitution shall be liable to the party injured.  42 U.S.C. § 1983.  The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.  U.S. CONST. AMEND IV.  Ferguson argues the warrantless seizure of his vehicle violated his Fourth Amendment rights because the vehicle was seized "without probable cause."  (Doc No. 123, at 21.)  In his "Motion for Summary Judgment," Trooper Dunn argues the vehicle's seizure was proper under the public caretaking exception to the warrant requirement.  (Doc. No. 184, at 2.)  "[T]he public caretaking exception to the warrant requirement allows police to impound [a vehicle after a driver's arrest] to protect the vehicle, its contents, and the surrounding roadways."  *Trent v. Wade*, 776 F.3d 368, 387 n.13 (5th Cir. 2015).  The impoundment of a vehicle is permissible so long as it is carried out in furtherance

of a community caretaking function. *United States v. Castro*, 166 F.3d 728, 734 (5th Cir. 1999) (citing *South Dakota v. Opperman*, 428 U.S. 364, 368, (1976)); *United States v. Ponce*, 8 F.3d 989, 996 (5th Cir.1993). There are no standardized criteria for reviewing the reasonableness of a vehicle impoundment for community caretaking purposes. *United States v. McKinnon*, 681 F.3d 203, 208 (5th Cir. 2012). The "constitutional analysis hinges upon the reasonableness of the 'community caretaker' impound viewed in the context of the facts and circumstances encountered by the officer." *Id*. The *McKinnon* court analyzed the reasonableness of the officer's decision to impound a vehicle under the community caretaking function by considering whether the vehicle could become a nuisance where it was parked, whether it could have been stolen or damaged, whether there was a driver available who could operate the vehicle with valid insurance coverage, if the registration sticker was expired and whether the owner of the vehicle was available to designate a tow operator. *Id*. at 209.

Ferguson argues the search of his vehicle was unlawful because Dunn lacked "articulable suspicion, probable cause, or a warrant or consent." (Doc No. 123, at 20.) "Although as a general matter, warrantless searches 'are *per se* unreasonable under the Fourth Amendment,' there are 'a few specifically established and well-delineated exceptions to that general rule." *City of Ontario, Cal. v. Quon*, 560 U.S. 746, 760, (2010) (quoting *Katz v. United States*, 389 U.S. 347, 357, (1967)). Trooper Dunn asserts that an exception to the warrant requirement to the search of Ferguson's vehicle applied because it was an inventory search from a lawfully impounded vehicle that followed standard procedure. (Doc. No. 184, at 3, citing *Colorado v. Bertine*, 479 U.S. 367, 375 (1987)).

A police officer can conduct an inventory of seized property if that inventory is part of a bona fide police "routine administrative caretaking function." *United States v. Lage*, 183 F.3d

374, 380 (5th Cir. 1999) (citation omitted).  Inventory searches "are now a well-defined exception to the warrant requirement of the Fourth Amendment." *United States v. Walker*, 931 F.2d 1066, 1068 (5th Cir. 1991) (citing *Colorado v. Bertine*, 479 U.S. 367 (1987)).  However, "an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence." *Florida v. Wells*, 495 U.S. 1, 4, (1990).  "In order to prevent inventory searches from concealing such unguided rummaging, [the] Supreme Court has dictated that a single familiar standard is essential to guide police officers, who have only limited time and expertise to reflect on and balance the social and individual interests involved in the specific circumstances they confront." *United States v. Walker*, 931 F.2d 1066, 1068 (5th Cir.1991) (citation omitted).  The Supreme Court's "decisions have always adhered to the requirement that inventories be conducted according to standardized criteria." *United States v. Walker*, 931 F.2d 1066, 1068 (5th Cir. 1991) (citing *Bertine*, 107 S.Ct. at 742 n. 6.)).  Thus, an inventory search of a seized vehicle is reasonable and does not violate the Fourth Amendment if it is conducted pursuant to standardized regulations and procedures that are consistent with (1) protecting the property of the vehicle's owner, (2) protecting the police against claims or disputes over lost or stolen property, and (3) protecting the police from danger." *United States v. McKinnon*, 681 F.3d 203, 209–10 (5th Cir. 2012) (citations omitted).  These standardized regulations and procedures must "sufficiently limit the discretion of law enforcement officers to prevent inventory searches from becoming evidentiary searches." *United States v. Andrews*, 22 F.3d 1328, 1336 (5th Cir.1994) (citation omitted).

