FILED
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 29 2018

BY
DEPUTY_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:16cv272 |
| | § | |
| ERIC MARCINE DUNN, et al | § | |
| Defendants. | § | Jury Requested |

### PLAINTIFF'S SUR-REPLY TO DEFENDANT TIMOTHY WAYNE CORKERN'S REPLY TO PLAINTIFF'S RESPONSE (Doc. 185) TO DEFENDANT'S MOTION TO SEVER ALL CLAIMS AGAINST DEFENDANT TIMOTHY WAYNE CORKERN (Doc. 183) Document 196

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, Ralph Lynn Ferguson, Jr., (hereafter "Plaintiff" or "Ferguson") in the above described and numbered cause, and files this Plaintiff's Sur-Reply to Defendant Timothy Wayne Corkern's Reply to Plaintiff's Response (Doc. 185) to Defendant's Motion to Sever All Claims Against Defendant Timothy Wayne Corkern (Doc. 183) Document 196 and in support thereof show this Court the following.

### I. PLAINTIFF'S SUR-REPLY

1. Defendant is misrepresenting case law to mislead this Court.

2. In paragraph 1. "Defendant is seeking a severance into a separate proceeding as allowed under said rule., [FRCP 21] so that the judgment in its favor may become final and appealable." Indeed defendant Corkern request a severance to obtain that which defendant Corkern will obtain without a severance. Defendant Corkern's terms for severance do not proceed *"on such terms as are just"*.

3. In paragraph 4. Defendant wants this severance "in an **attempt** to **potentially** minimize costs and attorney's fees." (emphasis added) however, defendant Corkern does not elaborate just how a severance of the claims against defendant Corkern will actually "minimize costs and attorney's fees"

yet, defendant Corkern wants to make "an attempt to potentially" save on cost and fees.

4. In paragraph 5. Defendant Corkern acknowledges the necessity of "the convenience of the parties, avoidance of prejudice to either party and promotion of the expeditious resolution of the litigation," listing 4 related factor." and then ignores these factors because they do not support a severance for defendant Corkern.

5. In paragraph 5 defendant Corkern implies that *Official Comm. Of Unsecured Creditors v. Shapiro, 190 F.R.D. 352, 355 (E.D. Penn. 2000)* supports severance based solely on a 12(b)(6) dismissal.

6. In paragraph 5. Quoting Shapiro Id. *"and the **distinctiveness** of the dismissal issues on appeal tip the balance toward finality as to the dismissed claims."* (emphasis added) The lack of distinctiveness in the claims of the present case are addressed further in the succeeding paragraphs.

7. In paragraph 6 defendant wants to mislead this court into accepting that Plaintiff doing one or more appeals **"while"** Plaintiff also works toward trial on Plaintiff's remaining claims is "judicial economy" and "simplifies this case". Plaintiff is unsure if defendant Corkern has that much confidence in Plaintiff's abilities or perhaps defendant Corkern is using his experience to make procedural maneuvers to take advantage of Plaintiff at the cost of judicial economy and simplification of this case.

8. In paragraph 6. "Stated another way, this approach is convenient for ***most all of the parties*** involved, avoids any kind of prejudice to ***most all of the parties*** involved and importantly, promotes the **expeditious resolution** of the litigation as to all of the parties involved." (emphasis added) Severance will not "promote expeditious resolution" of the litigation but will create more appeals for the courts of appeal which will then address the very same issues raised from the very same instances.

9. In paragraph 6 defendant Corkern seems to be concerned about being **"forever held hostage"** to this litigation. This is an odd thing for defendant Corkern to say particularly coming from someone

who volunteered for a profession that commits acts which force the general population into the legal arena over accusations based on malum prohibitum crimes. Perhaps defendant Corkern could seek help with this apparent phobia.

10. Defendant Corkern's terms for severance are not just for Plaintiff nor would a denial of severance be unjust to defendant Corkern.

