FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

NOV - 2 2018

BY
DEPUTY_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr, § | | |
| Plaintiff § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:16cv272 | |
| § | | |
| ERIC MARCINE DUNN, et al § | | |
| Defendants. § | Jury Requested | |

### PLAINTIFF'S RESPONSE TO
### DEFENDANT DUNN'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT
### Document 184

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, Ralph Lynn Ferguson, Jr., (hereafter "Plaintiff" or "Ferguson") in the above described and numbered cause, timely files this Plaintiff's Response to Defendant Dunn's Motion for Summary Judgment With Brief in Support Document 184, and in support would show this Court the following:

### STATEMENT OF CASE

1.  Plaintiff brings suit for violations of Plaintiff's Constitutional rights pursuant to 42 U.S.C. § 1983. This Court has previously dismissed all named defendants and all claims except for two claims against defendant Dunn. These two remaining claims against defendant Dunn for unlawful seizure and unlawful search of Plaintiff's car arise from defendant Dunn who while acting under color of law as a Texas Department of Public Safety officer initiated a traffic stop of Plaintiff albeit not related to commercial use of the roads and not related to for hire use of the roads and in the course of the traffic stop arrested Plaintiff for a non-arrestable ancillary charge on August 5, 2014.

### STANDARD OF REVIEW

2.  "The doctrine of qualified immunity "insulate[s]" state officials from liability to the extent that the officials' actions do not violate "clearly established statutory or constitutional rights." Kovacic, 628

F.3d 377*377 at 213 (internal quotation marks omitted). The basic steps of our qualified-immunity inquiry are well-known: a plaintiff seeking to defeat qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was `clearly established' at the time of the challenged conduct." Morgan v. Swanson, 659 F.3d 359, 371 (5th Cir.2011) (en banc) (quoting Ashcroft v. al-Kidd, ___ U.S. ___, 131 S.Ct. 2074, 2083, 179 L.Ed.2d 1149 (2011)). We have discretion "in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 242, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009); see also Plumhoff v. Rickard, ___ U.S. ___, 134 S.Ct. 2012, 2020, 188 L.Ed.2d 1056 (2014) ("[W]e begin in this case with the question whether the officers' conduct violated the Fourth Amendment. This approach, we believe, will be beneficial in developing constitutional precedent in an area that courts typically consider in cases in which the defendant asserts a qualified immunity defense." (alterations and internal quotation marks omitted)). In conducting the qualified immunity analysis, we "may not resolve genuine disputes of fact in favor of the party seeking summary judgment." Tolan, 134 S.Ct. At 1866." *Trent v. Wade, 776 F. 3d 368 - Court of Appeals, 5th Circuit 2015.*

### ISSUES BEFORE THE COURT

3.  Whether defendant Eric Marcine Dunn (herein Dunn) violated clearly established law in seizing and searching Plaintiff's car and thus acted outside the scope of Dunn's duties as an officer of the DEPARTMENT OF PUBLIC SAFETY of the state of Texas (herein DPS) and therefor not entitled to summary judgment based upon qualified immunity?

### BRIEF IN SUPPORT

4.  Defendant Dunn did not act within the scope of Dunn's duties as a DPS officer. Defendant Dunn's acts were not within "objective legal reasonableness" in light of the legal rules that were

"clearly established" at the time thus barring Dunn from qualified immunity.

5. Dunn acting under color of law as a DPS officer at the time of initiating an alleged transportation violation which resulted in arresting Plaintiff would have known of SB-971 aka the Texas Transportation Code's (herein Trans Code) limitations on authority to seize cars found in Section 545.305. In pertinent part Sec. 545.305 states:

> Sec. 545.305. REMOVAL OF UNLAWFULLY STOPPED VEHICLE. (a) A peace officer listed under Article 2.12, Code of Criminal Procedure, or a license and weight inspector of the **department** may remove or require the operator or a person in charge of a vehicle to move a vehicle from a highway if the vehicle: (8) is operated by a person an officer arrests for an alleged offense ***and the officer is "required" by law to take the person into custody***; (emphasis added)

