**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| RALPH LYNN FERGUSON, JR., § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 1:16-cv-00272 |
| § | | |
| ERIC MARCINE DUNN, *ET AL.*, § | | |
| *Defendants*. § | | Jury |

**DEFENDANT DUNN'S REPLY TO PLAINTIFF'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT**

Trooper Eric Dunn asks the Court to dismiss Ferguson's complaint based upon his entitlement to qualified immunity.

**Statement of the Case**

Ferguson brings suit for alleged violations of his Constitutional rights pursuant to 42 U.S.C. § 1983. The Court previously dismissed all but two claims brought against Trooper Dunn [D.E. 169 & 174]. The only remaining claims against Trooper Dunn are the alleged search and seizure of Ferguson's car after his arrest [D.E. 169 & 174]. These allegations arise from a traffic stop and arrest of Ferguson by Dunn on August 5, 2014 by Dunn, a trooper for the Texas Department of Public Safety [D.E. 169]. Trooper Dunn filed a motion for summary judgment [D.E. 184], to which Ferguson filed a response [D.E. 198]. The Court has ordered Trooper Dunn to file a reply [D.E. 199].

**Brief in Support**

Trooper Dunn will address Ferguson's response to his motion for summary judgment by reference to specific paragraphs in the response.

**Plaintiff's Response Paragraphs 5-10:** Ferguson argues that because his arrest for Failure to

Identify was not an arrestable offense, Trooper Dunn was not authorized by Section 545.305(8) of the Texas Transportation Code to seize his vehicle. However, this Court has already determined that Trooper Dunn had probable cause to arrest Ferguson for failing to provide his driver's license [D.E. 169, pp. 8-9]. Therefore, Trooper Dunn was in compliance with Section 545.305(8) of the Texas Transportation Code when he seized Ferguson's vehicle.

**Plaintiff's Response Paragraphs 11-16:** Ferguson attempts to distinguish *Trent v. Wade*, 776 F.3d 368, 387 n. 13 (5th Cir. 2015), which the Court has already cited as the appropriate standard for seizure of a vehicle based upon the public caretaking exception [D.E. 169, p. 12]. In *Trent*, the court stated that "Public caretaking typically applies when the owner of the vehicle has been arrested while the vehicle is on the public streets. In that situation, the public caretaking exception to the warrant requirement allows police to impound the vehicle to protect the vehicle, its contents, and the surrounding roadways." *Id*. That is exactly the case herein. Ferguson was arrested while the vehicle was on a public street. Therefore, *Trent* applies and the seizure of the vehicle was lawful.

**Plaintiff's Response Paragraphs 17-19:** Ferguson attempts to distinguish *South Dakota v. Oppermon,* 428 U.S. 364, 368-369 (1976), which again, the Court has already cited as the appropriate standard for seizure of a vehicle based upon the public caretaking exception [D.E. 169, p. 12]. In *Opperman*, the Supreme Court stated "[t\he authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." *Id*. Again, that is the case herein. Ferguson's vehicle was on a public street and it could impede traffic or threaten public safety and convenience if it was left on the side of the road after Ferguson had been placed under arrest. Therefore, *Opperman* applies and the seizure of the vehicle was lawful.

**Plaintiff's Response Paragraph 23:** Ferguson argues that peace officers may conduct an inventory search when only when they lawfully arrest someone. As discussed previously, the arrest of Ferguson was lawful for failing to provide his driver's license. Therefore, the inventory search was lawful.

**Plaintiff's Response Paragraphs 25-26:** Ferguson apparently argues that there is a fact dispute over whether Trooper Dunn actually conducted an inventory search due to paperwork stating that no vehicle inventory was conducted in contrast to the affidavit attached to the summary judgment motion. Regardless of any paperwork, the video of the traffic stop, which is already in evidence, shows Trooper Dunn conducting a inventory search. As the Supreme Court stated in *Scott v. Harris*, 550 U.S. 372, 379 (2009), the video shows what the video shows. Therefore, regardless of any contention regarding paperwork, as the video shows Trooper Dunn conducting a inventory search, then we go with the video [See Disc 1 at 50:45-1:19:05].

**Plaintiff's Response Paragraph 29:** Lastly, Ferguson alleges that Trooper Dunn was in fact conducting a search looking for criminal activity to cover-up his statement that Ferguson would kill him. While there is no evidentiary basis for such a conclusion, Trooper Dunn's alleged evil motivation would not be relevant if he in fact conducted an inventory search, which is what is shown on the video.

## Conclusion

Trooper Dunn is entitled to qualified immunity and he asks the Court to dismiss Ferguson's complaint against him with prejudice.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

SHANNA E. MOLINARE
Chief, Law Enforcement Defense Division

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General
Attorney-in-charge
Texas State Bar No. 00790580

Law Enforcement Defense Division
OFFICE OF THE ATTORNEY GENERAL
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 370-9420

**Attorneys for Defendant Dunn**

**Notice of Electronic Filing**

I, Seth Byron Dennis, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing **Defendant Dunn's Reply to Plaintiff's Response to Motion for Summary Judgment with Brief in Support** in accordance with the Electronic Case Files System of the Eastern District of Texas, on this the 11th day of December, 2018.

/s/ Seth Byron Dennis
SETH BYRON DENNIS
Assistant Attorney General

**Certificate of Service**

I, Seth Byron Dennis, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Dunn's Reply to Plaintiff's Response to Motion for Summary Judgment with Brief in Support** has been served by means of the Eastern District of Texas's CM/ECF filing system, in accordance with the Federal Rules of Civil Procedure on this the 11th day of December, 2018, addressed to all parties of record. It has also been sent by United States mail to:

Ralph Ferguson, Jr.
1192 Highway 27
DeRidder, LA 70634

                                          /s/ Seth Byron Dennis
                                          SETH BYRON DENNIS
                                          Assistant Attorney General