UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED
EASTERN U.S. DISTRICT COURT
DISTRICT OF TEXAS
DEC 2 0 2018
BY
DEPUTY

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  1:16cv272 |
| | § | |
| ERIC MARCINE DUNN, et al | § | |
| Defendants. | § | Jury Requested |

**PLAINTIFF'S SUR-REPLY TO
DEFENDANT DUNN'S REPLY TO
PLAINTIFF'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT
Document 200**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, Ralph Lynn Ferguson, Jr., (hereafter "Plaintiff" or "Ferguson") in the above described and numbered cause, timely files this Plaintiff's Sur-Reply to Defendant Dunn's Reply to Plaintiff's Response to Motion for Summary Judgment with Brief in Support Document 200 and in support would show this Court the following:

**STATEMENT OF CASE**

1.      Plaintiff brings suit for violations of Plaintiff's Constitutional rights pursuant to 42 U.S.C. § 1983. This Court has previously dismissed all named defendants and all claims except for two claims against defendant Dunn.  These two remaining claims against defendant Dunn for unlawful seizure and unlawful search of Plaintiff's car arise from defendant Dunn who while acting under color of law as a Texas Department of Public Safety officer initiated a traffic stop of Plaintiff albeit not related to commercial use of the roads and not related to for hire use of the roads and in the course of the traffic stop arrested Plaintiff for a non-arrestable ancillary charge on August 5, 2014.

///

## ISSUES BEFORE THE COURT

2.     Whether defendant Eric Marcine Dunn (herein Dunn) violated clearly established law in seizing

and searching Plaintiff's car and thus acted outside the scope of Dunn's duties as an officer of the

DEPARTMENT OF PUBLIC SAFETY of the state of Texas (herein DPS) and therefor not entitled to

summary judgment based upon qualified immunity?

## BRIEF IN SUPPORT

**Plaintiff's sur-reply to defendant Dunn's reply in unnumbered paragraph titled**
**"Plaintiff's Response Paragraphs 5-10".**

3.     Plaintiff understands this Court's determination was a suggestion and not an order and was

based on facts that may not have been readily available to this Court until Dunn's summary judgment

motion and Plaintiff's response were filed into the record.

4.     Dunn is attempting to mislead this Court by altering Plaintiff's argument and omitting pertinent

parts of the wording of Texas Transportation Code found at Section 545.305(8), in particular "***and the***

***officer is "required" by law to take the person into custody".***

5.     Plaintiff has argued that Plaintiff was under no obligation to produce a license on demand

because Plaintiff is not entered into a contract via a "driver license" compelling Plaintiff to produce a

license on demand nor to waive Plaintiff's right not to identify.

6.     Dunn has not alleged that Dunn could have arrested Plaintiff for any mandatory arrestable

offense, Dunn chose to arrest Plaintiff and Section 545.305(8) ibid. does not authorize Dunn to seize

Plaintiff's car when the arrest is not ***"required"***.

7.     Even if Dunn would have had probable cause to arrest Plaintiff which Plaintiff adamantly

denies, the allegations Dunn did arrest for and any "could have arrested for" allegations have not been

over any alleged mandatory arrestable offense(s).  Section 545.305(8) is a limiting statute which Dunn

2

exceeded when Dunn seized Plaintiff's car without first offering Plaintiff then arrested the opportunity to have Plaintiff's own car removed from the place where Dunn directed Plaintiff to park.

**Plaintiff's sur-reply to defendant Dunn's reply in unnumbered paragraph titled "Plaintiff's Response Paragraphs 11-16".**

8.      Dunn's heavy reliance on "the Court has already cited as the appropriate standard" *Trent v. Wade, Colorado v. Bertine,* and *South Dakota v. Opperman* does not take into account that statement as a suggestion made before the summary judgment motion and Plaintiff's response that are now a part of the record.

9.      Plaintiff reads this Court's Report and Recommendation Granting Motions to Dismiss in Part D.E. 169, at page 12 differently than Dunn thus: "Accordingly, Ferguson has stated a plausible Fourth Amendment claim for unlawful seizure of his vehicle, and this claim should not be dismissed.".

10.      Dunn is again attempting to mislead this Court in light of the record by stating that *Trent v. Wade, 776 F.3d 368, 387 n. 13* (5th Cir. 2015) "That is exactly the case herein." when in fact the differences are profound as stated in Plaintiff's response to Dunn's motion for summary judgment DE 198, including at who's direction Plaintiff's car was parked in the location from which it was towed.

