IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| RALPH LYNN FERGUSON JR.,<br><br>    Plaintiff,<br>vs.<br><br>ERIC MARCINE DUNN, CHARLES WILLIS, JOSH BECKMAN, BRANDON THURMAN, TIMOTHY WAYNE CORKERN, STEVE HOLLOWAY, PARVIN BUTLER, ANGIE BROWN, PETE PATRICK, GWEN KELLY, LINDA PITTS, ASHLEY MORROW, J KEITH STANLEY,<br><br>    Defendants. | No.1:16-CV-00272-MAC |

**REPORT AND RECOMMENDATION DENYING
MOTION FOR RECONSIDERATION**

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and is referred to the undersigned for pretrial management. Pending before the court is Plaintiff Ralph Lynn Ferguson Jr.'s (Ferguson) "Motion for Instructions" (Doc. No. 209) and "Motion to Amend Final Judgment." Doc. No. 210. On March 12, 2019, Defendant Eric Marcine Dunn (Dunn) filed a response. Doc. No. 211. After reviewing the applicable motions and response, the undersigned recommends denying Ferguson's motion to amend the final judgment because he has not shown sufficient grounds to amend the judgment.

### I.   BACKGROUND

On August 5, 2014, Ferguson was driving in Newton County, Texas, when he was stopped by Dunn, a Texas Department of Public Safety (DPS) Trooper, for allegedly failing to wear a seatbelt properly. Doc. No. 123 at 5. Despite Dunn's request to do so, Ferguson did not identify

himself or produce his driver's license during the stop. *Id*. at 9. Dunn radioed for the aid of other officers, and eventually Dunn broke the window on Ferguson's vehicle and arrested Ferguson. *Id*. Ferguson's vehicle was searched, seized, and towed. *Id*. at 11. Ferguson was transported to the Newton County Jail, and he posted bond the following day. *Id*. The grand jury declined to indict Ferguson on a felony charge, and eventually the district attorney dismissed the only remaining misdemeanor charge. *Id*. at 15. In connection with these events, Ferguson brought various federal and state law claims against five DPS Troopers (including Dunn), one Newton City Police Officer, one court-appointed defense attorney, two jailers, two judges, one clerk of court, two district attorneys, and three employees of the tow truck company. *See generally* Doc. No. 1 (original complaint); *see also* Doc. No. 123 (operative complaint).

On June 1, 2018, the court dismissed all of the claims against the various Defendants except for the two claims brought against Dunn for allegedly violating Ferguson's Constitutional rights, pursuant to 42 U.S.C. § 1983. *See* Doc. No. 174 at 2–3. Therefore, the only remaining claims in the suit were Ferguson's Fourth Amendment unlawful seizure and Fourth Amendment unlawful search claims against Dunn. *See Id.* at 3. In response to Ferguson's claims, Dunn moved for summary judgment and asserted the defense of qualified immunity. Doc. No. 184 at 2.

On January 10, 2019, the undersigned entered a report recommending granting Dunn's motion for summary judgment on the remaining claims. Doc. No. 202. Ferguson objected to the report (Doc. No. 205), but the District Judge subsequently adopted the report in its entirety and entered a final judgment. Doc. Nos. 207, 208.

## II.     DISCUSSION

Because Ferguson filed this motion within twenty-eight days of entry of the final judgment, the undersigned construes the pending motion as a "Motion to Alter or Amend Judgment" under

FED. R. CIV. P. 59(e).[1]  A Rule 59(e) motion to alter or amend a judgment "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Merritt Hawkins & Associates, L.L.C. v. Gresham*, 861 F.3d 143, 157 (5th Cir. 2017) (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).  It "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id*. (internal citations omitted).  "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id*. (citing *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

In his motion, Ferguson alleges that the court misapprehended nine facts in determining the prior motion for summary judgment.  Doc. No. 210 at 4–8.  However, as Dunn points out, the motion "is nothing more than his disagreement with the Court's assessment of the evidence and the law."  Doc. No. 211 at 2.  No new evidence has been presented and Ferguson has not shown that a manifest error of law or fact occurred.  He simply continues to object to the court's findings.  Therefore, the undersigned recommends denying the motion to amend the final judgment because Ferguson has failed to present either a manifest error of law or fact or present newly discovered evidence.

### III.   RECOMMENDATION

The undersigned recommends **DENYING** Ferguson's "Motion to Amend Final Judgment" Doc. No. 210.

The undersigned also recommend **DENYING as Moot** Ferguson's "Ex Parte Notice and Motion for Instructions."  Doc. No. 209.

---

[1] Ferguson requests instruction on the operative dates of the order adopting the R&R and final judgment because the documents were signed on February 1, 2019, but not entered until February 5, 2019.  Doc. No. 209.  Because notice was not given until February 5, Ferguson should use the date of entry for all purposes.

## IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen days after being served with a copy of this report, and (4) be no more than eight pages in length. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2); LOCAL RULE CV-72(c). A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 29th day of March, 2019.

Zack Hawthorn
United States Magistrate Judge