UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Ralph Lynn Ferguson, Jr, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:16cv272 |
| | § | |
| ERIC MARCINE DUNN, et al | § | |
| Defendants. | § | Jury Requested |

### PLAINTIFF'S SPECIFIC OBJECTIONS TO REPORT AND RECOMMENDATION DENYING MOTION FOR RECONSIDERATION DOCUMENT 212

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, Ralph Lynn Ferguson, Jr., (hereafter "Plaintiff" or "Ferguson") in the above described and numbered cause, and files this his timely Plaintiff's Specific Objections to Report and Recommendation Denying Motion for Reconsideration DE 212 pursuant to F.R.C.P. and DE 215 Order granting Plaintiff leave of court to file these objections. The District Judge should reject the Magistrate Judge's Report and Recommendation Denying Motion for Reconsideration DE 212 (herein "Report and Recommendation").

### I. OBJECTIONS TO BACKGROUND

Plaintiff makes numerous objection to the Magistrate Judge's "Background" information.

Dunn did "request" Plaintiff identify himself, Dunn had no legal authority to make such request of Plaintiff. If Dunn's arrest of Plaintiff for failure to identify was unlawful as admitted by Dunn in *DEFENDANT DUNN'S SECOND MOTION TO DISMISS & BRIEF IN SUPPORT* DE 110 page 3 et seq, when stating that there were no grounds to make the arrest of Plaintiff based on Dunn's sworn criminal complaint, as a matter of course there can be no reason to ask for same.

Magistrate Judge states that Plaintiff did not "*produce his driver's license*". There has been no

fact(s) or evidence introduced into the case to suggest that Plaintiff had a **DRIVER LICENSE** to produce.

*"The grand jury declined to indict Ferguson on a felony charge, and eventually the district attorney dismissed the only remaining misdemeanor charge."* This is because there was no criminal act expressed in Dunn's verified criminal complaint of Plaintiff yet Hilton and Ponthier both named defendants pursued criminal prosecution.

The Court is making the presumption that Plaintiff had a DRIVER LICENSE to produce on demand merely because the defendant says so. The defendants have not proven that Plaintiff had a DRIVER LICENSE to produce which would be easy enough for them to prove if true because they have ready access to that information.

Also, the license clause for those engaged in transportation is not found in Subtitle C of the Trans. Code and is therefor not an arrestable offense under the Trans. Code. Defendants have not proven or introduced any evidence or facts that Plaintiff had a license to PRODUCE ON DEMAND nor does the Trans. Code state that failure to actually PRODUCE A LICENSE ON DEMAND if the individual actually had a license is an arrestable offense. All arrestable Trans. Code offenses are found in Subtitle C Sections 541 to 600.

## II. OBJECTIONS TO REPORT AND RECOMMENDATION

Magistrate states *"Therefore, the undersigned recommends denying the motion to amend the final judgment because Ferguson has failed to present either a manifest error of law or fact or present newly discovered evidence."* Plaintiff is concerned that the Court is misapprehending Plaintiff's facts and Texas Transportation Code § 545.305 and the care-taking exception cases which do not apply to this case.

To allow Dunn the public care-taking except to seize Plaintiff's car is a *"**manifest error of law**"*

2

which ignores the intent of Texas Transportation Code § 545.305, which instructs officers in this exact scenario as this case where the arrest is not mandatory. Section 545.305 is clear as to who it applies and when it applies.

*Magistrate* Judge uses "*Opperman, 428 U.S. at 368; United States v. McKinnon, 681 F.3d 203, 209–10 (5thCir. 2012) (finding that a police officer's decision to impound a vehicle was reasonable under theFourth Amendment where the vehicle was parked in a public place and could have become a nuisance,* **and the vehicle could not be lawfully driven away from the scene**)." (emphasis added) Does Opperman et al bar any other method of removal such as the present case where Plaintiff would have used his towing service? If so, the case(s) are clearly not applicable to the present case and would most likely be un-Constitutionally ambiguous and vague regarding removal methods.

There has been no assertion by defendant that Plaintiff's car "*could not be lawfully driven away from the scene*" nor has there been an assertion by defendant that Plaintiff's car could not have been legally towed at Plaintiff's request because Dunn did not provide Plaintiff the opportunity to remove his own car before Dunn seized the car.

Also, Dunn's cruiser recording attached to Plaintiff's Second Amended Complaint and incorporated into Plaintiff's Fifth Amended Complaint DE 123 as Exhibit 6 clearly shows that Dunn called for the towing service prior to Dunn knowing that Plaintiff was in fact traveling alone. This fact of calling for a wrecker to tow Plaintiff's car prior to the determination that Plaintiff was traveling alone shows that Dunn's motive was anything but the care-taking exception and in fact shows that Dunn had the goal of searching Plaintiff's car for evidence of criminal activity or in the very least evidence that Plaintiff was a Republic of Texas Type Individual.