  III.  <u>Proper Discovery Requests in Light of the Remaining Issues</u>

   a. *Interrogatories*

Ferguson moves to compel substantive responses to the following interrogatories:

**INTERROGATORY 4**: During the encounter you initiated against Plaintiff, your Cruiser recording recorded you saying "I am going to do what I can without him killing me" in reference

to Plaintiff. Please explain your statement including, why you made that statement, who you made the statement to, why you would think of such thing to say and how you thought that Plaintiff would kill or attempt to kill you.

Trooper Dunn claims this interrogatory does not need to be answered because his motive and state of mind are not relevant as a peace officer may conduct an inventory search when they lawfully impound a vehicle if they follow standard procedure. (Doc. No. 190, at 3.) As stated above, an inventory search cannot be treated by a police officer as a ruse for a general rummaging in order to discover incriminating evidence. To that extent, Trooper Dunn's state of mind—whether this was a bona fide inventory search or a ruse to discover incriminating evidence—falls within the scope of Fed. R. Civ. P. 26(b). Requiring Trooper Dunn to explain why he said "I am going to do what I can without him killing me" might be relevant to whether the inventory search was merely a pretext to discover incriminating evidence and whether it was conducted pursuant to standardized regulations and procedures that are consistent with (1) protecting the property of the vehicle's owner, (2) protecting the police against claims or disputes over lost or stolen property, and (3) protecting the police from danger.

**INTERROGATORY 5**: Your Cruiser recording recorded you saying "not that I have found so far" to named defendant STEVE HOLLOWAY during a telephone call he made to you during the time that Plaintiff was restrained in your cruiser and you were going through either searching or inventorying Plaintiff s belongings in his car. Please explain specifically what thing or things you were referring to as "not having been found?"

Trooper Dunn argues that what he says during an inventory search is not relevant to whether he followed standard procedure, which is the issue with regards to an inventory search. (Doc. No. 190, at 3.) On the contrary, what a police officer says during an inventory search *is* relevant to whether it was conducted pursuant to standardized regulations and procedures that are consistent with (1) protecting the property of the vehicle's owner, (2) protecting the police against claims or disputes over lost or stolen property, and (3) protecting the police from danger.

**INTERROGATORY 7**: If you are claiming that you did not search Plaintiffs car but was inventorying Plaintiff's car, please explain what percentage of the things in Plaintiff's car you actually inventoried and where you inventoried and where you did not?

Trooper Dunn's response to this interrogatory was that "I performed an inventory search to protect the contents of the vehicle and performed this search using standard procedure." Trooper Dunn claims he answered this question to the "best of his ability" and should not be ordered to provide an answer that he "cannot in fact provide." (Doc. No. 190.) Trooper Dunn only responded as to why he allegedly inventoried the vehicle. He did not answer what was inventoried and what was not. Trooper Dunn did not fully answer this question.

**INTERROGATORY 8**: Please explain how your statement "not that I have found so far" fits within the perimeter of an inventory?

Trooper Dunn makes the same objection as for interrogatory number five. For the same reasons stated by the undersigned, the objection lacks merit.

**INTERROGATORY 9**: Please explain with specificity what was your reasoning for requesting backup with the encounter you initiated against Plaintiff?

Trooper Dunn argues he does not need to respond to interrogatory number nine because it is not relevant to the remaining claims. The undersigned agrees. Any answer to this interrogatory is not relevant to the considerations of the proper search or seizure of Ferguson's vehicle.

    *b.   Requests for Admission*

Ferguson also moves to compel answers to request for admissions 1-15, 17-24, 26-29, 31 and 33-36. Trooper Dunn generally raises the same objections to these requests as he did to the interrogatories. Consistent with the undersigned's rulings above concerning the interrogatories and the issues concerning the remaining claims, Trooper Dunn's objections to requests for admission 2, 3, 10, 11, 12, 13,15, 19, 20, 28, 33, 35, and 36 are overruled.

IV. <u>Conclusion</u>

For the reasons stated above, Ferguson's "Motions to Compel" (Doc. No. 187) and "Motion to Determine the Sufficiency of Responses to Requests for Admission" (Doc. No. 188) are **GRANTED IN PART**. Within thirty (30) days of the date of this Order, Trooper Dunn is required to adequately answer interrogatories 4, 5, 7-8 and requests for admission 2, 3, 10, 11, 12, 13, 15, 19, 20, 28, 33, 35, and 36. Ferguson shall then file his response to Trooper Dunn's "Motion for Summary Judgment," within fourteen days of service of the ordered discovery responses. Ferguson's requests for reasonable expenses and deemed admissions (*see* Doc. No. 187, at 5; Doc. No. 188, at 4) are **DENIED**.

SIGNED this 24th day of September, 2018.

_____
Zack Hawthorn
United States Magistrate Judge