11. Plaintiff's claim against defendant Corkern for Fourth Amendment excessive force is the same claim against defendants Charles Willis, Josh Beckman, and Brandon Thurman. Same initiating cause and same claim, requiring the same appeal and thus no grounds for a *"just"* severance.

12. Plaintiff's claim against defendant Corkern for Fourth Amendment unlawful arrest is the same claim against defendants Eric Marcine Dunn, Steve Holloway, Charles Willis, Josh Beckman, Brandon Thurman and Gwen Kelley. Same initiating cause and same claim, requiring the same appeal and thus no grounds for a *"just"* severance.

13. Plaintiff's claim against defendant Corkern for a state claim of assault and battery is based on the same initiating cause as the other claims against defendant Corkern, requiring the same appeal and thus no grounds for a "just" severance.

## II. CONCLUSION

Defendant Corkern's motion to sever is groundless because the claims to be severed are not distinctive, denial of severance will not be unjust to defendant Corkern, severance will not simplify litigation, will prejudice Plaintiff and will needlessly further strain the resources of the courts of appeal.

Respectfully submitted,

By: *Ralph Lynn Ferguson Jr*
Ralph Lynn Ferguson, Jr. Pro se

3

1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
Phone:   337.462.2615
Fax:     337.462.0541

## CERTIFICATE OF SERVICE

    I certify that on October 25, 2018, a copy of Plaintiff's Sur-Reply to Defendant Timothy Wayne Corkern's Reply to Plaintiff's Response (Doc. 185) to Defendant's Motion to Sever All Claims Against Defendant Timothy Wayne Corkern (Doc. 183) Document 196 was served on the following via USPS.

Seth Byron Dennis
Attorney General's Office
PO Box 12548
Capitol Station
Austin, TX 78711

Frank D. Calvert
2615 Calder Avenue, Suite 1070
Beaumont, Texas 77702

F Blair Clarke
2615 Calder Avenue, Suite 1070
Beaumont, Texas 77702

                                                                                 Ralph Lynn Ferguson, Jr.

Ralph Lynn Ferguson, Jr.
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
phone 337.462.2615
fax 337.462.0541

October 25, 2018

Clerk of Court David A. O'Toole
United States District Court
300 Willow St. Suite 104
Beaumont, Texas 77701-2217

RE: Ferguson v. Dunn Cause 1:16cv272

Dear Mr. O'Toole,

Enclosed are the original and one copy of Plaintiff's Sur-Reply to Defendant Timothy Wayne Corkern's Reply to Plaintiff's Response (Doc. 185) to Defendant's Motion to Sever All Claims Against Defendant Timothy Wayne Corkern (Doc. 183) Document 196.

Please file the original among the papers in the above referenced cause and file stamp the copy for returning to me in the self addressed stamped envelope provided for that purpose.

If you have any questions I may be contacted at the above address.

Thank you in advance for your assistance in this matter.

Sincerely,

*Ralph Lynn Ferguson Jr.*
Ralph Lynn Ferguson, Jr.



MLY TO SEAL

70605
OCT 26, 18
AMOUNT
$9.70

1006  77701  R2304E105599-07

# PRIORITY
# ★ MAIL ★

Ralph Lynn Ferguson
1192 Hwy 27
DeRidder, Louisiana 70634

 DATE OF DELIVERY SPECIFIED*

 USPS TRACKING™ INCLUDED*

 INSURANCE INCLUDED*

 PICKUP AVAILABLE

* Domestic only



Clerk of Court David A. O'Toole
United States District Court
300 Willow St. Suite 104
Beaumont, Texas 77701-2217

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

EXPECTED DELIVERY DAY: 10/29/2018

**USPS SIGNATURE TRACKING NUMBER**



9510 8158 7668 8299 2984 47



PS00001000014

EP14F July 2013
OD: 12.5 x 9.5

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE


*UNITED STATES POSTAL SERVICE*