6. Mistake of law can be something that is easily mistakable however, **REQUIRED** is not a mistakable claim.

7. Dunn arrested Plaintiff under Texas Penal Code 38.02(a) Failure to Identify. See Plaintiff's Exhibit 5, "Dunn's Criminal Complaint of Plaintiff dated August 5, 2014." attached to Plaintiff's Fifth Amended Complaint. Failure to Identify 38.02(a) is not authorized as a first offense arrest, therefor Dunn was not **required** to take Plaintiff into custody.

8. Dunn initiated the stop of Plaintiff with Dunn's cruiser's emergency flashing lights, and Plaintiff promptly stop, thereby Dunn was in control of the location where Plaintiff's car stopped. It is unreasonable to consider Plaintiff's car was in a hazardous location without considering the reason for the location which was initiated and controlled by Dunn.

9. The responsible agency within Texas SB-971 aka the Texas Transportation Code for all enforcement related transportation offenses is the DEPARTMENT and the DEPARTMENT in every single case is defined within the Trans Code as the DEPARTMENT OF PUBLIC SAFETY of the state

of Texas.

10. Dunn as a state of Texas DPS officer could have known and should have known about which statutes grant Dunn authority to seize Plaintiff's car. Dunn had a legal duty to know. Dunn could have known and should have known pursuant to Dunn's legal duty as a DPS officer.

11. Defendant Dunn asserts "the public caretaking exception to the warrant requirement allows police to impound [a vehicle after a driver's arrest] to protect the vehicle, its contents, and the surrounding roadways." is found in *Trent v. Wade, 776 F.3d 368, 387 n. 13 (5th Cir. 2015)*. This is not a reference to case law. Footnote [13] "Public caretaking typically applies when the owner of the vehicle has been arrested while the vehicle is on the public streets. In that situation, the public caretaking exception to the warrant requirement allows police to impound the vehicle to protect the vehicle, its contents, and the surrounding roadways. *See* Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 7.3(c) (4th ed.2004)." Plaintiff found this book on Amazon.com for $2,200.00 plus $3.99 shipping.

12. In *Trent* ibid. at 387, "We might agree that no public caretaking concern was served by seizing the vehicle [ATV parked outside of a private residence], but public caretaking is just one ground upon which officers may seize a vehicle.[13] As the above discussion makes clear, vehicles also may be seized if they are contraband subject to forfeiture under state law or if they are contraband in plain view of an officer."

13. Despite the fact that Sec. 545.305 bars Dunn from seizing Plaintiff's car, *Trent* ibid. deals with a hot pursuit, seizure at a residence of a vehicle that was used to flee from law enforcement, suspected of being stolen or used in criminal activity and thus considered contraband and what the Court called "special considerations", none of which apply to the present case.

///

14. *Trent* at footnote [12] "("Time and again, [the Supreme] Court has observed that searches and seizures *conducted outside the judicial process, without prior approval by judge or magistrate, are per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and *well delineated exceptions.*" (emphasis added) (internal quotation marks omitted))." (emphasis in original) These "few specifically established and *well delineated exceptions"* would undoubtedly be Sec. 545.305 ibid.

15. Also, in the present case there is not probable cause to assert that Plaintiff's car contained contraband or that Plaintiff's car itself was contraband.

16. *Trent* ibid. does not afford Dunn the legal grounds to seize Plaintiff's car.

17. *South Dakota v. Opperman, 428 U.S. 364, 368 (1976).* at 376 "The Vermillion police were indisputably engaged in a caretaking search of a **lawfully** impounded automobile. Cf. United States v. Lawson, 487 F. 2d 468, 471 (CA8 1973). The inventory was conducted only after the **car had been impounded for multiple parking violations.**" (emphasis added)

*18.* *Opperman* ibid. does not apply to the present case because *Opperman* deals with a car lawfully impounded for parking violations.