**Plaintiff's sur-reply to defendant Dunn's reply in unnumbered paragraph titled "Plaintiff's Response Paragraphs 17-19".**

11.      Plaintiff's sur-reply in the above paragraph applies the very same as this paragraph by Dunn.

12.      Plaintiff is not challenging authority of police to seize and remove from the streets vehicles and or cars impeding traffic or threatening public safety and convenience however Plaintiff is challenging Dunn's assertion that inapplicable case law which "may" allow seizure under certain conditions would supersede clearly established applicable statute law which limits the authority to seize.

**Plaintiff's sur-reply to defendant Dunn's reply in unnumbered paragraph titled "Plaintiff's Response Paragraph 23".**

13.     Plaintiff has made no such assertion.  From Plaintiff's Response DE 198 para. 23, "Plaintiff does not dispute that the impound must be "lawful"."  Plaintiff has shown that case law Dunn relies upon to search Plaintiff's car only applies to cars which have been lawfully seized aka impounded and Section 545.305(8) ibid clearly limits Dunn's authority to seize cars including Plaintiff's car and that Dunn exceeded that limit.

14.     Dunn states, "*As discussed previously, the arrest of Ferguson was lawful for failing to provide his driver's license.*"  Plaintiff reserves the right to contest the Court's ruling regarding this issue.

**Plaintiff's sur-reply to defendant Dunn's reply in unnumbered paragraph titled "Plaintiff's Response Paragraphs 25-26".**

15.     Defendant Dunn uses the Supreme Court case Scott v. Harris, 550 U.S. 372, 379 (2009), to express of Dunn's cruiser recording "the video shows what the video shows."  Plaintiff agrees "the video shows what the video shows" including but not limited to the following facts:

16.     Dunn using emergency flashers on Dunn's cruiser to control where Plaintiff parked @ 0:02:28.

17.     Plaintiff cooperating with Dunn's request for Plaintiff to stop Plaintiff's car @ 0:02:28.

18.     Dunn informs Plaintiff that Dunn is detaining Plaintiff [for a criminal investigation] @ 0:04:49 and @ 0:06:23 @ 0:21:20.

19.     Dunn radios Newton Sheriff Department dispatch for backup law enforcement @ 0:07:36.

20.     Dunn makes determination that Plaintiff is a "Republic of Texas Type Individual" and informs Newton Sheriff Department dispatch of same @ 0:07:55.

21.     Dunn radios Newton Sheriff Department dispatch for a wrecker to the scene where Dunn has stopped Plaintiff @ 0:14:23.

22.     Dunn's indifference to or incompetence of Texas Transportation Code Section 545.305(8) @ 0:14:23.

4

23.     Plaintiff making no verbal or physical threats or movements at any time toward anyone including law enforcement the entire time of the stop.

24.     Dunn after having arrested Plaintiff for an alleged criminal act continues Dunn's criminal investigation of Plaintiff by searching the interior of Plaintiff's car for evidence of criminal activity and or evidence for confirming Dunn's determination that Plaintiff would be a "Republic of Texas Type Individual". From @ 0;52;30 through to @ 1:10:12

25.     Dunn documenting the personal effects in Plaintiff's car for the purpose of profiling Plaintiff as a "Republic of Texas Type Individual", not conducting an inventory search @ 0:52:30  to @ 1:10:12.

26.     Dunn receiving a telephone call from named defendant Steve Holloway (dismissed) and acting as Dunn's supervisor with the DPS, asking if Dunn had found the thing(s) in Plaintiff's car that the two of them Dunn and Holloway had discussed in a previous telephone call about Plaintiff @ 1:02:50.

27.     Dunn having not found any evidence of criminal activity and or evidence of confirming Dunn's determination that Plaintiff would be a "Republic of Texas Type Individual" in the interior of Plaintiff's car then searches Plaintiff's car's engine compartment for evidence of criminal activity and or evidence that Plaintiff would be a "Republic of Texas Type Individual" @ 1:09:20.  See Plaintiff's Exhibit 1 Defendant Dunn's Response to Plaintiff's Second Request for Admissions Response to Request 25, attached hereto.  By Dunn's own admission the search of a car's engine compartment is not part of an inventory search.

28.     Dunn searching nearly every inch of Plaintiff's car however, in Dunn's response to Interrogatory 7, see Plaintiff's Exhibit 2 Defendant Dunn's Supplemental Responses to Plaintiff's Second Set of Interrogatories attached to Plaintiff's response DE 198, Dunn states "Only items readily visible were either audibly noted or documented." in regards to what was searched however this is clearly not true.

29.     Therefor "the video shows what the video shows" which is Dunn was not conducting an

5

inventory search and Dunn exceeded the limits of Section 545.305(8) ibid.