The Court's previously dismissal of Plaintiff's claim of aggravated perjury, see REPORT AND RECOMMENDATION GRANTING MOTION TO DISMISS IN PART AND DENYING IN PART

DE 61 page 12, adopted by District Judge Order DE 78 to which defendant Dunn a short time later did nothing less than admit to the aggravated perjury in DEFENDANT DUNN'S SECOND MOTION TO DISMISS & BRIEF IN SUPPORT DE 110 page 3 et seq, when stating that there were no grounds to make the arrest of Plaintiff based on Dunn's sworn criminal complaint.

Plaintiff is informing the Court that Dunn is not a credible witness and all the evidence supports this assertion. Dunn states that Dunn seized Plaintiff's car as an act of public care-taking however, this is not true. Dunn has already perjured himself in his criminal complaint against Plaintiff, see above. And, for Dunn to seize Plaintiff's car without first allowing Plaintiff the opportunity to remove his own car is a violation of the Texas Transportation Code.

Dunn did not make a mistake in the law when arresting Plaintiff for a non-arrestable ancillary charge. Dunn's act of arresting for a non-arrestable ancillary charge is either incompetence or indifference to the laws Dunn made an oath to uphold.

The Court is refusing to or failing to **DRAW ALL INFERENCES IN FAVOR OF PLAINTIFF** as instructed by legal standard. Dunn has demonstrated incompetence in the law in arresting Plaintiff for violating a law that can only be violated if the person is arrested meaning that for the charge of failure to identify to be made a lawful arrest must have ALREADY been made. This is no mere mistake in law and to then allow Dunn the benefit of all inferences is rewarding bad behavior and promoting law enforcement's indifference to the rule of law.

The inference to be draw from Dunn's arrest of Plaintiff for failure to identify is incompetence or indifference to the law. And the inference from Dunn's incompetence or indifference to the rule of law is that Dunn wanted to search Plaintiff's car for evidence of criminal activity and ignored Texas Transportation Code § 545.305 because that rule stood in the way of Dunn making a lawful search. What this Court is doing is side stepping clearly written statute law in favor of case law.

Plaintiff recognizes the error the Court has made in dismissing Plaintiff's perjury claim against Dunn and believes the same is happening with the Court's replacing Texas Transportation Code § 545.305 with the care-taking exception in this case.

While Plaintiff believes all of his claims are well founded the state claims against Dunn are a prime example of the Court's misapprehension of Plaintiff's claims because after those claims were dismissed defense admitted to the viability of those claims. Plaintiff believes his claims of unlawful seizure and search of Plaintiff's car are no different than his other claims and ask this Court to exam the facts and evidence in a light most favorable to Plaintiff as the legal standard commands.

Plaintiff was not and is not engaged in commercial or for hire use of the roads nor is failure to produce a license on demand for those actually possessing a license an arrestable offense.

Magistrate Judge states in reference to Plaintiff; *"He simply continues to object to the court's findings."* This is because it is a ***manifest error of law and fact*** to ignore the fact that Dunn has shown ample evidence of incompetence and or indifference to the rule of law, is not a credible witness and Plaintiff is attempting to bring to the attention of the Court that the Court is not **DRAWING ALL INFERENCES IN FAVOR OF PLAINTIFF.**

///
///
///
///
///
///
///
///

## CONCLUSION

The Court should accept Plaintiff's inferences in favor of Plaintiff and amend the Judgment accordingly reflecting Dunn's incompetence as a fact witness and that Dunn had an ulterior motive in searching Plaintiff's car as evidenced by Dunn's cruiser recording when Dunn radioed for a wrecker to seize Plaintiff's car prior to Dunn knowing whether or not Plaintiff was the only individual in Plaintiff's car.

                                           Respectfully submitted,

By: *Ralph Lynn Ferguson Jr.*
Ralph Lynn Ferguson, Jr. Pro se
1192 Highway 27
DeRidder, Louisiana 70634
ralphsemail@hushmail.com
Phone: 337.462.2615
Fax:    337.462.0541

## CERTIFICATE OF SERVICE

I certify that on May 28, 2019, a copy of Plaintiff's Specific Objections to Report and Recommendation Denying Motion for Reconsideration DE 212 was served on the following via USPS.

Seth Byron Dennis
Attorney General's Office
PO Box 12548
Capitol Station
Austin, TX 78711

*Ralph Lynn Ferguson Jr.*
Ralph Lynn Ferguson, Jr.