19. *Opperman* does not offer Dunn the legal grounds to seize Plaintiff's car.

20. Dunn stopped Plaintiff's locomotion via perceived emergency from Dunn's cruiser's flashing lights and controlled the location where Plaintiff parked Plaintiff's car.

21. Neither *Opperman* nor *Trent* afford a caretaking function for cars that are parked due to law enforcement officer directive.

22. There is no reasonableness in seizing a person's car because they followed the instructions of law enforcement.

///

5

23. Dunn stated on page 3 para. 2: However, peace officers may conduct an inventory search when they **lawfully** impound a vehicle if they follow standard procedure. See *Colorado v. Bertine, 479 U.S. 367, 375 (1987); See also Opperman, 428 U.S. at 374.* (emphasis added by Plaintiff) Plaintiff does not dispute that the impound must be "lawful".

24. As previously stated Dunn's seizure of Plaintiff's car was outside the scope of Dunn's authority.

25. Plaintiff's Exhibit 1 is a Copy of DPS Public Information Response: "Lost and Found THP-6 THP-3, Dated Thursday, November 20, 2014. (2 pages) and attached hereto. This Report is in response to Plaintiff public information request for documentation regarding Plaintiff arrest by Dunn on August 5, 2014. Each page of this two page Report states the following; date of Plaintiffs' arrest by Dunn, Dunn's "officer ID number within the DPS, Plaintiff's car license plate number, and "Vehicle Inventory? No". This two page Report is evidence that Dunn's search of Plaintiff's car was in fact not a "standard inventory search" and impeaches Dunn's "Affidavit of Eric Dunn" attached to Defendant Dunn's Motion for Summary Judgment with Brief in Support DE 184, concerning Dunn's statement "I performed an inventory search to protect the contents of the vehicle and performed this search using standard procedures." If Dunn had done this alleged "standard inventory search" there would certainly be a paper trail somewhere and this is where that accounting would be lodged. This DPS Report clearly shows that whatever search Dunn performed was certainly not a "standard inventory search".

26. Plaintiff contends that this Report (Plaintiff's Exhibit 1) confirms beyond doubt that Dunn did not perform a "standard inventory search" however, any search of Plaintiff's car would be unlawful because the seizure of Plaintiff's car was itself unlawful in the first instance.

27. *Opperman* ibid., "As in Cady, there is no suggestion whatever that this standard procedure, essentially like that followed throughout the country, was a pretext concealing an investigatory police motive.[10] (emphasis added) In the present case Plaintiff does assert that Dunn was searching

6

Plaintiff's car for evidence of criminal activity.

28. Plaintiff asserts that Dunn was conducting a criminal investigation of Plaintiff before Dunn's arrest of Plaintiff and that investigation continued with a search of Plaintiff's car by Dunn for evidence of criminal activity.

29. In the course of the encounter Dunn initiated on Plaintiff on August 5, 2014, Dunn seized Plaintiff's car in violated of Sec. 545.305 Ibid. and searched Plaintiff's car for evidence of criminal activity to justify Dunn's statement during the encounter that Plaintiff would kill Dunn despite there being no justification to make such statement. See Plaintiff's Exhibit 2 Defendant Dunn's Supplemental Responses to Plaintiff's Second Set of Interrogatories attached hereto, Interrogatories 4, 5, 7 and 8.

## CONCLUSION

Defendant Dunn violated Plaintiff's right under Trans Code Sec. 545.305 to move, remove or have moved Plaintiff's car from the location where Dunn arrested Plaintiff for the non-arrestable offense of failure to identify creating an injury to Plaintiff including money damages. Defendant Dunn's violation of Plaintiff's right to move, remove or have moved Plaintiff's car created a violation of Plaintiff's Fourth Amendment right to be free from warrant-less and unreasonable seizures. Trans Code Sec. 545.305 and the Fourth amendment were clearly established laws at the time of the seizure of Plaintiff's car. Dunn's subsequent search of Plaintiff's car was a Fourth Amendment right violation to be free from warrant-less and unreasonable searches because Dunn did not legally posses Plaintiff's car and no probable cause existed for the search. For the reasons stated throughout defendant Dunn acted outside of Dunn's scope of duty as a DPS official. Dunn's motion for summary judgment based on qualified immunity should be denied.