**Plaintiff's sur-reply to defendant Dunn's reply in unnumbered paragraph titled "Plaintiff's Response Paragraph 29".**

30.     Dunn is misrepresenting Plaintiff's response in Plaintiff's DE 198.  Dunn's reasoning for seizing Plaintiff's car was not to "cover-up" as Dunn misrepresents but to justify Dunn's suspicion(s), determination(s) and or mere statement(s) that Plaintiff would kill Dunn and or that Plaintiff was a "Republic of Texas Type Individual".

31.     *South Dakota v. Opperman, 428 U.S. 364 (1976)* at Footnote 5 "The probable-cause approach is unhelpful when analysis centers upon the reasonableness of routine administrative caretaking functions, **particularly when no claim is made that the protective procedures are a subterfuge for criminal investigations**.  (emphasis added)  Plaintiff does claim that Dunn did search for evidence of criminal activity and the claim is supported by the evidence on the record.

32.     It is reasonable to infer from the fact that Dunn determined that Plaintiff was a Republic of Texas Type Individual, the fact the Dunn exceeded the limits of 545.305, the fact that Dunn informed his supervisor that he had not found in Plaintiff's car what Dunn and the supervisor had previously discussed and the fact that Dunn searched Plaintiff's car's engine compartment after not finding the thing Dunn was looking for in the interior of Plaintiff's car and doing so as the video shows without so much as a second thought that Dunn intended to search Plaintiff's car for evidence of criminal activity from the moment that Dunn determined that Plaintiff was a Republic of Texas Type Individual.

33.     Dunn seized Plaintiff's car in violation of clearly established law.  Because Dunn did not lawfully posses Plaintiff's car any search of Plaintiff's car by Dunn was also a violation of Plaintiff's rights.  Also, the search itself that Dunn conducted of Plaintiff's car was not performed to standard inventory search procedures and thus the search was not a standard inventory search.

## CONCLUSION

Defendant Dunn's motion for summary judgment should be denied as a matter of law and significant fact issues remain.

Respectfully submitted,

By: _Ralph Lynn Ferguson Jr._
Ralph Lynn Ferguson, Jr. Pro se
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
Phone:   337.462.2615
Fax:      337.462.0541

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  1:16cv272 |
| | § | |
| ERIC MARCINE DUNN, et al | § | |
| Defendants. | § | Jury Requested |

## PLAINTIFF'S SUR-REPLY TO
## DEFENDANT DUNN'S REPLY TO
## PLAINTIFF'S RESPONSE TO
## MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT
## Document 200

### EXHIBIT 1

**Defendant Dunn's Response to Plaintiff's Second Request for Admissions
Response to Request 25.**

Plaintiff.

**Response**: Object as not relevant to the remaining claims.

**Request 21**: Admit or deny that on August 5, 2014, during your initiated encounter against Plaintiff your believed that Plaintiff was either going to shot you or going to attempt to shot you.

**Response**: Object as not relevant to the remaining claims.

**Request 22**: Admit or deny that on August 5, 2014, during your initiated encounter against Plaintiff you called for backup because you feared for your life.

**Response**: Object as not relevant to the remaining claims.

**Request 23**: Admit or deny that on August 5, 2014, during your initiated encounter against Plaintiff you feared for your life because you decided that Plaintiff was a "Republic of Texas Type Individual."

**Response**: Object as not relevant to the remaining claims.

**Request 24**: Admit or deny that on August 5, 2014, you called for traffic control before your warrant-less arrest of Plaintiff for an alleged violation of Penal Code 38.02 Failure to Idntify.

**Response**: Object as not relevant to the remaining claims.

**Request 25**: Admit or deny that it is not standard procedure to inventory a car's engine compartment.

**Response**:     Admit.

**Request 26**: Admit or deny that prior to actually arresting Plaintiff on August 5, 2014, you had no legal authority to demand Plaintiff exit his car.

**Response**: Object as not relevant to the remaining claims.

**Request 27**: Admit or deny that you were in fear for your life and that you feared Plaintiff had a lethal weapon that you feared could and would have been used against you.

**Response**: Object as not relevant to the remaining claims.

## CERTIFICATE OF SERVICE

I certify that on December 20, 2018, a copy of Plaintiff's Sur-Reply to Defendant Dunn's Reply to Plaintiff's Response to Motion for Summary Judgment with Brief in Support Document 200 was served on the following via USPS.

Seth Byron Dennis
Attorney General's Office
PO Box 12548
Capitol Station
Austin, TX 78711

Ralph Lynn Ferguson, Jr.