Respectfully submitted,

Case 1:16-cv-00272-MAC-ZJH Document 198 Filed 11/02/18 Page 8 of 17 PageID #: 1911

By: /s/ Ralph Lynn Ferguson Jr.
Ralph Lynn Ferguson, Jr. Pro se
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
Phone:   337.462.2615
Fax:      337.462.0541

## CERTIFICATE OF SERVICE

I certify that on November 2, 2018, a copy of Plaintiff's Response to Defendant Dunn's Motion for Summary Judgment With Brief in Support Document 184 was served on the following via USPS.

Seth Byron Dennis
Attorney General's Office
PO Box 12548
Capitol Station
Austin, TX 78711

Ralph Lynn Ferguson, Jr.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr, <br> Plaintiff | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. 1:16cv272 |
| ERIC MARCINE DUNN, et al <br> Defendants. | § <br> § | Jury Requested |

**PLAINTIFF'S RESPONSE TO
DEFENDANT DUNN'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT**
Document 184


EXHIBIT 1

DPS Public Information Response: "Lost and Found THP-6 THP-3,

Dated Thursday, November 20, 2014. (2 pages)

## Arrest Summary

- Ticket Type: THP6
- Ticket Number: TX442J0IPP0D
- Arrest Date: 6/5/2014 7:05:00PM
- Accident? No
- Alleged Speed:
- Posted Speed: 0

## Location

- County: 176 NEWTON
- Road Class: US/SH
- Route: 0190
- Milepost: 878
- Construction Zone? No
- Workers Present? No

## Trooper

- Service: HP
- Region: 2
- District: 6
- Sgt Area: 07
- Officer ID: 12421
- Step: No

## Driver

- Birth Date: 6/12/1955 12:00:00AM
- Race/Sex: White Male
- DL Number: 07896361
- DL State: TX
- CDL? No
- CDL Haz Mat? No

## Vehicle

- Plate: XHX664
- State: LA
- Type: Passenger Van
- Commercial Vehicle? No
- Interstate? No
- Intrastate? No
- Stopped for Warning? Yes
- Stopped for Citation? No
- Searched? No
- PC? No
- Consensual? No
- Incident to Arrest? No
- Vehicle Inventory? No
- Contraband Found? No
- Drugs? No
- Weapons? No
- Currency? No
- Other? No

## Violations

**50164** Failure To Identify-Misdemeanor

- Disp
- Disp Final
- Disp Date
- Docket No
- Alc Edu: False
- Fine
- Length Prob
- Other
- Plea
- Status
- Time Prob
- Time Served
- FTA Filed Date

## Warnings

**06503** Ride, Not Secured By Safety Belt-Driver (12-1-85) (#)

## Court

- Court: 3 County
- Precinct:

## Arrest Summary

- Ticket Type: THP6
- Ticket Number: TX442M0IPP0G
- Arrest Date: 8/5/2014 10:10:00PM
- Accident? No
- Alleged Speed:
- Posted Speed: 0

## Location

- County: 176 NEWTON
- Road Class: US/SH
- Route: 0190
- Milepost: 878
- Construction Zone? No
- Workers Present? No

## Trooper

- Service: HP
- Region: 2
- District: B
- Sgt Area: 07
- Officer ID: 12421
- Step: No

## Driver

- Birth Date: 6/12/1955 12:00:00AM
- Race/Sex: White Male
- DL Number: 07896361
- DL State: TX
- CDL? No
- CDL Haz Mat? No

## Vehicle

- Plate: XHX884
- State: LA
- Type: Passenger Van
- Commercial Vehicle? No
- Interstate? No
- Intrastate? No
- Stopped for Warning? No
- Stopped for Citation? Yes
- Searched? No
- PC? No
- Consensual? No
- Incident to Arrest? No
- Vehicle Inventory? No
- Contraband Found? No
- Drugs? No
- Weapons? No
- Currency? No
- Other? No

## Court

- Court: 4 District
- Pricinct:

## Violations

**50167** Evading Arrest Or Detention-Felony

- Disp:
- Disp Final:
- Disp Date:
- Docket No:
- Alc Edu: False
- Fine:
- Length Prob:
- Other:
- Plea:
- Status:
- Time Prob:
- Time Served:
- FTA Filed Date:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr, <br> Plaintiff <br><br> v. <br><br> ERIC MARCINE DUNN, et al <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 1:16cv272 <br><br> Jury Requested |

## PLAINTIFF'S RESPONSE TO
## DEFENDANT DUNN'S MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT
### Document 184

### EXHIBIT 2

**Defendant Dunn's Supplemental Responses to Plaintiff's Second Set of Interrogatories**

In the United States District Court
for the Eastern District of Texas
Beaumont Division

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr. | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-cv-272 |
| | § | |
| Eric Marcine Dunn, *et al.*, | § | |
|    Defendants. | § | Jury |

**Defendant Dunn's Supplemental Responses to Plaintiff's Second Set of Interrogatories**

**Interrogatory 4:** During the encounter your initiated against Plaintiff your Curiser recording recorded you saying " I am going to do what I can without him killing me." in reference to Plaintiff. Please explain your statement including why you made that statement, who you made the statement to, why you would think of such a thing to say and how you thought that Plaintiff would kill or attempt to kill you.

**Response:** The above statement was made to one of the responding deputies on scene. The statement was made so as to convey the gravity of the situation to the deputy based on my training. At the time of the stop, I had received little training on dealing with individuals claiming to be traveling – not in commerce, Sovereign Citizens or conveying Republic of Texas type ideologies.

**Interrogatory 5:** Your Cruiser recording you saying "Not that I have found so fo" to named defendant STEVE HOLLOWAY during a telephone call he made to you during the time that Plaintiff was restrained in our cruiser and you were going through either searching or inventorying Plaintiff's belongings in his car. Please explain specifically what thing or things you were referring to as "not having been found."?

**Response:** From the video, 1 Hour 03 Minutes 35 Seconds into the encounter, Sergeant Holloway asked, via phone, if any weapons had been found in the vehicle.

**Interrogatory 7:** If you are claiming that you did not search Plaintiff's car but was inventorying Plaintiff's car please explain what percentage of the things in Plaintiff's car your actually inventoried and where your inventoried and where you did not?

**Response:** Only items readily visible were either audibly noted or documented.

Interrogatory 8: Please explain how your statement "Not that I have found so far" fits within the perimeter of an inventory?

Response: At the time the statement was made, 1 Hour 03 Minutes 35 Seconds into the encounter, the inventory process had not been completed.

                                  Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

SHANNA E. MOLINARE
Division Chief
Law Enforcement Defense Division

/s/SETH BYRON DENNIS
SETH BYRON DENNIS
Assistant Attorney General
Attorney-in-charge
State Bar No. 00790580

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
Fax No. (512) 936-2109

**Attorneys for Defendant Dunn**

## Certificate of Service

I, Seth Byron Dennis, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Dunn's Supplemental Responses to Plaintiff's Second Set of Interrogatories** has been served by United States mail on this the 16 day of October, 2018, to:

Ralph Ferguson, Jr.
1192 Highway 27
DeRidder, LA
70634

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General

## Declaration

I declare (certify, verify, or state) under penalty of perjury that Defendant Dunn's Supplemental Responses to Plaintiff's Second Set of Interrogatories are true and correct.

Eric Dunn
October 15, 2018